IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ASERDA ALHERBI | § <br> § <br> § |
| vs. | § <br> § |
| PACCAR FINANCIAL CORP. d/b/a <br> PACCAR LEASING COMPANY, <br> JACKSON TRANSPORTATION <br> SERVICES, INC., HYUNDAI MOTOR <br> AMERICA, AND JUAN MERCADO | §    CIVIL ACTION NO. _____ <br> § <br> § <br> § <br> § |

## HYUNDAI TRANSLEAD'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant Hyundai Translead, a defendant in Cause No. 017-323588-21, *Aserda v. PACCAR Financial Corp. d/b/a PACCAR Leasing Co., et al.*, originally pending in Texas state district court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and without waiving any of its defenses, hereby gives notice of removal of this case from the 17th Judicial District Court, Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division. Defendant Hyundai's grounds for removal are as follows:

I.     INTRODUCTION

In her First Amended Original Petition, Plaintiff Aserda Aherbi alleges that, on September 1, 2020, she was on East Hwy. 114 and her car "contacted with—and went underneath—the side of a 2016 Peterbilt 18-wheeler driven by Defendant Juan Mercado." Exhibit D #19. According to the certified Crash Report, Plaintiff lost control on the wet road and hit a guardrail. She then "began to fishtail and struck [the 18-wheeler]." Exhibits G and D #19.

Plaintiff does not allege Defendant Mercado or the 18-wheeler caused the accident in any way. Instead, Plaintiff claims the trailer she went underneath did not have a side underride guard, which Plaintiff asserts is a safety feature that would have prevented or decreased the severity of injuries sustained in the crash.[1] Plaintiff claims the trailer was in a "defective and unreasonably dangerous condition," which Plaintiff pleads is the lack of a side underride guard. Exhibit D #19. Plaintiff is seeking actual and exemplary damages on the following theories: negligence and negligence per se based upon 49 C.F.R. § 396.3, gross negligence, and strict product liability.

## II.   TIMING OF REMOVAL

Defendant Hyundai Translead was added as a party through Plaintiff's First Amended Original Petition and was served on or about August 6, 2021. This Notice of Removal is timely filed within thirty (30) days of service, pursuant to 28 U.S.C. § 1446(b)(l).

## III.   VENUE

This Court occupies the district and division in which Plaintiff's lawsuit was filed. Therefore, venue is proper pursuant to 28 U.S.C. § 1446(a).

## IV.   BASIS FOR REMOVAL

Plaintiff Aserda Alherbi is a Texas citizen.[2] There is complete diversity between the Plaintiff and the properly-joined defendants, because no properly-joined defendant is a citizen of Texas. Moreover, Plaintiff affirmatively pleads the amount in controversy exceeds $75,000. Exhibit D #19, at page 2. *See* 28 U.S.C. § 1332(a)(1), 1441(b).

---

[1] *See* Plaintiff's First Amended Petition, which is attached hereto as Exhibit D #19.

[2] *See* Exhibit D #19, at page 1

Plaintiff brought suit in the 17th Judicial District Court against the following parties:[3]

- Defendant PACCAR Financial Corp. d/b/a PACCAR Leasing Company ("PACCAR"), which is a Washington corporation, has its principal place of business in Washington, and thus is a Washington citizen. Plaintiff asserts PACCAR owned and/or leased the 18-wheeler. PACCAR has been improperly joined.

- Jackson Transportation Services, Inc. ("Jackson"), which, according to publicly-available documents, is a Texas corporation with its principal place of business in Texas. Plaintiff claims Jackson either owned or leased the tractor and trailer. Jackson has been improperly joined.

- Juan Mercado ("Mercado") is a Texas citizen,[4] but he has been improperly joined. Plaintiff's only allegation against Mercado is that he was driving the tractor-trailer at the time of the accident

- Hyundai Motor America ("HMA") is a California corporation with its principal place of business in California. Plaintiff non-suited HMA on July 16, 2021;[5] and

- Hyundai Translead is a California corporation with its principal place of business in California and is the entity Plaintiff alleges "designed, tested, assembled, manufactured, supplied, marketed, promoted, sold, distributed, and put into the stream of commerce the trailer in a defective and unreasonably dangerous condition...". See Exhibit E.

Plaintiff and Defendants PACCAR and Hyundai Translead are citizens of different states and were of different states at the time suit was filed. Plaintiff pleads for damages in excess of $1,000,000.[6] Consequently, this Court would have had original jurisdiction of this case under 28 U.S.C. § 1332(a)(1). Thus, the case is removable. *See*

---

[3] Plaintiff did not plead the citizenship of any defendant other than Juan Mercado; rather, Plaintiff simply stated each defendant "did business in Texas," which is not the test for removability or subject-matter jurisdiction.

[4] *See* Exhibit D #19, at page 2.

[5] *See* Exhibit D #24.

[6] *See* Exhibit D #19, at page 2.

28 U.S.C. § 1441(a) (generally, if state court case could have been brought originally in federal court, case is removeable). No properly-joined defendant is a citizen of Texas. *See* 28 U.S.C. § 1441(b)(2).

## V. ALL DEFENDANTS CONSENT TO REMOVAL

All defendants who have been properly joined and served at the time of removal must join in the notice of removal or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). All defendants who are still party to this suit have consented to removal by Hyundai Translead.[7]

## VI. DEFENDANTS JACKSON AND MERCADO ARE IMPROPERLY JOINED AND THUS THEIR CITIZENSHIP SHOULD BE DISREGARDED

It is well-settled that a plaintiff cannot destroy diversity by improperly or fraudulently joining a non-diverse defendant. *See Hart v. Bayer*, 199 F.3d 239, 243 (5th Cir. 2000). In this case, Defendants Jackson Transportation Services and Juan Mercado are improperly joined. As a result, the citizenship of those defendants must be disregarded when determining whether diversity is present. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249-50 (5th Cir. 2011).

### A. The Test Used to Determine if a Defendant Is Improperly Joined

In *Smallwood v. Ill. Cent. R.R. Co.*,[8] the Fifth Circuit sitting *en banc* explained how federal courts should analyze and decide whether a non-diverse defendant has been improperly joined:

> . . . we have recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." [footnote omitted] . . . [W]e explained in *Travis v. Irby* [footnote omitted] that the test for fraudulent joinder is whether the defendant has demonstrated that there is no

---

[7] See Exhibit H.

[8] 385 F.3d 568 (5th Cir. 2004), *cert. denied* 544 U.S. 992 (2005).

> possibility of recovery by the plaintiff against an in-state defendant, which stated differently ***means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.*** To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not. [footnote omitted]

*Id.* at 573 (emphasis added); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (reaffirming the *Smallwood* holding and reasoning). In analyzing whether a non-diverse defendant has been improperly joined, this Court must conduct a Federal Rule of Civil Procedure 12(b)(6) analysis using federal court pleading rules. *See Waste Mgmt. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020). "To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy*, 818 F.3d at 200. Plaintiff's First Amended Original Petition fails this test with respect to Jackson and Mercado.

### B.    Plaintiff's Suit Is a "Product Liability Action"

Plaintiff's live petition does not contend the trailer deviated from its intended design, nor do they contend the trailer itself violated any local, state, or federal rule or regulation applicable to the trailer. All of the theories Plaintiff asserts are based on the lack of a side underride guard at the time of manufacture, which Plaintiff claims made the trailer unsafe, uncrashworthy, dangerous and defective.[9] Plaintiff also pleads the alleged defective condition of the trailer caused the injuries for which she seeks damages. Exhibit D #19. Plaintiff thus has alleged a "product liability action."[10] In other words, Plaintiff asserts the trailer Mercado was driving was

---

[9] Exhibit D #19.

[10] *See* Tex. Civ. Prac. & Rem. Code § 82.001(2) (defining "products liability action" as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damages allegedly caused by a defective product" regardless of the theory asserted).

*Hyundai Translead's Notice of Removal*
5802-347 / doc # 670784

defective, because it should have been designed to be safer to collide with. Plaintiff also claims that Defendant "Hyundai Translead designed, tested, assembled, manufactured, supplied, marketed, promoted, sold, distributed, and put into the stream of commerce the trailer in a defective and unreasonably dangerous condition[.]"

As to Mercado and Jackson, Plaintiff does not allege they manufactured or designed the trailer; rather, Plaintiff only claims they "subsequently allowed it to operate on the road in that manner[,]" i.e., without side underride guards. The theory being advanced against Jackson and Mercado is that they simply let an allegedly defective trailer to drive down the road.

### C. Jackson and Mercado Are Improperly Joined

"[T]he existence of a legally cognizable duty is a prerequisite to all tort liability." *Brown Forman Corp. v. Brune*, 893 S.W.2d 640, 644 (Tex. App.—Corpus Christi 1994, writ denied). This rule applies regardless of the theory – strict product liability, negligence or warranty – being asserted.[11] *See id.* Duty is a question of law for the Court to determine. *See Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex. 2003). By statute, the Texas duty to provide a non-defective product generally is owed by the manufacturer, rather than a non-manufacturing seller. *See* Tex. Civ. Prac. & Rem. Code § 82.003. Moreover, whether a product is defective is measured at the time it leaves the hands of the manufacturer, not at the time of the accident.[12]

---

[11] The Texas legislature has done away with the various doctrinal theories used to assert product liability claims. *See* Tex. Civ. Prac. & Rem. Code § 82.001(2) (defining "products liability actions" "as any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damages allegedly caused by a defective product" regardless of the theory asserted).

[12] *See Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648, 650–652 (Tex. 1977) (defect must exist at time product left the hands of the defendant who designed and manufactured it); *cf. Walker v. Thomasson Lumber Co.*, 203 S.W.3d 470 (Tex. App.—Houston [14th Dist.] 2006, no

Plaintiff does not allege negligence on the part of Jackson or Mercado caused the accident. Plaintiff alleges instead Jackson and Mercado were negligent and grossly negligent, because Mercado was driving the Hyundai Translead trailer without a side underride guard. Plaintiff also alleges negligence, gross negligence, and negligence per se against all defendants based upon 49 C.F.R. § 396.3, which states in pertinent part:

> **§ 396.3 Inspection, repair, and maintenance.**
>
> (a) **General.** *Every motor carrier and intermodal equipment provider* must systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles and intermodal equipment subject to its control.
>
> (1) Parts and accessories shall be in safe and proper operating condition at all times. These include those specified in part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axles and attaching parts, wheels and rims, and steering systems. . . .

(emphasis added). The only parties to which section 393.3(a) could apply in this case are Jackson and Mercado. Even so, that regulation is not an appropriate basis for a negligence per se claim under Texas law. *See Omega Contr., Inc. v. Torres*, 191 S.W.3d 828, 842-43 (Tex. App.—Fort Worth 2006, no pet.) (holding that § 396.3(a) incorporates the ordinarily prudent person standard and thus "negligence per se" does not apply).

---

pet.) (utility pole worker who fell while climbing a utility pole failed to establish that pole was defective when it left the plant); *Clay v. AIG Aero. Ins. Servs.*, 488 S.W.3d 402 (Tex. App.—Texarkana 2016, no pet.) (stating rule).

Moreover, § 396.3 expressly applies to "parts and accessories" actually on the truck, including those specified in Part 393. Plaintiffs do not claim that any part or accessory actually on the trailer or required by Part 393 was not in "a safe and proper operating condition." No provision of Part 393 requires a side underride guard. Section 396.3 does not place a duty upon a motor carrier or its employees to inspect for or put a side underride guard on the trailer in question.

Section 393.86 references ***rear*** impact guards and ***rear-end*** protection. The trailer at issue was originally equipped with a rear impact guard and rear-end protection, and there is no allegation the Plaintiff's vehicle struck any portion of the rear of the subject trailer. *See* Exhibit G. Plaintiff does not complain, however, about the rear impact guard or rear-end protection; rather, she complains only about the lack of side underride guards.

Plaintiff contends the trailer was defectively designed because the absence of a side underride guard allowed Plaintiff's vehicle to go underneath the trailer, which, according to Plaintiff's live petition, caused the injuries of which Plaintiff complains. In other words, Plaintiff is attempting to bring a crashworthiness case, but the defect she alleges is not in the vehicle in which she was riding. Instead, Plaintiff claims the defect is in the vehicle her car hit. Under Texas law, the crashworthiness doctrine does not apply in this case because Plaintiff was not using or in the vehicle she alleges is defective.

The crashworthiness doctrine can be traced to *Larsen v. General Motors Corp.*, 391 F.2d 495 (8th Cir. 1968), which applied Michigan law. In *Larsen*, the plaintiff was driving a Corvair when it was involved in a head-on collision that "caused a severe rearward thrust of the [Corvair's] steering mechanism into the plaintiff's head." *Id.* at 496-97. It was undisputed that the alleged defect in the steering

mechanism did not cause the accident. *See id.* at 497. In rejecting the car manufacturer's argument that it had no duty to design a car to be safer in a collision, the court explained:

> The manufacturer's duty to use reasonable care in the design and manufacture of a product to minimize injuries to its users and not to subject its users to an unreasonable risk of injury in the event of a collision or impact should be recognized by the courts. The manufacturers themselves have, in various public utterances in discussing automotive safety, expressed their concern for making safer vehicles. [footnote omitted] And General Motors admits the foreseeability of accidents which are matters of public and common knowledge over a long period of time. [footnote omitted] Legal acceptance or imposition of this duty would go far in protecting the user from unreasonable risks. The normal risk of driving must be accepted by the user but there is no need to further penalize the user by subjecting him to an unreasonable risk of injury due to negligence in design. [footnote omitted]

*Id.* at 504-05. Thus, the duty of a vehicle manufacturer to design its product to avoid unreasonable risk of injury during a collision runs to the user of the vehicle in question.

Texas law has adopted the *Larsen* view of the manufacturer's duty in a crashworthiness case as running to the occupants of the manufacturer's vehicle: "[I]n a crashworthiness case, the claim is that a defect in the vehicle caused an occupant to sustain injuries in an accident that he or she would not otherwise have suffered." *Ford Motor Co. v. Miles*, 141 S.W.3d 309, 317 (Tex. App.—Dallas 2004, pet. denied). Plaintiff was not an occupant of the trailer.

Cars, SUVs, pickups, and tractor-trailer combinations vary significantly in size, shape, weight, and stiffness, based on the use to which they will be put. Plaintiff does not and cannot explain how a manufacturer is supposed to design a trailer that would be safe for any and all vehicles to crash into. *See De Veer v. Land Rover*, No. B141538, 2001 WL 34354946, at *5 (Cal. App. Aug. 14, 2001) (not published)

(rejecting argument that vehicle into which plaintiff crashed was defective because it was not crash compatible with the vehicle in which plaintiff was riding). Under Texas law, a vehicle manufacturer's duty does not extend that far.

For all of the reasons explained above, there is no reasonable basis for this Court to predict that Plaintiff could recover against Jackson or Mercado under any of the theories she has asserted. There is complete diversity between Plaintiff and the remaining defendants and the amount in controversy exceeds $75,000. The case is thus removable to this Court.

## VII. JURY DEMAND

A jury demand has been filed in the State Court action.[13]

## VIII. DOCUMENTS FILED CONTEMPORANEOUSLY WITH OR ATTACHED TO THIS NOTICE OF REMOVAL

Pursuant to Local Rule 81.1, Hyundai Translead is contemporaneously filing the following documents with the Clerk: (1) a completed civil cover sheet; and (2) a supplemental civil cover sheet. Attached to this Notice of Removal are the following:

**Exhibit A**   Civil Cover Sheet

**Exhibit B**   Index of State Court Documents

**Exhibit C**   State Court Docket Sheet

**Exhibit D**   Each Document Filed in the State Court Action [separately numbered and filed using the following designation:
D-#.1 – Plaintiff's Original Petition.
D-#.2 – Request for Service – PACCAR Financial Corp.
D-#.3 – Request for E-Issuance – Juan Mercado.
D-#.4 – Request for Service-Jackson Transportation Services, Inc.
D-#.5 – Request for Service – Hyundai Motor America.
D-#.6 – Return of Service on Juan Mercado.
D-#.7 – Defendant Jackson Transportation Services, Inc. and Juan Mercado's Original Answer and Request for Disclosure.
D-#.8 – Defendant Jackson Transportation Services, Inc. and Juan Mercado's Request for Jury Trial.

---

[13] *See* Exhibit D #1, at page 5.

D-#.9 – Defendant PACCAR Financial Corp. D/B/A PACCAR Leasing Company's Original Answer and Request for Disclosure.

D-#.10 – Plaintiff's Motion for Default Judgment Against Defendant Hyundai Motor America.

D-#.11 – Plaintiff's Proposed Order on Motion for Default Judgment.

D-#.12 – Plaintiff's Notice of Hearing on Plaintiff's Motion for Default Judgment.

D-#.13 – Letter to Court Clerk with Brett Timmons correct email address.

D-#.14 – Letter from David Montpas to Court Clerk requesting copy of case sheet.

D-#.15 – Hyundai Motor America's Answer to Plaintiff's Original Petition.

D-#.16 – Defendants' Proposed Scheduling Order.

D-#.17 – Plaintiff's Proposed Scheduling Order.

D-#.18 – Defendant PACCAR Financial Corp., Jackson Transportation Services, Inc., and Juan Mercado's Special Exceptions to Plaintiff's Original Petition.

D-#.19 – Plaintiff's First Amended Petition.

D-#.20 – Defendant PACCAR Financial Corp., Jackson Transportation Services, Inc., and Juan Mercado's Special Exceptions to Plaintiff's Amended Petition.

D-#.21 – Request for Issuance of Citation to Hyundai Translead.

D-#.22 – Notice of Hearing on Defendant's Special Exception to Plaintiff's Amended Petition.

D-#.23 – Notice of Appearance of Additional Counsel and Change of Lead Counsel for Defendant, Hyundai Motor America.

D-#.24 – Plaintiff's Notice of Nonsuit Without Prejudice as to Hyundai Motor America.

D-#.25 – Plaintiff's Response to Defendants Special Exceptions.

D-#.26 – Proposed Order Denying Defendants' Special Exceptions.

D-#.27 – Defendants' Order Granting Motion for Summary Judgment.

D-#.28 – Defendant PACCAR Financial Corp., Jackson Transportation Services, Inc., and Juan Mercado's Motion for Summary Judgment.

D-#.29 – Notice of Hearing on Defendants' Motion for Summary Judgment.

D-#.30 – First Amended Notice of Hearing on Defendants' Motion for Summary Judgment.

D-#.31 – Plaintiff's Response to Defendants' Motion for Summary Judgment, and in the alternative, Plaintiff's Verified Motion for Continuance.

D-#.32 – Return of Service on Hyundai Translead.

D-#.33 – Defendant PACCAR Financial Corp., Jackson Transportation Services, Inc., and Juan Mercado's Reply in Support of Defendants Motion for Summary Judgment.

D-#.34 – Hyundai Translead Original Answer and Special Appearance.

**Exhibit E**   The July 26, 2021 Affidavit of Tae Hyun Jun.

  **Exhibit F** Separately Signed Certificate of Interested Persons

  **Exhibit G** Certified Copy of Crash Report.

  **Exhibit H** Email of Consent

Promptly after filing this Notice of Removal, Hyundai Translead will file a Notice of Removal to Federal Court with the 17th District Court of Tarrant County, Texas, as required by 28 U.S.C. § 1446(d).

## IX. SUMMARY

In summary, Plaintiff has failed to plead an independent cause of action as against the Defendants PACCAR Financial Corp., Jackson Transportation Services, and Juan Mercado, outside of product defect case. These Defendants are not the manufacturer, marketer, or designer of the allegedly defective trailer. The allegation against these Defendants boils down to "all Defendants knew or should have known that the trailer should have been equipped with side underride guards and should have insisted on such guards to ensure the public's safety". *See* Plaintiff's Amended Petition at 3. The Defendants PACCAR Financial Corp., Jackson Transportation Services, and Juan Mercado filed their Special Exceptions to the Plaintiff's Amended Petition. *See* Exhibit D #20. The Plaintiff filed her response to those Defendants' Special Exceptions. *See* Exhibit D #25. Furthermore, Defendants PACCAR Financial Corp., Jackson Transportation Services, and Juan Mercado filed their Motion for Summary Judgment suggesting that no independent causes of action had been filed as against these Defendants, which required a legal duty to act. *See* Exhibit D #28. Plaintiff filed a Response to Defendants' Motion for Summary Judgment and in the Alternative, Verified Motion for Continuance in effect seeking additional time to develop an independent cause of action as against these Defendants. *See* Exhibit D #31. Thus, in summary, no recognized independent theory for liability by the

Defendants PACCAR Financial Group, Jackson Transportation Services and Juan Mercado outside a product defect case has been pled.

X.  CONCLUSION

BASED ON THE FOREGOING, Defendant Hyundai Translead removes this case from the 17th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

**PLUNKETT, GRIESENBECK & MIMARI, INC.**
1635 N. E. Loop 410, Suite 900
San Antonio, Texas 78209
Telephone: (210) 734-7092
Facsimile: (210) 734-0379
E-mail: CJCilfone@pg-law.com
E-mail: nmimari@pg-law.com
E-mail: rmalinas@pg-law.com
E-mail: rmcdaniel@pg-law.com

_____
**CHARLIE J. CILFONE, P.E.**
State Bar No. 04251200
**NIK A. MIMARI**
State Bar No. 24013169
**RUTH G. MALINAS**
Texas Bar No. 08399350
**RYAN S. MCDANIEL**
State Bar No. 24104879
*Attorneys for Defendant Hyundai Translead*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on the 2nd day of September 2021, as follows:

**COUNSEL FOR PLAINTIFF:**
Andrew Dao
Kyle Patrick Malone
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

Pegah Rahgozar
RAHGOZAR LAW FIRM, PLLC
2825 Wilcrest Dr., Suite 515
Houston, Texas 77042
prahgozar@rahgozarlaw.com


**COUNSEL FOR DEFENDANT PACCAR FINANCIAL CORP d/b/a PACCAR LEASING COMPANY:**
David L. Sargent
Brett D. Timmons
SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
David.sargent@sargentlawtx.com
Brett.timmons@sargentlawtx.com


**COUNSEL FOR DEFENDANT JACKSON TRANSPORTATION SERVICES, INC.:**
David L. Sargent
SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
David.sargent@sargentlawtx.com

**COUNSEL FOR DEFENDANT JUAN MERCADO:**
David L. Sargent
SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
David.sargent@sargentlawtx.com

_____
CHARLIE J. CILFONE, P.E.