FILED
TARRANT COUNTY
2/23/2021 11:48 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. ___017-323588-21___

| | | |
|---|---|---|
| ASERDA ALHERBI, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A, | § | TARRANT COUNTY, TEXAS |
| PACCAR LEASING COMPANY, | § | |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA, and JUAN MERCADO, | § | _____ JUDICIAL DISTRICT |
| *Defendants.* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Aserda Alherbi, who files this Original Petition against Defendants PACCAR Financial Corp. d/b/a PACCAR Leasing Company, Jackson Transportation Services, Inc., Hyundai Motor America, and Juan Mercado (collectively, "Defendants"), and for cause of action would respectfully show unto the Court the following:

## DISCOVERY CONTROL PLAN

Discovery is to be conducted under Level 2 of Texas Rules of Civil Procedure.

## PARTIES

Plaintiff Aserda Alherbi is an individual residing in Texas.

Defendant PACCAR Financial Corp. d/b/a PACCAR Leasing Company is a corporation doing business in Texas. Defendant may be served with process through its registered agent: The Prentice-Hall Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant Jackson Transportation Services, Inc. is a corporation doing business in Texas. Defendant may be served with process through its registered agent: Kurtis M. Jackson at 803 Port America Pl., Suite 300, Grapevine, Texas 76051.

1

**EXHIBIT D-#.1**

Defendant Hyundai Motor America is a corporation doing business in Texas. Defendant may be served with process through its registered agent: National Registered Agents, Inc. at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

Defendant Juan Mercado is an individual who resides in Texas. Defendant may be served with process in person at 3300 Claymore Dr., Plano, Texas 75075, or wherever he may be found.

## JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Plaintiff seeks damages in an amount greater than $1,000,000. Further, at least one Defendant maintains a principal office or residence in this state. This case is not removable. Venue is proper in this county pursuant to Texas Civil Practice & Remedies Code § 15.002.

## FACTUAL BACKGROUND

On or about September 1, 2020, on East Hwy 114, Plaintiff Alherbi's car contacted with, and went underneath, the side of a 2016 Peterbilt 18-wheeler driven by Defendant Juan Mercado. Defendants PACCAR Leasing Company and/or Jackson Transportation Services, Inc. owned and/or leased the tractor and trailer. Defendant Hyundai Motor America manufactured the trailer. The 2016 Peterbilt truck was hauling for Defendant Jackson Transportation Services, who, along with Defendant PACCAR Leasing Company, had the right and ability to control and implement safety features on the tractor-trailer, including side underride guards. These would have prevented the great majority of serious injuries sustained in this crash by Plaintiff.

At all relevant times, Defendant Hyundai Motor America was, and is, engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling, and

2

**EXHIBIT D-#.1**

advertising the trailer and/or each and every component part thereof.  Defendant knew or, in the exercise of reasonable care, should have known the dangerous hazards that existed without the side underride guards.  This trailer, upon information and belief, was sold and/or leased to PACCAR Leasing Company and/or Jackson Transportation Services in the last five years.

Importantly, Defendants were well aware that side underride guards dramatically decrease the number of fatalities and serious injuries sustained in trucking accidents.  Further, many countries, including Canada and those in Europe, have required underride protections.  This is significant, as at least two Defendants—PACCAR and Hyundai—have operations throughout Canada and Europe.

All Defendants knew or should have known that the trailer should have been equipped with side underride guards and should have insisted on such guards to ensure the public's safety.

## CAUSES OF ACTION

## NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

49 CFR 390.5 (2) states:

> *Employee* means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approve by the Congress of the United States who is acting within the course of such employment.

> *Employer* means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or an agency established under a compact between States approved by the Congress of the United States.

**EXHIBIT D-#.1**

*Motor carrier* means a for-hire motor carrier or a private motor carrier. The term includes a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories. For purposes of subchapter B, this definition includes the terms *employer,* and *exempt motor carrier.*

All Defendants owed a duty to exercise ordinary care and to ensure a vehicle safe for operation on the roads.  Defendants have knowledge that side underride guards dramatically decrease the number of fatalities in trucking accidents, and yet did nothing.  Many countries, including Canada and those in Europe, have required underride protections.  Again, this is significant, as at least two Defendants—PACCAR and Hyundai—have operations in Canada and Europe.  Defendants are well aware of the importance of those protections, and the viability of installing underride guards onto this tractor-trailer in question, since many of their other tractor-trailers already have them.  Defendants knowingly and recklessly ignored the dangers, and instead chose to prioritize profits over safety.

## NEGLIGENCE PER SE

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

All Defendants violated several statutes and codes, including 49 C.F.R. 396.3 which sets out as follows:

Parts and accessories shall be in a safe and proper operating condition at all times. These include those specified in part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axes and attaching parts, wheels and rims, and steering systems.

## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, AGENCY

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

**EXHIBIT D-#.1**

Defendants' employees and workers are agents of Defendant.  As such, Defendant is responsible for their conduct, due to the relationship that existed, among other acts and omissions of negligence.

## PRODUCTS LIABILITY, MANUFACTURING DEFECT, FAILURE TO WARN, DESIGN DEFECT, STRICT LIABILITY

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

The defective and unreasonably dangerous conditions of the trailer rendered it unsafe, uncrashworthy and dangerous, and a legal cause of Plaintiff's injuries.  Defendant Hyundai Motor America designed, tested, assembled, manufactured, supplied, marketed, promoted, sold, distributed, and put into the stream of commerce the trailer in a defective and unreasonably dangerous condition, and the other Defendants subsequently allowed it to operate on the road in that manner.

## DAMAGES

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

Plaintiff seeks damages for physical pain and suffering, mental anguish, physical impairment, disfigurement, medical expenses, loss of earning capacity and loss of household services, for the past and future.  Further, Plaintiff is entitled to exemplary damages under CIV. PRAC. REM. CODE § 71.009.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

## PRAYER

For these reasons, Plaintiff asks that the Court issue a citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a)  All aforementioned damages;

**EXHIBIT D-#.1**

b) Damages in an amount greater than $1,000,000;

c) All costs of court expended herein;

d) Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

e) All other relief to which Plaintiff is justly entitled.

Plaintiff respectfully prays for judgment of, or in excess of, the above amounts and for such other and further relief both at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

*/s/ Andrew Dao*
John Scott Black
State Bar No. 24012292
Andrew Dao
State Bar No. 24082895
Kyle Patrick Malone
State Bar No. 24102128
2211 Norfolk St., Ste. 800
Houston, Texas 77098
(713) 655-1405
(713) 655-1587 (fax)
jblack@dalyblack.com
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

*AND*

**RAHGOZAR LAW FIRM, PLLC**

*/s/ Pegah Rahgozar*
Pegah Rahgozar
Rahgozar Law Firm, PLLC
State Bar No. 24085701
2825 Wilcrest Dr., Ste. 515
Houston, TX 77042
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

6

**EXHIBIT D-#.1**

# THOMAS A. WILDER, DISTRICT CLERK
## TARRANT COUNTY SERVICE REQUEST FORM

FILED
TARRANT COUNTY
2/24/2021 4:15 PM
THOMAS A. WILDER
DISTRICT CLERK

**Cause No:** 017-323588-21

**Style of Case:** Aserda Alherbi v. PACCAR Financial Corp. d/b/a PACCAR Leasing Company, et al.

Please reference the District Clerk web page, **www.tarrantcounty.com/DistrictClerk/Forms** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed. *For electronic service, service document will be e-mailed to you for you to attach documents and have party served.**

[ X ] **Check box if you would like the District Clerk's Office to make copies for your service. (add $.50 per page per pleading for copies for service)**

**Title of Pleading to be Served:** Plaintiff's Original Petition

**Date Pleading Filed:** 02/23/21

**Return to (e-Service ONLY):**

(Name and e-mail address)

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 1 | Citation | | | x | |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: PACCAR Financial Corp. d/b/a PACCAR Leasing Company  Service Type: Citation
Address for Service: through its registered agent: The Prentice-Hall Corporation  Party Type: Defendant
211 E. 7th Street, Suite 620, Austin, Texas 78701.

Name of Party to be served: _____ Service Type: _____
Address for Service: _____ Party Type: _____

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**
NAME: Andrew Dao
MAILING ADDRESS: 2211 Norfolk St, Suite 800, Houston, TX 77098
PHONE NO: (713) 655 -1405 _____ FAX NO.: (713) 655 -1587
EMAIL ADDRESS: ecfs@dalyblack.com

**EXHIBIT D-#.2**                                      Revised 06/04/2018

# THOMAS A. WILDER, DISTRICT CLERK
## TARRANT COUNTY SERVICE REQUEST FORM

FILED
TARRANT COUNTY
2/24/2021 4:15 PM
THOMAS A. WILDER
DISTRICT CLERK

**Cause No:** 017-323588-21

**Style of Case:** Aserda Alherbi v. PACCAR Financial Corp. d/b/a PACCAR Leasing Company, et al.

Please reference the District Clerk web page, **www.tarrantcounty.com/DistrictClerk/Forms** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed. *For electronic service, service document will be e-mailed to you for you to attach documents and have party served.**

[x] **Check box if you would like the District Clerk's Office to make copies for your service. (add $.50 per page per pleading for copies for service)**

**Title of Pleading to be Served:** Plaintiff's Original Petition
**Date Pleading Filed:** 02/23/21
**Return to (e-Service ONLY):** ecfs@dalyblack.com
(Name and e-mail address)

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 1 | Citation | | | | x |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: Juan Mercado                Service Type: Citation
Address for Service: ecfs@dalyblack.com                Party Type: Defendant

Name of Party to be served:_____  Service Type: _____
Address for Service: _____  Party Type:_____

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**
NAME: Andrew Dao
MAILING ADDRESS: 2211 Norfolk St, Suite 800, Houston, TX 77098
PHONE NO: (713) 655 -1405                FAX NO.: (713) 655 -1587
EMAIL ADDRESS: ecfs@dalyblack.com

**EXHIBIT D-#.3**                Revised 06/04/2018

# THOMAS A. WILDER, DISTRICT CLERK
## TARRANT COUNTY SERVICE REQUEST FORM

FILED
TARRANT COUNTY
2/24/2021 4:15 PM
THOMAS A. WILDER
DISTRICT CLERK

**Cause No:** 017-323588-21

**Style of Case:** Aserda Alherbi v. PACCAR Financial Corp. d/b/a PACCAR Leasing Company, et al.

Please reference the District Clerk web page, **www.tarrantcounty.com/DistrictClerk/Forms** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed. *For electronic service, service document will be e-mailed to you for you to attach documents and have party served.**

[X] **Check box if you would like the District Clerk's Office to make copies for your service. (add $.50 per page per pleading for copies for service)**

**Title of Pleading to be Served:** Plaintiff's Original Petition
**Date Pleading Filed:** 02/23/21
**Return to (e-Service ONLY):** _____
(Name and e-mail address)

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 1 | Citation | | | x | |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: Jackson Transportation Services, Inc Service Type: Citation
Address for Service: through its registered agent: Party Type: Defendant
Kurtis M. Jackson at 803 Port America Pl., Suite 300, Grapevine, Texas 76051.
Name of Party to be served:_____ Service Type: _____
Address for Service: _____ Party Type:_____

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**
NAME: Andrew Dao
MAILING ADDRESS:2211 Norfolk St, Suite 800, Houston, TX 77098
PHONE NO.: (713) 655 -1405 FAX NO.: (713) 655 -1587
EMAIL ADDRESS: ecfs@dalyblack.com

**EXHIBIT D-#.4** Revised 06/04/2018

# THOMAS A. WILDER, DISTRICT CLERK

## TARRANT COUNTY SERVICE REQUEST FORM

FILED
TARRANT COUNTY
2/24/2021 4:15 PM
THOMAS A. WILDER
DISTRICT CLERK

**Cause No:** 017-323588-21

**Style of Case:** Aserda Alherbi v. PACCAR Financial Corp. d/b/a PACCAR Leasing Company, et al.

Please reference the District Clerk web page, **www.tarrantcounty.com/DistrictClerk/Forms** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed. *For electronic service, service document will be e-mailed to you for you to attach documents and have party served.**

| x | **Check box if you would like the District Clerk's Office to make copies for your service. (add $.50 per page per pleading for copies for service)**

**Title of Pleading to be Served:** Plaintiff's Original Petition

**Date Pleading Filed:** 02/23/21

**Return to (e-Service ONLY):**

(Name and e-mail address)

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 1 | Citation | | | x | |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: Hyundai Motor America          Service Type: Citation
Address for Service: through its registered agent: National Registered          Party Type: Defendant
Agents, Inc at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

Name of Party to be served: _____          Service Type: _____
Address for Service: _____          Party Type: _____

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**
NAME: Andrew Dao
MAILING ADDRESS: 2211 Norfolk St, Suite 800, Houston, TX 77098
PHONE NO: (713) 655 -1405          FAX NO.: (713) 655 -1587
EMAIL ADDRESS: ecfs@dalyblack.com

**EXHIBIT D-#.5**          Revised 06/04/2018

017-323588-21

FILED
TARRANT COUNTY
3/4/2021 8:02 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 17th District Court |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A, PACCAR | § | TARRANT COUNTY, TX |
| LEASING COMPANY, ET AL | § | |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |

### RETURN OF SERVICE

**ON Monday, March 1, 2021 AT 3:32 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on JUAN MERCADO  came to hand.

**ON Wednesday, March 3, 2021 AT 7:25 PM, I, Guy Connelly, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** JUAN MERCADO , 1550 W PLANO PKWY APT 1130, PLANO, COLLIN COUNTY, TX 75075.

My name is Guy Connelly. My address is 2701 W 15TH STREET SUITE 567, PLANO, TX 75075. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 2201, expires 9/30/2022). My e-mail address is info@easy-serve.com. My date of birth is 11/4/1951. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in COLLIN COUNTY, TX on Wednesday, March 3, 2021.

/S/ Guy Connelly

Aserda Alherbi v. PACCAR et al

Doc ID: 280086_2

**EXHIBIT D-#.6**

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

| | |
|---|---|
| *CITATION* | *Cause No. 017-323588-21* |

ASERDA ALHERBI
VS.
PACCAR FINANCIAL CORP., ET AL

TO: JUAN MERCADO

3300 CLAYMORE DR PLANO, TX 75075-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 17th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

ASERDA ALHERBI

Filed in said Court on February 23rd, 2021 Against
PACCAR FINANCIAL CORP, D/B/A PACCAR LEASING COMPANY, JACKSON TRANSPORTATION SERVICES INC, HYUNDAI MOTOR AMERICA, JUAN
MERCADO
For suit, said suit being numbered 017-323588-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

ANDREW DAO
Attorney for ASERDA ALHERBI Phone No. (713)655-1405
Address     2211 NORFOLK ST STE 800 HOUSTON, TX 77098
_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 25th day of February, 2021.

By _____*Natalie Thigpen*_____

NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 02/25/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

OFFICER'S RETURN *01732358821000011*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____      _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____
to certify which witness my hand and seal of office
(Seal)               _____
County of _____, State of _____

EXHIBIT D-#.6

FILED
TARRANT COUNTY
3/8/2021 5:36 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17TH JUDICIAL DISTRICT** |

---

### DEFENDANTS JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW,** JACKSON TRANSPORTATION SERVICES, INC. and JUAN MERCADO, Defendants herein, and file their Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### REQUEST FOR DISCLOSURE

Under Texas Rule of Procedure 194, Defendants request that Plaintiff disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

---

**III.**
**NOTICE OF INTENT TO USE DOCUMENTS PRODUCED**
**PURSUANT TO T.R.C.P. 193.7**

Defendants place Plaintiff on notice that pursuant to TEX. R. CIV. P. 193.7, all documents produced by Plaintiff in this litigation are authenticated for use against the producing party in this case and may be used as evidence during pre-trial procedures and at trial of this matter.

**IV.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final hearing hereof, Plaintiff takes nothing by way of her cause of action herein, that Defendants recover their costs herein expended and for such other and further relief, at law or in equity, to which Defendants may show themselves justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:      */s/ David L. Sargent*
          **DAVID L. SARGENT**
          State Bar No.: 17648700
          david.sargent@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS**
**JACKSON TRANSPORTATION**
**SERVICES, INC. and JUAN MERCADO**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 8TH day of March 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record for Plaintiff via ECF:

Andrew Dao
John Scott Black
Kyle Patrick Malone
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
jblack@dalyblack.com
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

**~AND~**

Pegah Rahgozar
RAHGOZAR LAW FIRM, PLLC
2825 Wilcrest Dr., Suite 515
Houston, Texas 77042
prahgozar@rahgozarlaw.com

*/s/ David L. Sargent*
**DAVID L. SARGENT**

FILED
TARRANT COUNTY
3/8/2021 5:36 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17ᵀᴴ JUDICIAL DISTRICT** |

---

### DEFENDANTS JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO'S REQUEST FOR JURY TRIAL

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **COME NOW,** JACKSON TRANSPORTATION SERVICES, INC. and JUAN MERCADO, Defendants herein, and request that a jury trial be held on said cause.  A jury fee has been paid by the Defendants.

  Respectfully submitted,

  **SARGENT LAW, P.C.**


  By:  */s/ David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com

  1717 Main Street, Suite 4750
  Dallas, Texas 75201-7346
  (214) 749-6516 (direct)
  (214) 749-6316 (fax)
  **ATTORNEYS FOR DEFENDANTS**
  **JACKSON TRANSPORTATION SERVICES,**
  **INC. and JUAN MERCADO**

---

**EXHIBIT D-#.8**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 8TH day of March 2021, a true and correct copy of the

foregoing document was forwarded to all counsel of record for Plaintiff via ECF:

Andrew Dao
John Scott Black
Kyle Patrick Malone
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
jblack@dalyblack.com
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

**~AND~**

Pegah Rahgozar
RAHGOZAR LAW FIRM, PLLC
2825 Wilcrest Dr., Suite 515
Houston, Texas 77042
prahgozar@rahgozarlaw.com

*/s/ David L. Sargent*
**DAVID L. SARGENT**

017-323588-21

FILED
TARRANT COUNTY
3/26/2021 1:23 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17TH JUDICIAL DISTRICT** |

---

## DEFENDANT PACCAR FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** PACCAR FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY, Defendant herein, and files its Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### REQUEST FOR DISCLOSURE

Under Texas Rule of Procedure 194, Defendant requests that Plaintiff disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

---

**EXHIBIT D-#.9**

**III.**
**NOTICE OF INTENT TO USE DOCUMENTS PRODUCED**
**PURSUANT TO T.R.C.P. 193.7**

Defendant places Plaintiff on notice that pursuant to TEX. R. CIV. P. 193.7, all documents produced by Plaintiff in this litigation are authenticated for use against the producing party in this case and may be used as evidence during pre-trial procedures and at trial of this matter.

**IV.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff takes nothing by way of her cause of action herein, that Defendant recovers its costs herein expended and for such other and further relief, at law or in equity, to which Defendant may show itself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:     /s/ David L. Sargent
        **DAVID L. SARGENT**
        State Bar No.: 17648700
        david.sargent@sargentlawtx.com
        **BRETT D. TIMMONS**
        State Bar No. 24013637
        brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANT**
**PACCAR FINANCIAL CORP. D/B/A**
**PACCAR LEASING COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 26TH day of March 2021, a true and correct copy of

the foregoing document was forwarded to all counsel of record for Plaintiff via ECF:

Andrew Dao
John Scott Black
Kyle Patrick Malone
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
jblack@dalyblack.com
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

**~AND~**

Pegah Rahgozar
RAHGOZAR LAW FIRM, PLLC
2825 Wilcrest Dr., Suite 515
Houston, Texas 77042
prahgozar@rahgozarlaw.com

*/s/ David L. Sargent*
**DAVID L. SARGENT**

017-323588-21

FILED
TARRANT COUNTY
4/8/2021 5:07 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A,** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA, AND JUAN MERCADO,** | § | |
| | § | |
| **Defendants.** | § | **17th JUDICIAL DISTRICT** |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT HYUNDAI MOTOR AMERICA

Plaintiff files this Motion for Default Judgment against Defendant Hyundai Motor America ("Hyundai"), and would respectfully show this Court the following:

## ARGUMENT

On February 23, 2021, Plaintiff Aserda Alherbi filed her Original Petition, bringing numerous claims against Defendants Paccar Financial Corp., Jackson Transportation Services, Inc., Hyundai, and Juan Mercado in this matter. *See* Exhibit A, Plaintiff's Original Petition. On September 1, 2020, Defendant Mercado was driving a truck pulling a trailer manufactured, sold, and/or leased by Defendant Hyundai which was involved in a collision with Plaintiff which led to serious injuries to her and ultimately this lawsuit.

Defendant Hyundai's registered agent—National Registered Agents, Inc.—was served with the Original Petition on March 2, 2021 via certified mail at 1999 Bryan St., Suite 900, Dallas, Texas 75201. *See* Exhibit B, Returned Citation. As of the date of this Motion, Defendant Hyundai has still not answered this lawsuit. Proof of service has been on file with this Court for at least ten days before any judgment is to be rendered.

**EXHIBIT D-#.10**

This Court may render a default judgment on the pleadings against a defendant that has not filed an answer. TEX. R. CIV. P. 239. When a defendant does not file an answer, all allegations of fact in plaintiff's petition except unliquidated damages are deemed admitted. *Dolgencorp v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). After a no-answer default, the only claim the plaintiff is required to prove is its claim for unliquidated damages. TEX. R. CIV. P. 243. As such, Plaintiff is entitled to default judgment on liability and requests a hearing on damages.

## <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff asks that the Court grant Plaintiff's Motion and sign a default judgment granting the relief requested. Plaintiff also requests a hearing on damages, and asks for any other relief to which Plaintiff is entitled, including taxable costs of court.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: */s/ Andrew Dao*
John Scott Black
jblack@dalyblack.com
State Bar No. 24012292
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Kyle Patrick Malone
State Bar No. 24102128
kmalone@dalyblack.com
2211 Norfolk St., Ste. 800
Houston, TX 77098
ecfs@dalyblack.com (service)

AND

**RAHGOZAR LAW FIRM, PLLC**
/s/ Pegah Rahgozar
Pegah Rahgozar
Rahgozar Law Firm, PLLC

2

**EXHIBIT D-#.10**

State Bar No. 24085701
2825 Wilcrest Dr., Ste. 515
Houston, TX 77042
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that in the compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure, foregoing was served on all counsel of records on this day of April 8, 2021.

/s/ *Andrew Dao*
Andrew Dao

3

**EXHIBIT D-#.10**

017-323588-21

FILED
TARRANT COUNTY
4/8/2021 5:07 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A, | § | |
| PACCAR LEASING COMPANY, | § | |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA, AND JUAN MERCADO, | § | |
| | § | |
| **Defendants.** | § | 17th JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT HYUNDAI MOTOR AMERICA

After considering Plaintiff's Motion for Default Judgment against Defendant Hyundai Motor America, this Court is of the opinion that the Motion should be GRANTED.

Defendant Hyundai was properly cited to appear in accordance with the Texas Rules of Civil Procedure, but wholly failed to answer and appear, and thus, Defendant Hyundai Motor America is found to be in default. This Court ORDERS that the Motion is GRANTED.

It is further ORDERED that the parties are to appear before this Court for a hearing to determine the amount of damages to be awarded to Plaintiff on _____ at _____ AM/PM.

Signed on _____, 2021.

_____
PRESIDING JUDGE

**EXHIBIT D-#.11**

FILED
TARRANT COUNTY
3/16/2021 5:46 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 017-323588-21**

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A,** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA, AND JUAN MERCADO,** | § | |
| | § | |
| **Defendants.** | § | **17th JUDICIAL DISTRICT** |

---

## NOTICE OF HEARING

---

Plaintiff's Motion for Default Judgment has been set for hearing on **April 20, 2021**, at

**11:30 a.m**. The Hearing will be conducted via ZOOM, before the 17th Judicial District Court of

Tarrant County, Texas. The Court will provide Zoom instructions at a later date.


Respectfully submitted,

**DALY & BLACK, P.C.**

By: */s/ Andrew Dao*
John Scott Black
jblack@dalyblack.com
State Bar No. 24012292
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Kyle Patrick Malone
State Bar No. 24102128
kmalone@dalyblack.com
2211 Norfolk St., Ste. 800
Houston, TX 77098
ecfs@dalyblack.com (service)

AND


**EXHIBIT D-#.12**

**RAHGOZAR LAW FIRM, PLLC**
/s/ Pegah Rahgozar
Pegah Rahgozar
Rahgozar Law Firm, PLLC
State Bar No. 24085701
2825 Wilcrest Dr., Ste. 515
Houston, TX 77042
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that in the compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure, foregoing was served on all counsel of records on this day of April 13, 2021.

/s/ *Andrew Dao*
Andrew Dao

FILED
TARRANT COUNTY
4/28/2021 9:58 AM
THOMAS A. WILDER
DISTRICT CLERK

# SARGENT LAW, P.C.

**Brett D. Timmons**
direct dial – 214.749.6908
direct fax – 214.749.6708
brett.timmons@sargentlawtx.com

April 28, 2021

***Via Electronic Filing***
Ms. Jan Grimsley
17th Judicial District Court
Tom Vandergriff Civil Courts Bldg.
100 N. Calhoun Street
Fort Worth, Texas 76196

      Re:    *Aserda Alherbi v. PACCAR Financial Corp. d/b/a PACCAR Leasing Company, Jackson Transportation Services, Inc., Hyundai Motor America and Juan Mercado;* Cause No. 017-323588-21; In the 17th District Court, Tarrant County, Texas
           Our File No.   185-982

Dear Ms. Grimsley:

    Please be advised that the email address you have on file for me is not valid.  Please note that my email address is brett.timmons@sargentlawtx.com.

    Please do not hesitate to contact me if you have any questions or concerns.

          Sincerely,

          Brett D. Timmons

BDT/eak

1717 Main Street, Suite 4750   ◆   Dallas, Texas 75201   ◆   P 214.749.6000   ◆   F 214.749.6100   ◆   SargentLawTX.com

2106335  v.2
0185/00982

**EXHIBIT D-#.13**

FILED
TARRANT COUNTY
4/29/2021 9:40 AM
THOMAS A. WILDER
DISTRICT CLERK

017-323588-21



David R. Montpas
voice:  210.477.7417
dmontpas@prichardyoungllp.com

10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone:  210.477.7400
Fax:  210.477.7450

April 29, 2021

Thomas A. Wilder                                                    **VIA E-FILING**
Tarrant County District Clerk
Tom Vandergriff Civil Courts Building
100 N Calhoun St
Fort Worth, TX 76196

       Re      Cause No. 017-323588-21; *Aserda Alherbi v. Paccar Financial Corp. d/b/a Paccar Leasing Company, Jackson Transportation Services, Inc., Hyundai Motor America, and Juan Mercado*; 17th District Court, Tarrant County, Texas

Dear Mr. Wilder:

       This correspondence is to request a copy of the case sheet pertaining to the above-referenced case.

       Please email a copy of this document to my assistant, Peggy O'Berry, at poberry@prichardyoungllp.com.  Thank you.

                 Sincerely,

                 */s/ David R. Montpas*

                 David R. Montpas

DRM/ppo/#162374

**EXHIBIT D-#.14**

FILED
TARRANT COUNTY
4/29/2021 2:02 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| V. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A; | § | |
| PACCAR LEASING COMPANY, | § | |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA, AND JUAN MERCADO, | § | 17TH JUDICIAL DISTRICT |

## DEFENDANT HYUNDAI MOTOR AMERICA'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now HYUNDAI MOTOR AMERICA ("HMA") and files its Original Answer. HMA respectfully shows as follows:

## I.
## GENERAL DENIAL

Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof, and to the extent that such matters are questions of fact, says that Plaintiff should prove such facts by a preponderance of the evidence, clear and convincing evidence, or such other evidence as the law may require, and upon this denial, demands a trial of all issues before a jury.

Further, HMA expressly denies that it is "engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling, and advertising" the trailer at issue. HMA is the American distributor of Hyundai brand passenger vehicles. HMA had no involvement with the trailer at issue.

162373

**EXHIBIT D-#.15**

## II.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, Hyundai Motor America, respectfully prays Plaintiff has and recovers nothing, and that Defendant recover all its costs. Defendant further respectfully prays for such further relief to which it may show itself justly entitled either in law or equity.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
Email: dprichard@prichardyoungllp.com

Daniela Gonzáles Aldape
State Bar No. 24036651
(210) 477-7408 [Direct]
Email: daldape@prichardyoungllp.com

PRICHARD YOUNG LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

**ATTORNEYS FOR DEFENDANT,
HYUNDAI MOTOR AMERICA**

162373

2

**EXHIBIT D-#.15**

## CERTIFICATE OF SERVICE

I certify that on the **29th** day of **April 2021**, I hereby certify that I have served all counsel of record, through the Court's electronic filing system, pursuant to the Texas Rule of Civil Procedure.

*/s/ David M. Prichard*
David M. Prichard

162373

**EXHIBIT D-#.15**

FILED
TARRANT COUNTY
5/14/2021 4:21 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 017-323588-21**

| | | |
|---|---|---|
| **ASERDA ALHERBI,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **vs** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A,** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA, AND JUAN MERCADO** | § | |
| | § | |
| **Defendants.** | § | **17TH JUDICIAL DISTRICT** |

**DEFENDANTS' PROPOSED SCHEDULING ORDER**

September 17, 2021    **JOINDER.** All parties must be added and served, whether by amendment or third-party practice by this date. The party causing a joinder shall provide a copy of this Order at the time of service.

**EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include (1) the information listed in Rule 195.5 and (2) the expert's written report. The designating party will make the witness available at a mutually agreeable date and time.

October 20, 2021    Plaintiff's deadline to designate expert witnesses.

November 19, 2021    Defendants' deadline to designate expert witnesses.

October 1, 2021    **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

January 14, 2022    **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance from the end of the discovery period that the deadline for responding will be within the discovery. This deadline may be extended by agreement of the parties.

January 25, 2022    **DISPOSITIVE MOTIONS.** All motions for summary judgment must be filed by this date.

January 25, 2022    **DEADLINE.** All Daubert/Robinson challenges must be filed by this date.

**EXHIBIT D-#.16**

February 24, 2022     **PRE-TRIAL HEARING.**

February 28, 2022     **TRIAL.**

**SIGNED** for entry the_____day of_____, 2021.

_____
JUDGE MELODY WILKINSON

**AGREED AND APPROVED FOR ENTRY:**

**PRICHARD YOUNG LLP**

By: /s/ Daniela Gonzáles Aldape_____
David M. Prichard
dprichard@prichardyoungllp.com
State Bar No. 16317900
Daniela Gonzáles Aldape
daldape@prichardyoungllp.com
State Bar No. 24036651
10101 Reunion Place, Suite 600
San Antonio, TX 78216

**ATTORNEYS FOR DEFENDANT**
**HYUNDAI MOTOR AMERICA**

**SARGENT LAW, P.C.**

By: /s/ Brett Timmons_____
David L. Sargent
david.sargent@sargentlawtx.com
State Bar No. 17648700
Brett Timmons
brett.timmons@sargentlawtx.com
State Bar No. 24013637
1717 Main Street, Suite 4750
Dallas, TX 75201-7346

**ATTORNEYS FOR DEFENDANTS**

**PACCAR FINANCIAL CORP. D/B/A**
**PACCAR LEASING COMPANY,**
**JACKSON TRANSPORTATION**
**SERVICES, INC. and JUAN**
**MERCADO**

**EXHIBIT D-#.16**

017-323588-21

FILED
TARRANT COUNTY
5/14/2021 5:15 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI, | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| vs | § | TARRANT COUNTY, TEXAS |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A, | § | |
| PACCAR LEASING COMPANY, | § | |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA, AND JUAN MERCADO | § | |
| | § | |
|     Defendants. | § | 17TH JUDICIAL DISTRICT |

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

**September 17, 2021**    **JOINDER.** All parties must be added and served, whether by amendment or third-party practice by this date. The party causing a joinder shall provide a copy of this Order at the time of service.

                                  **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designating party will make thewitness available at a mutually agreeable date and time.

                        **October 20, 2021**          Plaintiff's deadline to designate expert witnesses.

                        **November 19, 2021**         Defendants' deadline to designate expert witnesses.

**October 1, 2021**    **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

**January 14, 2022**    **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance from the end of the discovery period that the deadline for responding will be within the discovery. This deadline may be extended by agreement of the parties.

**January 25, 2022**    **DISPOSITIVE MOTIONS.** All motions for summary judgment must be filed by this date.

**January 25, 2022**    **DEADLINE.** All Daubert/Robinson challenges must be filed by this date.

**EXHIBIT D-#.17**

February 24, 2022      **PRE-TRIAL HEARING.**

February 28, 2022      **TRIAL.**

      **SIGNED** for entry the_____day of_____, 2021.


_____
JUDGE MELODY WILKINSON


**AGREED AND APPROVED FOR ENTRY:**


**DALY & BLACK, P.C.**

By: _____*/s/ Kyle Malone*_____
John Scott Black
jblack@dalyblack.com
State Bar No. 24012292
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Kyle Patrick Malone
State Bar No. 24102128
kmalone@dalyblack.com
2211 Norfolk St., Ste. 800
Houston, TX 77098
ecfs@dalyblack.com (service)

AND

**RAHGOZAR LAW FIRM, PLLC**
__/s/ Pegah Rahgozar_____
Pegah Rahgozar
Rahgozar Law Firm, PLLC
State Bar No. 24085701
2825 Wilcrest Dr., Ste. 515
Houston, TX 77042
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

FILED
TARRANT COUNTY
9/10/2020 3:11 PM
THOMAS A. WILDER
DISTRICT CLERK



## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
|    *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
|    *Defendants.* | § | **17TH JUDICIAL DISTRICT** |

---

## DEFENDANTS PACCAR FINANCIAL CORP., JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO'S SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **COME NOW**, Defendants, PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado, and file these Special Exceptions to Plaintiff's Original Petition, respectfully showing the Court the following:

### I.
### BACKGROUND

     On September 1, 2020 on East Hwy 114, Plaintiff Alherbi was driving from work to a tire store in Arlington, Texas. She lost control of her vehicle due to her tires being bald and driving on a wet road. When she lost control of her vehicle it struck a guard rail on the right side of the highway. Plaintiff's vehicle bounced off the guard rail and started to fishtail out of control striking the Defendants' vehicle on the side of the trailer. Plaintiff now alleges that if side underride guard were present on the trailer, Plaintiff's negligence would not have resulted in her damages. Plaintiff presents the broad sweeping allegation that "all Defendants knew or should have known that the

---

**EXHIBIT D-#.18**

trailer should have been equipped with side underride guards and should have insisted on such guards to ensure the public's safety." Plaintiff's Original Petition at 3.

On February 23, 2021, Plaintiff filed her Original Petition against Defendants that have filed this motion and Hyundai Motor America, the company that allegedly designed and manufactured the trailer involved in the accident.   Plaintiff's Original Petition is defective. Plaintiff makes allegations that the filing Defendants were negligent, and grossly negligent because theoretical safety equipment called side underride guards were not present on the trailer at the time of the accident.   Further, she alleges that Defendants were negligent per se without any allegation as to how the filing Defendants violated any Federal or Texas state statutes.   Plaintiff goes on to make similar blanket allegations against all Defendants regarding vicarious liability, products liability, manufacturing defect, failure to warn, design defect, and strict liability.   Therefore, Plaintiff must replead these claims, or the claims are subject to dismissal.

## II.
## SPECIAL EXCEPTIONS:  PURPOSE AND PROCEDURE

Pleadings in Texas "must consist of a statement in plain and concise language of the plaintiff's cause of action." TEX. R. CIV. P. 45(b).  Fair notice is required, which means the pleadings must provide sufficient detail to allow the opposing party to ascertain the nature and basic issues of the controversy. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).   "The purpose of a special exception is to compel clarification of pleadings when the pleadings are not clear or sufficiently specific or fail to plead a cause of action." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007).

Through special exceptions, a defendant may challenge the sufficiency of a plaintiff's pleadings to state a cause of action by specifically pointing out "the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations." TEX. R. CIV. P. 91; *see also*

*Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.—Corpus Christi 2002, pet. denied).  When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading.  *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998).  If a party refuses to amend, or the amended pleading fails to state a cause of action, then the case may be dismissed.  *Tex. Dept. of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974).  Further, the court is not required to give the plaintiff an opportunity to amend his pleadings if the defect is not curable.  *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007).  Thus, dismissal of invalid claims may be conducted through special exceptions.  *See Mowbray*, 76 S.W.3d at 678.

The purpose of the plaintiff's petition is to inform the court and defendants of what his or her contentions will be at trial, and the point of special exceptions is to furnish a medium by which to force clarification and specification in the pleadings when they are not clear or sufficiently specific.  *Portugal v. Jackson*, 674 S.W.2d 393, 394 (Tex. App.—Waco 1983, writ ref'd n.r.e.); *Texas Lime Co. v. Hindman*, 300 S.W.2d 112, 118 (Tex. App.—Waco 1957) *aff'd* 305 S.W.2d 947 (Tex. 1957).  In other words, the purpose of a special exception is to require the plaintiff to state more fully, clearly, and specifically the facts that constitute a cause of action, so the court may understand and submit to the jury the issues presented by the pleading and the testimony, and the defendant may properly prepare for trial and guard against surprise.  *Southern Underwriters v. Dykes*, 146 S.W.2d 1105, 1108 (Tex. App.—Amarillo 1940, writ ref'd).  A trial court has broad discretion to sustain special exceptions and order more definite pleadings as a particular case may require; its ruling will not be disturbed absent an abuse of discretion.  *Kutch v. Del Mar College*, 831 S.W.2d 506, 508 (Tex. App.—Corpus Christi 1992, no writ).

### III.
### SPECIAL EXCEPTIONS

**1)      General "Catch-All" Allegations of Negligence and Gross Negligence**

Defendants specially except to Plaintiff's page 2-5 general allegations without specification of what actions or inactions on the part of the individual filing Defendants supposedly demonstrate Plaintiff's alleged causes of action. First, Plaintiff generally alleges all Defendants "owed a duty to exercise ordinary care to ensure a vehicle safe for operation on the roads." *See* Original Petition, p. 4, para. 1. Plaintiff never specifies what regulations are applicable to Plaintiff's allegations of negligence. Other than merely concluding that all Defendants had a duty on install side underride guards on a commercial trailer, Plaintiff provides no guidance as to the actions or inactions on the part of the filing Defendants constitute negligence and gross negligence.

**2)      Vague and General Allegations of Negligence Per Se**

Plaintiff then alleges all Defendants were negligent per se. *See id.* at 4, para. 2. Plaintiff again groups all Defendants regardless of their capacities to summarily allege: "all Defendants violated several statutes and codes, including 49 C.F.R. 396.3. *See id.* The cited regulation is a Federal regulation regarding parts and accessories of a commercial vehicle should be in proper operating condition. Plaintiff makes no allegation as to how the filing Defendants violated "several statutes and codes."

**3)      Vague and General Allegations of Vicarious Liability, Respondeat Superior and Agency**

Plaintiff alleges that Defendants employees are workers and agents of Defendants and therefore, Defendants are responsible for their conduct. *See id.* at 5, para. 1. However, Plaintiff never alleges what actions on the part of any employee constituted negligence for which the filing Defendants could supposedly be liable. Therefore, Plaintiff's pleading is nothing more than a

restatement of the law giving the filing Defendants no notice of the conduct by which Plaintiff is alleging she was harmed.

### 4) Vague and General Allegations of Products Liability, Manufacturing Defect, Failure to Warn, Design Defect and Strict Liability

Plaintiff's petition on page 5 merely claims that the trailer in question was defective and unreasonably dangerous and that ALL Defendants "allowed it to operate on the road in that manner." *Id.* at 5,. Para. 3. Plaintiff makes these blanket allegations without any differentiation as to what actions on the part of the filing Defendants would constitute liability to the Plaintiff for product liability, manufacturing defect, failure to warn, design defect and strict liability. Plaintiff has even grouped Juan Mercado into these allegations. All the filing Defendants would have the Plaintiff require greater specification as to how they individually are liable to the Plaintiff for these causes of action.

As a result of Plaintiff's generality, vagueness, and obscurity, Defendants are not able to formulate a defense to these claims. Consequently, these vague and general allegations related to negligence, negligence per se, vicarious liability, Respondeat superior, agency, products liability, manufacturing liability, failure to warn, design defect, and strict liability do not meet the test of fair notice required by the Texas Rules of Civil Procedure and should be stricken, or in the alternative, Plaintiff should be made to plead more specifically. Of which exception, Defendants pray judgment of the Court.

### IV.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants, PACCAR Financial Corp., Jackson Transportation Services, Inc., and Juan Mercado respectfully request the Court GRANT these Special Exceptions to Plaintiff's Original Petition; ORDER Plaintiff to replead within a specified time period so as to properly set forth a claim against Defendants; in the event Plaintiff

fails to replead of if the pleading defect is not curable, DISMISS the aforementioned causes of action against Defendants without further pleading by said Defendants; and, AWARD such other relief, in law or in equity, Defendants showed themselves justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**


By:   */s/ Brett Timmons*
      **DAVID L. SARGENT**
      State Bar No. 17648700
      david.sargent@sargentlawtx.com
      **BRETT D. TIMMONS**
      State Bar No. 24013637
      brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANT PACCAR FINANCIAL CORP.; JACKSON   TRANSPORTATION   SERVICES, INC. AND JUAN MERCADO**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11TH day of June 2021, a true and correct copy of the

foregoing document was forwarded to all counsel of record for Plaintiff via ECF:

Andrew Dao
John Scott Black
Kyle Patrick Malone
**DALY & BLACK, P.C.**
2211 Norfolk St., Suite 800
Houston, Texas 77098
jblack@dalyblack.com
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)
**~AND~**
Pegah Rahgozar
RAHGOZAR LAW FIRM, PLLC
2825 Wilcrest Dr., Suite 515
Houston, Texas 77042
prahgozar@rahgozarlaw.com
**ATTORNEYS FOR PLAINTIFF**

David M. Prichard
Daniela Gonzales Aldape
**PRICHARD YOUNG LLP**
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
dprichard@prichardyoungllp.com
daldape@prichardyoung llp.com
**ATTORNEYS FOR DEFENDANT
HYUNDAI MOTOR AMERICA**

*/s/ Brett D. Timmons*
**BRETT D. TIMMONS**

CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A, | § | TARRANT COUNTY, |
| PACCAR LEASING COMPANY, | § | TEXAS |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA and JUAN MERCADO, | § | |
| *Defendants.* | | 17TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Aserda Alherbi files her First Amended Petition against Defendants PACCAR Financial Corp. d/b/a PACCAR Leasing Company, Hyundai Motor America, Jackson Transportation Services, Inc., Hyundai Translead and Juan Mercado (collectively, "Defendants"), and for cause of action would respectfully show unto the Court the following:

## DISCOVERY-CONTROL PLAN

Discovery is to be conducted under Level 2 of Texas Rules of Civil Procedure 190.3.

## PARTIES

Plaintiff Aserda Alherbi is an individual residing in Texas.

Defendant PACCAR Financial Corp. d/b/a PACCAR Leasing Corporation is a corporation doing business in Texas. Defendant has been served with a citation and has entered an appearance.

Defendant Jackson Transportation Services, Inc. is a corporation doing business in Texas. Defendant has been served with a citation and has entered an appearance.

Defendant Hyundai Motor America is a company doing business in Texas. Defendant has been served with a citation and has entered an appearance.

1

**EXHIBIT D-#.19**

Defendant Juan Mercado is an individual who was driving the truck made the subject of this lawsuit. Defendant has been served with a citation and has entered an appearance.

Defendant Hyundai Translead is a corporation doing business in Texas. Defendant may be served with process through its registered agent: Robert Hawkins at 5750 Rufe Snow Drive #130, Fort Worth, Texas 76180.

## JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.  Plaintiff seeks damages in an amount greater than $1,000,000. Further, at least one Defendant maintains a principal office or residence in this state. This case is not removable. Venue is proper in this county pursuant to Texas Civil Practice & Remedies Code § 15.002.

## FACTS

On or about September 1, 2020, on East Hwy 114, Plaintiff Alherbi's car contacted with—and went underneath—the side of a 2016 Peterbilt 18-wheeler driven by Defendant Juan Mercado. Defendant PACCAR Leasing Company and/or Jackson Transportation Services, Inc. owned and/or leased the tractor and trailer. Defendant Hyundai Motor America and/or Defendant Hyundai Translead manufactured the trailer. The 2016 Peterbilt truck was hauling for Jackson Transportation Services, who, along with Defendant PACCAR Leasing Company, had the right and ability to control and implement safety features on the tractor-trailer, including side underride guards. These would have prevented the great majority of serious injuries sustained in this crash by Plaintiff.

 At all relevant times, Defendant Hyundai Motor America and/or Defendant Hyundai Translead were/was and are/is engaged in the business of manufacturing, fabricating, designing assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling, and advertising the trailer and/or each and every component part

2

**EXHIBIT D-#.19**

thereof. Defendant(s) knew, or in the exercise of reasonable care, should have known the dangerous hazards that existed without the side underride guards. This trailer, upon information and belief, was sold and/or leased to PACCAR Leasing Company and/or Jackson Transportation Services in the last five years.

Importantly, Defendants were well aware that side underride guards dramatically decrease the number of fatalities and serious injuries sustained in trucking accidents. Further, many countries, including Canada and those in Europe, have required underride protections. This is significant, as at least three Defendants—PACCAR, Hyundai Motor and Hyundai Translead—have operations throughout Canada and/or Europe.

All Defendants knew or should have known that the trailer should have been equipped with side underride guards and should have insisted on such guards to ensure the public's safety.

## CAUSES OF ACTION

### NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

49 CFR 390.5 (2) states:

> *Employee* means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approve by the Congress of the United States who is acting within the course of such employment.

> *Employer* means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or an agency established under a compact between States approved by the Congress of the United States.

> *Motor carrier* means a for-hire motor carrier or a private motor carrier. The term includes a motor carrier's agents, officers and representatives as well as employees

3

**EXHIBIT D-#.19**

responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories. For purposes of subchapter B, this definition includes the terms *employer,* and *exempt motor carrier.*

All Defendants owed a duty to exercise ordinary care and to ensure a vehicle is safe for operation on the road. Defendants have knowledge that side underride guards dramatically decrease the number of fatalities in trucking accidents, and yet did nothing. Many countries, including Canada and those in Europe, have required underride protections. Again, this is significant, as least three Defendants—PACCAR, Hyundai Motor, and Hyundai Translead—have operations in Canada and/or Europe. Defendants are well aware of the importance of those protections, and the viability of installing underride guards onto this tractor-trailer in question, since many of their other tractor-trailers already have them.  Defendants knowingly and recklessly ignored the dangers, and instead chose to prioritize profits over safety.

## NEGLIGENCE PER SE

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

All Defendants violated several statutes and codes, including  49 C.F.R. 396.3 which sets out as follows:

> (1) Parts and accessories shall be in a safe and proper operating condition at all times. These include those specified in part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axes and attaching parts, wheels and rims, and steering systems.

## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, AGENCY

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

Defendants' employees and workers are agents of Defendants. As such, Defendants are responsible for their conduct, due to the relationship that existed, among other acts and omissions of negligence

4

**EXHIBIT D-#.19**

## PRODUCTS LIABILITY, MANUFACTURING DEFECT, FAILURE TO WARN, DESIGN DEFECT, STRICT LIABILITY

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

The defective and unreasonably dangerous conditions of the trailer rendered it unsafe, uncrashworthy and dangerous, and a legal cause of Plaintiff's injuries. Defendant Hyundai Motor America and/or Defendant Hyundai Translead designed, tested, assembled, manufactured, supplied, marketed, promoted, sold, distributed, and put into the stream of commerce the trailer in a defective and unreasonably dangerous condition and the other Defendants subsequently allowed it to operate on the road in that manner.

## DAMAGES

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

Plaintiff seeks damages for physical pain and suffering, mental anguish, physical impairment, disfigurement, medical expenses, loss of earning capacity and loss of household services, for the past and future. Further, Plaintiff is entitled to exemplary damages under CIV. PRAC. AND CODE § 71.009.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

## PRAYER

For these reasons, Plaintiff asks that the Court issue a citation for Defendant Hyundai Translead to appear and answer, and that Plaintiff be awarded a judgment against all Defendants for the following:

a)  All aforementioned damages;

b)  Damages in an amount greater than $1,000,000;

c)  All costs of court expended herein;

d)  Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

5

**EXHIBIT D-#.19**

e)   All other relief to which Plaintiff is justly entitled.

Plaintiff respectfully prays for judgment of, or in excess of, the above amounts and for such other and further relief both at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

*/s/ Andrew Dao*
Andrew Dao
State Bar No. 24082895
Kyle Patrick Malone
State Bar No. 24102128
2211 Norfolk St., Ste. 800
Houston, Texas 77098
(713) 655-1405
(713) 655-1587 (fax)
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

*AND*

**RAHGOZAR LAW FIRM, PLLC**

Pegah Rahgozar
State Bar No. 2405701
2825 Wilcrest Dr., Ste. 515
Houston, Texas 77042
(832) 205-5978
(346) 701-8225 (fax)
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hearby certify that a true and correct copy of this document has been duly served on all counsel of record in accordance with the Texas Rules of Civil Procedure on June 11, 2021.

*/s/ Kyle Patrick Malone*
Kyle Patrick Malone

6

**EXHIBIT D-#.19**

FILED
TARRANT COUNTY
6/11/2021 4:25 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 017-323588-21**

| | | |
|---|---|---|
| **ASERDA ALHERBI** *Plaintiff,* | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY, JACKSON TRANSPORTATION SERVICES, INC., HYUNDAI MOTOR AMERICA AND JUAN MERCADO** | § § § § § | |
| *Defendants.* | § | **17TH JUDICIAL DISTRICT** |

**DEFENDANTS PACCAR FINANCIAL CORP., JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO'S SPECIAL EXCEPTIONS TO PLAINTIFF'S AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Defendants, PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado, and file these Special Exceptions to Plaintiff's Amended Petition, respectfully showing the Court the following:

## I.
## BACKGROUND

On September 1, 2020 on East Hwy 114, Plaintiff Alherbi was driving from work to a tire store in Arlington, Texas. She lost control of her vehicle due to her tires being bald and driving on a wet road. When she lost control of her vehicle it struck a guard rail on the right side of the highway. Plaintiff's vehicle bounced off the guard rail and started to fishtail out of control striking the Defendants' vehicle on the side of the trailer. Plaintiff now alleges that if side underride guard were present on the trailer, Plaintiff's negligence would not have resulted in her damages. Plaintiff presents the broad sweeping allegation that "all Defendants knew or should have known that the



**EXHIBIT D-#.20**

trailer should have been equipped with side underride guards and should have insisted on such guards to ensure the public's safety." Plaintiff's Amended Petition at 3.

On February 23, 2021, Plaintiff filed her Original Petition against Defendants that have filed this motion and Hyundai Motor America, the company that allegedly designed and manufactured the trailer involved in the accident.  On June 11, 2021 Plaintiff filed her Amended Petition adding Hyundai Translead to the case.  However, all of Plaintiff's substantive allegations remained the same.  Therefore, Plaintiff's Original Petition and Amended Petition are defective. Plaintiff makes allegations that the filing Defendants were negligent, and grossly negligent because theoretical safety equipment called side underride guards were not present on the trailer at the time of the accident.  Further, she alleges that Defendants were negligent per se without any allegation as to how the filing Defendants violated any Federal or Texas state statutes.  Plaintiff goes on to make similar blanket allegations against all Defendants regarding vicarious liability, products liability, manufacturing defect, failure to warn, design defect, and strict liability.  Therefore, Plaintiff must replead these claims, or the claims are subject to dismissal.

## II.
## SPECIAL EXCEPTIONS:  PURPOSE AND PROCEDURE

Pleadings in Texas "must consist of a statement in plain and concise language of the plaintiff's cause of action." TEX. R. CIV. P. 45(b).  Fair notice is required, which means the pleadings must provide sufficient detail to allow the opposing party to ascertain the nature and basic issues of the controversy.  *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).  "The purpose of a special exception is to compel clarification of pleadings when the pleadings are not clear or sufficiently specific or fail to plead a cause of action."  *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007).

Through special exceptions, a defendant may challenge the sufficiency of a plaintiff's pleadings to state a cause of action by specifically pointing out "the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations." TEX. R. CIV. P. 91; *see also Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.—Corpus Christi 2002, pet. denied). When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). If a party refuses to amend, or the amended pleading fails to state a cause of action, then the case may be dismissed. *Tex. Dept. of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974). Further, the court is not required to give the plaintiff an opportunity to amend his pleadings if the defect is not curable. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). Thus, dismissal of invalid claims may be conducted through special exceptions. *See Mowbray*, 76 S.W.3d at 678.

The purpose of the plaintiff's petition is to inform the court and defendants of what his or her contentions will be at trial, and the point of special exceptions is to furnish a medium by which to force clarification and specification in the pleadings when they are not clear or sufficiently specific. *Portugal v. Jackson*, 674 S.W.2d 393, 394 (Tex. App.—Waco 1983, writ ref'd n.r.e.); *Texas Lime Co. v. Hindman*, 300 S.W.2d 112, 118 (Tex. App.—Waco 1957) *aff'd* 305 S.W.2d 947 (Tex. 1957). In other words, the purpose of a special exception is to require the plaintiff to state more fully, clearly, and specifically the facts that constitute a cause of action, so the court may understand and submit to the jury the issues presented by the pleading and the testimony, and the defendant may properly prepare for trial and guard against surprise. *Southern Underwriters v. Dykes*, 146 S.W.2d 1105, 1108 (Tex. App.—Amarillo 1940, writ ref'd). A trial court has broad discretion to sustain special exceptions and order more definite pleadings as a particular case may

require; its ruling will not be disturbed absent an abuse of discretion. *Kutch v. Del Mar College*, 831 S.W.2d 506, 508 (Tex. App.—Corpus Christi 1992, no writ).

## III.
## SPECIAL EXCEPTIONS

**1)    General "Catch-All" Allegations of Negligence and Gross Negligence**

Defendants specially except to Plaintiff's Amended Petition page 2-5 general allegations without specification of what actions or inactions on the part of the individual filing Defendants supposedly demonstrate Plaintiff's alleged causes of action.  First, Plaintiff generally alleges all Defendants "owed a duty to exercise ordinary care to ensure a vehicle safe for operation on the roads."  *See* Amended Petition, p. 4, para. 1.  Plaintiff never specifies what regulations are applicable to Plaintiff's allegations of negligence.  Other than merely concluding that all Defendants had a duty on install side underride guards on a commercial trailer, Plaintiff provides no guidance as to the actions or inactions on the part of the filing Defendants constitute negligence and gross negligence.

**2)    Vague and General Allegations of Negligence Per Se**

Plaintiff then alleges all Defendants were negligent per se. *See id.* at 4, para. 2.  Plaintiff again groups all Defendants regardless of their capacities to summarily allege: "all Defendants violated several statutes and codes, including 49 C.F.R. 396.3. *See id.*  The cited regulation is a Federal regulation regarding parts and accessories of a commercial vehicle should be in proper operating condition.  Plaintiff makes no allegation as to how the filing Defendants violated "several statutes and codes."

**3)    Vague and General Allegations of Vicarious Liability, Respondeat Superior and Agency**

Plaintiff alleges that Defendants employees are workers and agents of Defendants and therefore, Defendants are responsible for their conduct. *See id.* at 5, para. 1.  However, Plaintiff never

alleges what actions on the part of any employee constituted negligence for which the filing Defendants could supposedly be liable.  Therefore, Plaintiff's pleading is nothing more than a restatement of the law giving the filing Defendants no notice of the conduct by which Plaintiff is alleging she was harmed.

### 4) Vague and General Allegations of Products Liability, Manufacturing Defect, Failure to Warn, Design Defect and Strict Liability

Plaintiff's petition on page 5 merely claims that the trailer in question was defective and unreasonably dangerous and that ALL Defendants "allowed it to operate on the road in that manner." *Id.* at 5,. Para. 3.  Plaintiff makes these blanket allegations without any differentiation as to what actions on the part of the filing Defendants would constitute liability to the Plaintiff for product liability, manufacturing defect, failure to warn, design defect and strict liability.  Plaintiff has even grouped Juan Mercado into these allegations.  All the filing Defendants would have the Plaintiff require greater specification as to how they individually are liable to the Plaintiff for these causes of action.

As a result of Plaintiff's generality, vagueness, and obscurity, Defendants are not able to formulate a defense to these claims.  Consequently, these vague and general allegations related to negligence, negligence per se, vicarious liability, Respondeat superior, agency, products liability, manufacturing liability, failure to warn, design defect, and strict liability do not meet the test of fair notice required by the Texas Rules of Civil Procedure and should be stricken, or in the alternative, Plaintiff should be made to plead more specifically.  Of which exception, Defendants pray judgment of the Court.

### IV.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants, PACCAR Financial Corp., Jackson Transportation Services, Inc., and Juan Mercado respectfully request the Court GRANT

these Special Exceptions to Plaintiff's Amended Petition; ORDER Plaintiff to replead within a specified time period so as to properly set forth a claim against Defendants; in the event Plaintiff fails to replead of if the pleading defect is not curable, DISMISS the aforementioned causes of action against Defendants without further pleading by said Defendants; and, AWARD such other relief, in law or in equity, Defendants showed themselves justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:     */s/ Brett Timmons*
        **DAVID L. SARGENT**
        State Bar No. 17648700
        david.sargent@sargentlawtx.com
        **BRETT D. TIMMONS**
        State Bar No. 24013637
        brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANT
PACCAR FINANCIAL CORP.;
JACKSON   TRANSPORTATION   SERVICES,
INC. AND JUAN MERCADO**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11TH day of June 2021, a true and correct copy of the

foregoing document was forwarded to all counsel of record for Plaintiff via ECF:

Andrew Dao
John Scott Black
Kyle Patrick Malone
**DALY & BLACK, P.C.**
2211 Norfolk St., Suite 800
Houston, Texas 77098
jblack@dalyblack.com
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)
**~AND~**
Pegah Rahgozar
RAHGOZAR LAW FIRM, PLLC
2825 Wilcrest Dr., Suite 515
Houston, Texas 77042
prahgozar@rahgozarlaw.com
**ATTORNEYS FOR PLAINTIFF**

David M. Prichard
Daniela Gonzales Aldape
**PRICHARD YOUNG LLP**
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
dprichard@prichardyoungllp.com
daldape@prichardyoung llp.com
**ATTORNEYS FOR DEFENDANT**
**HYUNDAI MOTOR AMERICA**

*/s/ Brett D. Timmons*
**BRETT D. TIMMONS**

017-323588-21

FILED
TARRANT COUNTY
6/11/2021 5:04 PM
THOMAS A. WILDER
DISTRICT CLERK

# THOMAS A. WILDER, DISTRICT CLERK
## TARRANT COUNTY SERVICE REQUEST FORM

**Cause No:** 017-323588-21

**Style of Case:** Aserda Alherbi v. Paccar Financial Corp. d/b/a Paccar Leasing Company, et al

Please reference the District Clerk web page, **www.tarrantcounty.com/DistrictClerk/Forms** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed. *For electronic service, service document will be e-mailed to you for you to attach documents and have party served.**

| X | **Check box if you would like the District Clerk's Office to make copies for your service.** (add $.50 per page per pleading for copies for service)

**Title of Pleading to be Served:** PLAINTIFF'S FIRST AMENDED PETITION

**Date Pleading Filed:** 06/11/2021

**Return to (e-Service ONLY):** ecfs@dalyblack.com

**(Name and e-mail address)**

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 1 | Citation | | | | x |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: Hyundai Translead through Robert Hawkins   Service Type: Electronic
Address for Service: 5750 Rufe Snow Drive #130, Fort Worth, Texas 76180   Party Type: Defendant

Name of Party to be served: _____   Service Type: _____
Address for Service: _____   Party Type: _____

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**
NAME: Andrew Dao
MAILING ADDRESS: 2211 Norfolk St, Suite 800, Houston, TX 77098

PHONE NO: (713) 655-1405   FAX NO.: (713)655-1587
EMAIL ADDRESS: ecfs@dalyblack.com

**EXHIBIT D-#.21**   Revised 06/04/2018

017-323588-21

FILED
TARRANT COUNTY
6/15/2021 4:23 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17ᵀᴴ JUDICIAL DISTRICT** |

---

## NOTICE OF HEARING

---

**PLEASE TAKE NOTICE** that *Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado's Special Exceptions to Plaintiff's Amended Petition* has been set for hearing on **Monday, July 19, 2021 at 10:30 a.m.**  The Hearing will be conducted via ZOOM before the 17ᵀᴴ Judicial District Court of Tarrant County, Texas.  The Court will provide Zoom instructions at a later date.

**EXHIBIT D-#.22**

Respectfully submitted,

**SARGENT LAW, P.C.**


By:  */s/ Brett Timmons*
      **DAVID L. SARGENT**
      State Bar No. 17648700
      david.sargent@sargentlawtx.com
      **BRETT D. TIMMONS**
      State Bar No. 24013637
      brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANT PACCAR FINANCIAL CORP.; JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO**


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15TH day of June 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record via ECF.


          */s/ Brett D. Timmons*
          **BRETT D. TIMMONS**

**EXHIBIT D-#.22**

FILED
TARRANT COUNTY
7/15/2021 4:35 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 017-323588-21**

| | | |
|---|---|---|
| ASERDA ALHERBI | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | 17TH JUDICIAL DISTRICT |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A | § | |
| PACCAR LEADING COMPANY, | § | |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA, and JUAN MERCADO | § | |
| **Defendants.** | § | TARRANT COUNTY, TEXAS |

## NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL AND CHANGE
## OF LEAD COUNSEL FOR DEFENDANT, HYUNDAI MOTOR AMERICA

COMES NOW Hyundai Motor America ("HMA"), and files this Notice of Appearance of Additional Counsel and Change of Lead Counsel. **Kevin M. Young, State Bar No. 22199700, of PRICHARD YOUNG LLP, 10101 Reunion Place, Suite 600, San Antonio, Texas 78216,** has appeared as additional attorney of record for HMA, and will now serve as lead counsel. HMA gives notice that Daniela G. Aldape is withdrawn as counsel of record, as she is no longer with the Prichard Young law firm.

Kevin M. Young certifies that he is a member in good standing with the State Bar of Texas.  Please copy the undersigned on all future pleadings and correspondence, and direct all communications to Kevin Young going forward.

Respectfully submitted,

*/s/ Kevin M. Young*
Kevin M. Young
State Bar No. 222199700
(210) 477-7404 [Direct]
(210) 859-1950 [Cell]
Email: kyoung@prichardyoungllp.com

A. Nikki Vega
State Bar No. 24115901
(210) 477-7423 [Direct]
nvega@prichardyoungllp.com

#162517

**EXHIBIT D-#.23**

PRICHARD YOUNG, L.L.P.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

***Attorneys for Defendant,***
***Hyundai Motor America***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the **15th day of July, 2021,** a true and correct copy of the above and foregoing ***Notice of Additional Counsel and Change of Lead Counsel for Defendant, Hyundai Motor America,*** was forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure, via Efile Texas.

Andrew Dao
adao@dalyblack.com
John Scott Black
jblack@dalyblack.com
Kyle Patrick Malone
kmalone@dalyblack.com
**DALY & BLACK, P.C.**
2211 Norfolk St., Ste. 800
Houston, TX 77098
ecfs@dalyblack.com  (service)

and

Pegah Rahgozar
prahgozar@rahgozarlaw.com
Rahgozar Law Firm, PLLC
2825 Wilcrest Dr., Ste. 515
Houston, TX 77042

***Attorneys for Plaintiffs***

David L. Sargent
david.sargent@sargentlawtx.com
Brett Timmons
brett.timmons@sargentlawtx.com
**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, TX 75201-7346

***Attorneys for Defendants,***
***Paccar Financial Corp.;***
***Jackson Transportation Services, Inc.***
***and Juan Mercado***

/s/ Kevin M. Young
Kevin M. Young

2
**EXHIBIT D-#.23**

017-323588-21

FILED
TARRANT COUNTY
7/16/2021 2:28 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A,** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA, AND JUAN MERCADO,** | § | |
| | § | |
| **Defendants.** | § | **17th JUDICIAL DISTRICT** |

---

### PLAINTIFF'S NOTICE OF NON-SUIT WITHOUT PREJUDICE AS TO HYUNDAI MOTOR AMERICA

---

TO THE HONORABLE JUDGE OF MELODY WILKINSON:

Plaintiff Aserda Alherbi files this Notice of Nonsuit Without Prejudice only as to Defendant Hyundai Motor America, and will continue to prosecute her claims against all other Defendants.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: */s/ Andrew Dao*
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Ajay Ketkar
State Bar No. 24102801
aketkar@dalyblack.com
2211 Norfolk St., Ste. 800
Houston, TX 77098
ecfs@dalyblack.com (service)

**EXHIBIT D-#.24**

AND

**RAHGOZAR LAW FIRM, PLLC**

*/s/ Pegah Rahgozar*
Pegah Rahgozar
Rahgozar Law Firm, PLLC
State Bar No. 24085701
2825 Wilcrest Dr., Ste. 515
Houston, TX 77042
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I served this instrument on all parties of record in accordance with Rule 21a on the 16th day of July, 2021.

*/s/ Andrew Dao*

_____

Andrew Dao

CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A,** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA, AND JUAN MERCADO,** | § | |
| | § | |
| **Defendants.** | § | **17th JUDICIAL DISTRICT** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE MELODY WILKINSON:

Plaintiff Aserda Alherbi files this, her Response to Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc., and Juan Mercado's Special Exception to Plaintiff's Amended Petition, and in support thereof would respectfully show the Court as follows:

### SUMMARY OF ARGUMENT

1.      Defendants fully comprehend Plaintiff's claims. Case in point: On page 2 of their Special Exceptions, Defendants state, "Plaintiff makes allegations that the filing Defendants were negligent, and grossly negligent because theoretical safety equipment called side underride guards were not present on the trailer at the time of the accident." *By articulating that very sentence,* *Defendants demonstrated they have fair notice of the facts upon which Plaintiff bases her claims.*

2.      It is not that Defendants do not understand Plaintiff's claims; it's that they disagree with them. Defendants' arguments are better suited for a motion for summary judgment, not special exceptions. Plaintiff's Amended Petition more than meets the fair notice pleading standard under Texas law, and this Court should overrule Defendants' Special Exceptions.

**EXHIBIT D-#.25**

## FACTUAL BACKGROUND

3.       On or about September 1, 2020, Plaintiff Alherbi's car went underneath the side of a 2016 Peterbilt 18-wheeler that was driven by Defendant Mercado, and was owned and/or operated by Defendants PACCAR Financial Corp. ("PACCAR") and/or Defendant Jackson Transportation Services Inc. ("JTS"). On February 23, 2021 Plaintiff filed suit against Defendants, alleging they exacerbated the injuries she sustained in a motor vehicle accident due to their failure to use or install side underride guards on the 18-wheeler. Plaintiff also filed suit Hyundai Motor America regarding the same claim concerning the lack of side underride guards.

4.       Defendants JTS and Mercado filed their Original Answer on March 8, 2021. Defendant PACCAR filed its Original Answer on March 26, 2021. All three Defendants are represented by the same counsel. At the time of filing Defendants' Original Answers, counsel for Defendants did not voice any concern regarding the deficiencies of Plaintiff's Original Petition.

5.       Hyundai Motor America ("HMA") filed its Original Answer on April 29, 2021. By conferencing with HMA's counsel, Plaintiff learned that HMA was not the proper party, but rather the proper party was Hyundai Translead ("HT"). Even in the weeks after HMA answered and appeared in this case, counsel for Defendants JTS, Mercado, and PACCAR never expressed any issues with Plaintiff's Original Petition.

6.       On June 11, 2021, Plaintiff filed her Amended Petition, which merely added HT as a party to this case. With the exception of adding Defendant HT, Plaintiff's Amended Petition is exactly the same, word for word, as her Original Petition. On the same day, Defendants JTS, Mercado, and PACCAR filed their Special Exceptions. At no time prior to the filing of their Special Exceptions or setting of the oral hearing did Defendants' counsel even attempt to confer with Plaintiff's counsel regarding the supposed deficiencies of either petition.

2

**EXHIBIT D-#.25**

## ARGUMENT & AUTHORITIES

### I.     Texas Follows the "Fair Notice" Standard for Pleadings.

7.      Texas follows the "fair notice" standard for pleadings. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex. 2000). This means a petition is sufficient if it gives the defendant "fair and adequate notice" of the facts upon which the pleader bases its claim. *Id.* (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). If the pleading gives the opposing party enough information to enable it to prepare its defense, the pleading is sufficient. *Roark*, 633 S.W.3d at 810. Texas law does not require a party to detail the evidence proving their claims within their petition. *Paramount Pipe & Sup. Co. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988).

8.      When asserting special exceptions, the defendant must identify the particular part of the plaintiff's pleading it challenges and point out the particular defect. TEX. R. CIV. P. 91. The trial court abuses its discretion when it sustains special exceptions that fail to point out a defect. *Muecke v. Hallstead*, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.). In the event the trial court does sustain the special exceptions, it must give the pleader an opportunity to amend their pleadings. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007).

### II.    Plaintiff's Amended Petition Sufficiently Establishes the Factual Basis for Her Negligence and Gross Negligence Claims.

9.      Defendants complain that "page [sic] 2-5 general allegations without specification of what actions or inactions on the part of the individual filing Defendants supposedly demonstrate Plaintiff's alleged cause of action"[1] and that "Plaintiff never specifies what regulations are applicable to Plaintiff's allegations of negligence."[2]

10.     First, it's ironic that Defendants complain about Plaintiff's lack of specificity and

---

[1] See Defendants' Special Exceptions, P. 4.
[2] See *Id.*

3

**EXHIBIT D-#.25**

then (incorrectly) generalize 3 pages of Plaintiff's Amended Petition, especially when Plaintiff

clearly established the reason and nature of the duty within those pages:

- "Defendant(s) knew, or in the exercise of reasonable care, should have known the dangerous hazards that existed without the side underride guards."[3]

- "Defendants were well aware that side underride guards dramatically decrease the number of fatalities and serious injuries sustained in trucking accidents."[4]

- "Further, many countries, including Canada and those in Europe, have required underride protections. This is significant, as at least three Defendants—PACCAR, Hyundai Motor and Hyundai Translead—have operations throughout Canada and/or Europe."[5]

- Defendants are well aware of the importance of those protections, and the viability of installing underride guards onto this tractor-trailer in question, since many of their other tractor-trailers already have them."[6]

11.     <u>Second</u>, Defendants incorrectly assume statutory regulations are the sole basis of

an actor's duty.

12.     Duties can arise out of common-law. In deciding whether there is a common-law

duty, courts apply the risk-utility test. *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 736 (Tex. 1998).

The factors the courts use when applying the risk-utility test are the risk, foreseeability, and

likelihood of injury balanced against the social utility of the actor's conduct, the magnitude of the

burden of guarding against injury, and the consequences of placing the burden on the defendant.

*Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 405 (Tex. 2009).

13.     Plaintiff's claim is clear: Side underride guards are viable because they are used

by Defendants in other countries, and they have a known benefit of decreasing both the likelihood

and severity of serious injuries. Defendants had a duty to use them and were negligent were

negligent by failing to place them on the tractor-trailer at issue in this case, or by failing to use a

---

[3] Plaintiff's Amended Petition, P. 3; see also P. 4.
[4] *Id*.
[5] *Id*.
[6] Plaintiff's Amended Petition, P. 4.

**EXHIBIT D-#.25**

tractor-trailer that had them, because had they done so, Plaintiff's injuries would have been much less severe.

### III.    Plaintiff's Amended Petition Sufficiently Establishes the Factual Basis for Her Negligence Per Se Claim.

14.    Defendants then go on to argue that Plaintiff failed to state how Defendants violated the statute specifically enumerated by Plaintiff in her pleading (49 C.F.R. 396.3).

15.    For the sake of judicial efficiency, Plaintiff stated she "incorporates the foregoing factual allegations as if incorporated below."[7] This means all of the factual allegations Plaintiff previously discussed in her pleading that explain Defendants' liability for her injuries (see Section II of this Motion) have been incorporated in the section of her Amended Petition where she asserts a negligence per se claim.

16.    Defendants' failure to equip the tractor-trailer with side underride guards or use a tractor-trailer with side underride guards is a violation of 49 C.F.R. 396.3 because it means the tractor-trailer was not "in a safe and proper operating condition…" Plaintiff provided fair notice of her negligence per se claim.

### IV.    Plaintiff's Amended Petition Sufficiently Establishes the Factual Basis for Her Vicarious Liability Claims.

17.    Plaintiff asserted "Defendants' employees and workers are agents of Defendants…Defendants are responsible for their conduct, due to the relationship that existed,…"[8]

18.    Plaintiff has already thoroughly explained the factual basis of her negligence, gross negligence, and negligence per se claims (See Sections II and III). Plaintiff's claim is straightforward: if the negligence of one of Defendants' agents or employees caused Plaintiff's

---

[7] *Id.*
[8] *Id.*

5

injuries, the agent or employee's employer is liable for that bad conduct. Defendants have more than adequate notice to be able to prepare any defenses.

## V.   Plaintiff's Products Liability Claim Does Not Apply to Defendants PACCAR, JTS, and Mercado.

19.     Plaintiff filed a products claim against HMA and/or HT, not Defendants. If HMA or HT feels Plaintiff's Amended Petition does not provide fair notice of her products liability claim, those parties are free to file their own special exceptions.

## CONCLUSION

20.     Plaintiff's Amended Petition gives more than adequate notice of the factual basis of her claims. This is proven because the rhetoric of Defendants' Special Exceptions reveals they fully comprehend the claims Plaintiff is making, allowing them to prepare a defense. Defendants will have an opportunity to challenge the merits of Plaintiff's claims, but that day is in the future. While this Court should overrule Defendants' Special Exceptions, in the event they are sustained, Plaintiff respectfully requests the Court permit her to amend her pleading so that it conforms to the requirements imposed by Texas Law.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: */s/ Andrew Dao*
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Ajay Ketkar
State Bar No. 24102801
aketkar@dalyblack.com
2211 Norfolk St., Ste. 800
Houston, TX 77098
ecfs@dalyblack.com (service)

6

**EXHIBIT D-#.25**

AND

**RAHGOZAR LAW FIRM, PLLC**

*/s/ Pegah Rahgozar*
Pegah Rahgozar
Rahgozar Law Firm, PLLC
State Bar No. 24085701
2825 Wilcrest Dr., Ste. 515
Houston, TX 77042
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that I served this instrument on all parties of record in accordance with Rule 21a on the 16th day of July, 2021.

*/s/ Andrew Dao*

_____

Andrew Dao

7

**EXHIBIT D-#.25**

017-323588-21

FILED
TARRANT COUNTY
7/19/2021 12:07 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A, | § | |
| PACCAR LEASING COMPANY, | § | |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA, AND JUAN MERCADO, | § | |
| | § | |
| **Defendants.** | § | 17th JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS PACCAR FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY, JACKSON TRANSPORTATION SERVICES, INC., AND JUAN MERCADO'S SPECIAL EXCEPTIONS

After considering Defendants PACCAR Financial Corp. d/b/a PACCAR Leasing Company, Jackson Transportation Services, Inc., and Juan Mercado's Special Exceptions, this Court is of the opinion that the Special Exceptions should be OVERRULED in their entirety.

Signed on _____, 2021.


_____
PRESIDING JUDGE


**AGREED AS TO FORM ONLY:**

_/s/ Brett Timmons  (Signed with permission)____
Brett Timmons
Counsel for Defendants


**EXHIBIT D-#.26**

017-323588-21

FILED
TARRANT COUNTY
7/19/2021 4:41 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17TH JUDICIAL DISTRICT** |

---

### ORDER GRANTING PACCAR FINANCIAL CORP., JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO'S MOTION FOR SUMMARY JUDGMENT

---

**ON THIS DAY**, it came to be considered Defendants, PACCAR Financial Corp., d/b/a PACCAR Leasing Company, Jackson Transportation Services, Inc., and Juan Mercado's Motion for Summary Judgment (the "Motion") in the above-entitled matter.

The Court, having read the Motion, any responses thereto, and having considered the arguments of counsel related thereto, is of the opinion that the Motion should in all things be **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Court further **ORDERS** that all of Plaintiff's claims against Defendants, PACCAR Financial Corp., d/b/a PACCAR Leasing Company, Jackson Transportation Services, Inc., and Juan Mercado in the above-entitled action are hereby dismissed with prejudice to the refiling of same or any part thereof.

---

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT     **Page 1**
2114649  v.2
0185/00982     **EXHIBIT D-#.27**

**IT IS FURTHER ORDERED** that taxable court costs herein incurred shall be taxed against the party incurring the same.

**SIGNED** this _____ day of _____, 2021.

_____
**JUDGE PRESIDING**

FILED
TARRANT COUNTY
7/19/2021 4:41 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17ᵀᴴ JUDICIAL DISTRICT** |

### DEFENDANTS PACCAR FINANCIAL CORP., JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado and pursuant to Texas Rules of Civil Procedure 166a(c), file this Traditional Motion for Summary Judgment ("Motion"), and in support thereof would respectfully show the Court as follows:

### I.    SUMMARY OF THE ARGUMENT

Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado assert that Plaintiff's claims for negligence, gross negligence, negligence per se, vicarious liability, Respondeat superior, agency, products liability, manufacturing defect, failure to warn, design defect and strict liability are without any foundation in Texas law.  Further, Plaintiff cannot establish a duty on the part of the above referenced Defendants to the Plaintiff in the alleged capacity in which they are sued.  All causes of action asserted against the above referenced

Defendants hinge on Plaintiff's allegation that there should have been additional equipment installed on the trailer, which the Plaintiff negligently impacted. For example, Plaintiff alleges that Defendants "owed a duty to exercise ordinary care and to ensure a vehicle safe for operation on the roads." *See* Plaintiff's Amended Petition at 4. However, Plaintiff's only allegation of the alleged unsafe nature of the vehicle is the lack of any "side underride guards," because they "dramatically decrease the number of fatalities (not involved in this suit) in trucking accidents." *Id.* Therefore, Plaintiff is attempting to impose a duty on the end user of a product to investigate, research, postulate, change and/or modify a product because there is supposedly a safer design in existence in "many countries including Canada and those in Europe." *Id.* There is no foundation for such an imposition of a duty in Texas. In fact, the Texas Supreme Court has repeatedly held the opposite is true. We would ask this Court to follow the precedent set for decades and grant Defendants' motion for summary judgment regarding all of Plaintiff's allegations against Defendants.

## II.  BACKGROUND FACTS

On September 1, 2020 on East Hwy 114, Plaintiff Alherbi was driving from work to a tire store in Arlington, Texas. She lost control of her vehicle due to her tires being bald and driving on a wet road. *See* Accident Report at 2. When she lost control of her vehicle it struck a guardrail on the right side of the highway. *See id.* Plaintiff's vehicle bounced off the guard rail and started to fishtail out of control striking the Defendants' vehicle on the side of the trailer. *See id.* Plaintiff now alleges that if side underride guard were present on the trailer, Plaintiff's negligence would not have resulted in her damages. Plaintiff presents the broad sweeping allegation that "all Defendants knew or should have known that the trailer should have been equipped with side underride guards and should have insisted on such guards to ensure the public's safety." Plaintiff's

Amended Petition at 3. Texas law does not provide any foundation for such a broad duty to the public at large for parties that are not engaged in the design, manufacture, and distribution of a product.

### III.  STANDARD OF REVIEW

Traditional summary judgment permits the Court to promptly dispose of unmeritorious claims or untenable defenses. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979). To prevail on a motion for summary judgment, the movant must establish that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); and *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993). When the movant negates at least one of the essential elements of a cause of action they are entitled to summary judgment as to that cause of action. *Randall's Food Markets*, 891 S.W.2d at 644; (*citing Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex. 1993); and *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970)). Once a movant establishes its right to summary judgment, the burden shifts to the non-movant to present evidence sufficient to raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678—79 (Tex.1979).

Here, Plaintiff's own pleading conclusively establishes that Defendants are not engaged in the manufacturing, designing, assembling, distributing, selling, servicing, repairing, marketing, warranting, wholesaling and/or advertising the trailer and/or any part of it.

### IV.  SUMMARY JUDGMENT EVIDENCE

Defendants' motion for summary judgment relies on the following attached evidence:

|  |  |
|---|---|
| **Exhibit A** | Plaintiff's Amended Petition |
| **Exhibit B** | Texas Peace Officer's Crash Report, TxDot/Crash ID: 17848534.1 / 2020345511 |

Defendants specifically challenge Plaintiff's causes of action against PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado for: (1) vicarious liability, under *Respondeat superior*; (2) negligence and gross negligence; (3) negligence per se; (4) products liability, manufacturing defect, failure to warn, design defect and strict liability.

## V.   ARGUMENTS & AUTHORITIES

All of Plaintiff's allegations against the filing Defendants stem from a product liability theory of defect. Although she alleges negligence, negligence per se and gross negligence the specific allegations rest on the failure of side underride guards to be present. Plaintiff has not alleged any negligence on the part of the Defendants caused the accident merely that the absence of a piece of equipment would have made Plaintiff's injuries less. Specifically, Plaintiff alleges four causes of action against Defendants: (1) vicarious liability; (2) negligence and gross negligence; (3) negligence per se; (4) products liability, manufacturing defect, failure to warn, design defect and strict liability. *See* Pls. Amend. Pet., at pgs. 3-5. The threshold inquiry in a negligence case is duty. *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017). The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Id*.

### A.   Defendants' Do Not Owe the Plaintiff a Duty to provide Side Underride Guards under Texas Law

The Texas Supreme Court has been clear that "product-liability law requires those who place products in the stream of commerce to stand behind them; it does not require everyone who facilitates the stream to do the same." *New Texas v. Gomez*, 249 S.W.3d 400, 402 (Tex. 2008). The Supreme Court in *New Texas* dealt with the plaintiff seeking damages from an auction house that was involved in the sale of a Ford Explorer with Firestone tires that were under recall. A year

after the auction the plaintiff was involved in an accident.  The Texas Supreme Court upheld the summary judgment on both strict liability and negligence grounds.

### 1.  Strict Liability is Limited to Those Engaged in the Business of Selling a Product

In 1967 Texas adopted section 402A of the Restatement of Torts. *See id*. at 403 (citing to *McKisson v. Sales Affiliates*, 416 S.W.2d 787, 789 (Tex. 1967)).  The Court held that section 402A did not apply to everyone. *See id.*  Since *McKisson* the Court held that strict liability has only been applied to businesses that are "in the same position as one who sells the product." *Id.* at 403-404.  The reason for the limitation arises from the justifications for strict liability itself, namely: (1) compensating injured customers, (2) spreading the potential losses, and (3) deterring future injuries. *Id.* at 404.  Therefore, businesses that play only an incidental role in a product's placement are rarely in a position to deter future injuries by changing a product's design or warnings. *Id.* When it came to defining those companies that introduce the products into the stream of commerce the Court held it was "intended to describe producers, no mere announcers like an auctioneer or an emcee at a trade show who 'introduces' a product to a crowd but has nothing to do with making it." *Id.* at 405.  The Court went on to reference Chapter 82 that to support its limitations.  Chapter 82 provides indemnity from the manufacturer to the retailers of the products.  The Court points out that Chapter 82 demonstrates the Texas legislative intent to restrict liability to those companies who manufacture the products. *See id.*

In this case all of Defendants are not in the business of manufacturing, designing, or marketing the trailer at issue.  PACCAR merely owns the trailer; Jackson Transportation merely leases the trailer from PACCAR, and Juan Mercado was the driver pulling the trailer on the day of the accident.  Therefore, strict liability would not apply to the Defendants.

The Texas Supreme Court has also held that a commercial trucking company cannot be found liable where there has been no sale of selling or leasing its trailers to "ordinary users or consumers," but instead used the trailers solely for its own business purpose. *See FFE Trans. Serv. v. Fulgham*, 154 S.W.3d 84, 89 (Tex. 2004). Like in the present case, the Plaintiff sued a commercial trucking company under strict liability because bolts on the trailer connection to the tractor failed. The Court held that FFE was the end user and consumer of the trailer. *See id.* The same facts are present in this suit. PACCAR, Jackson Transportation and Juan Mercado are the end users of the trailer involved in the accident and do not engage in the business of selling trailers.

### 2. Defendants Can Not be Negligent in Failing to Add Proposed Additional Safety Equipment

Plaintiff alleges that all Defendants owed a duty to exercise ordinary care to ensure a vehicle safe for the operation on the roads. *See* Plaintiff's Amended Petition at 4. She further alleges that Defendants had knowledge of the safety benefits of side underride guards. *See id.* Therefore, Plaintiff concludes Defendants were negligent in failing to have them installed on their trailer. *See id.* This shallow line of reasoning is not unique to this case and has been rejected over and over by the Texas Supreme Court. Plaintiff cannot present any case that would apply such a sweeping duty on an end user of a product. Not to mention a truck driver, Juan Mercado.

In *New Texas* the Supreme Court dealt with a similar argument when the plaintiff argued that the auction house should have replaced tires that were under recall on a vehicle they sold. *See New Texas*, 249 S.W.3d at 406. The Court argued that ignoring a recall may run the risk of severe injury, but that there were a huge number of recalls and the risk varied widely. *See id.* The Court pointed out that imposing a duty on an auctioneer to discover and repair defects would require them to go into a side business other than their own. *See id.* The same situation applies in this case. At least in *New Texas* the plaintiff could point to a safety recall. Plaintiff in this case is

attempting to impose a duty on the Defendants to be aware and responsive to all alternative designs of trailers before using a legally registered and inspected trailer on the road.  Such a sweeping duty would require trucking companies, trailer owners and truck drivers to become marketing, manufacturing, and engineering experts before one load could be carried.  There is no foundation for such a duty, and the Texas Supreme Court has expressly denied its existence.

The Supreme Court held that the auctioneers in *New Texas* clearly had inferior knowledge when compared to manufacturers of the products, and that there was no indication that the auctioneers had any control over how the manufacturers made their products.  *See id.* at 406-407.  The same is true in this case.  Additionally, the Supreme Court held that to require such a sweeping duty would require imposing it on every person who ever sold a used car, as there is 'no sensible or just stopping point.' *Id.* at 207.  The Court held that "one's moral duty to warn of known dangers does not impose a legal duty to discover and remedy unknown dangers too." *Id.*

No case has imposed a duty on trucking companies and owners to know the products to the same degree as those of vehicle manufacturers.  Vehicle manufacturers know their products best and are best suited to allocate the costs of any defects across those products.  Trucking companies, on the other hand, do not have the same expertise, and would be put in the position of imposing the cost of defects in the manufacturer's products on different products, *i.e.*, the goods hauled by the trucking company.  *FFE Trans.* and *New Texas* should be followed, and this Court should grant Defendants' motion.

**B. Defendants are Entitled to Summary Judgment on Claims of Vicarious Liability as there was No Duty on the part of any Employee to Supply, Install or Insist on Side Underride Guards.**

Under the common-law doctrine of *respondeat superior*, or vicarious liability, "liability for one person's fault may be imputed to another who is himself entirely without fault solely

because of the relationship between them." *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 540 (Tex. 2002) (plurality op.) (citation omitted). *Respondeat superior* is an exception to the general rule that a person has no duty to control another's conduct.  *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) (citing *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)).

An employer is vicariously liable for its employee's negligent acts, if those acts are within the course and scope of his employment. *See Mayes*, 236 S.W.3d at 757. In order to prove an employer's vicarious liability for a worker's negligence, the plaintiff must show that, at the time of the negligent conduct, the worker (1) was an employee and (2) was acting in the course and scope of his employment. *See id.; see also Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002) (noting that the issues on appeal of a summary judgment for the employer on a vicarious-liability claim included (1) whether a fact question existed on the worker's status as an employee and (2) if the worker was an employee, whether he was acting in the course and scope of his employment).

Plaintiff alleges vicarious liability, under the doctrine of *Respondeat superior*, against Defendants for the conduct of "Defendants' employees and workers are agents of Defendant." Pls. Amend. Pet., at 4.[1]  Here, Texas law conclusively establishes that Juan Mercado did not have any duty to manufacture, design, or install side underride guards on the trailer in question.  Therefore, Jackson Transportation Services can not be liable for the alleged negligence of Juan Mercado.  Plaintiff has not alleged negligent actions on the part of any other employee of PACCAR or

---

[1] *Employer* means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or an agency established under a compact between States approved by the Congress of the United States. 49 CFR § 390.5 (Definitions).

Jackson Transportation Services.  According to the accident report, no other employees were present at the accident in question.

**C. Defendants are Entitled to Summary Judgment on Claims of Negligence, Negligence Per Se and Gross Negligence as it was Not the Manufacturer or Retailer of the Trailer.**

In a negligence cause of action, the plaintiff bears the burden of proving, as to each claim: (1) a legal duty exists between the plaintiff and defendant; (2) the defendant breached that duty; and, (3) the breach by the defendant proximately caused the plaintiff's damages.  *Kroger Co. v. Elwood,* 197 S.W.3d 793, 794 (Tex. 2006).  A failure to present evidence on any one of these elements is fatal to plaintiffs' claim.  *Dominguez*, 873 S.W.2d at 376.

Plaintiff's negligent, negligence per se and gross negligent causes of action fail as there was no duty between Defendants and Plaintiff.  *See Elwood,* 197 S.W.3d at 794 and *Dominguez*, 873 S.W.2d at 376.  The federal statutes generally referenced in Plaintiff's Petition are not applicable to assign liability or a duty on Defendant for the incident that occurred on September 1, 2020.  Pls. Amend. Pet., at 3-4.

Plaintiff cannot prove Defendants owed a legal duty regarding the alleged negligent and gross negligent towing of a trailer without the theoretical safety protections of side underride guards.  Plaintiff merely alleges that Defendants knew that side underride guards were safer.  However, in the absence of a legal duty, liability cannot be attributed to Defendants.  Therefore, Defendants are entitled to summary judgment on Plaintiff's causes of action for negligence, negligence per se and gross negligence, and said claims should be dismissed in their entirety.

## VI.    CONCLUSION

Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado have established under Texas law that they did not owe a duty to the Plaintiff for the failure to install side underride protections on the trailer that was involved in the accident on

September 1, 2020. Therefore, all of Plaintiff's allegations of negligence, gross negligence, negligence per se, vicarious liability, Respondeat superior, agency, products liability, manufacturing defect, failure to warn, design defect, and strict liability against Defendants should be dismissed with prejudice pursuant to Defendants' Motion for Summary Judgment.

## VII.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado pray that their Motion for Summary Judgment be **Granted**; that Plaintiff's claims of negligence, gross negligence, negligence per se, vicarious liability, Respondeat superior, agency, products liability, manufacturing defect, failure to warn, design defect, and strict liability, against Defendants be **Dismissed** with prejudice in their entirety; and for any further relief, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:     /s/ Brett D. Timmons
        **DAVID L. SARGENT**
        State Bar No. 17648700
        david.sargent@sargentlawtx.com
        **BRETT D. TIMMONS**
        State Bar No. 24013637
        brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS PACCAR FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY, JACKSON TRANSPORATION SERVICES, INC. AND JUAN MERCADO**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 19TH day of July 2021, a true and correct copy of the

foregoing document was forwarded to all counsel of record for Plaintiff via ECF:

Andrew Dao
John Scott Black
Kyle Patrick Malone
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
jblack@dalyblack.com
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

**~AND~**

Pegah Rahgozar
RAHGOZAR LAW FIRM, PLLC
2825 Wilcrest Dr., Suite 515
Houston, Texas 77042
prahgozar@rahgozarlaw.com
**ATTORNEYS FOR PLAINTIFF**

David M. Prichard
dprichard@prichardyoungllp.com
Daniela Gonzales Aldape
daldape@prichardyoung llp.com
PRICHARD YOUNG LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
**ATTORNEYS FOR DEFENDANT
HYUNDAI MOTOR AMERICA**


*/s/ Brett D. Timmons*
**BRETT D. TIMMONS**

# EXHIBIT "A"

CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A,** | § | **TARRANT COUNTY,** |
| **PACCAR LEASING COMPANY,** | § | **TEXAS** |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA and JUAN MERCADO,** | § | |
| *Defendants.* | | **17TH JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Aserda Alherbi files her First Amended Petition against Defendants PACCAR Financial Corp. d/b/a PACCAR Leasing Company, Hyundai Motor America, Jackson Transportation Services, Inc., Hyundai Translead and Juan Mercado (collectively, "Defendants"), and for cause of action would respectfully show unto the Court the following:

## DISCOVERY-CONTROL PLAN

Discovery is to be conducted under Level 2 of Texas Rules of Civil Procedure 190.3.

## PARTIES

Plaintiff Aserda Alherbi is an individual residing in Texas.

Defendant PACCAR Financial Corp. d/b/a PACCAR Leasing Corporation is a corporation doing business in Texas.  Defendant has been served with a citation and has entered an appearance.

Defendant Jackson Transportation Services, Inc. is a corporation doing business in Texas. Defendant has been served with a citation and has entered an appearance.

Defendant Hyundai Motor America is a company doing business in Texas. Defendant has been served with a citation and has entered an appearance.

1

**EXHIBIT D-#.28**

Defendant Juan Mercado is an individual who was driving the truck made the subject of this lawsuit. Defendant has been served with a citation and has entered an appearance.

Defendant Hyundai Translead is a corporation doing business in Texas. Defendant may be served with process through its registered agent: Robert Hawkins at 5750 Rufe Snow Drive #130, Fort Worth, Texas 76180.

## JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.  Plaintiff seeks damages in an amount greater than $1,000,000. Further, at least one Defendant maintains a principal office or residence in this state. This case is not removable. Venue is proper in this county pursuant to Texas Civil Practice & Remedies Code § 15.002.

## FACTS

On or about September 1, 2020, on East Hwy 114, Plaintiff Alherbi's car contacted with— and went underneath—the side of a 2016 Peterbilt 18-wheeler driven by Defendant Juan Mercado. Defendant PACCAR Leasing Company and/or Jackson Transportation Services, Inc. owned and/or leased the tractor and trailer. Defendant Hyundai Motor America and/or Defendant Hyundai Translead manufactured the trailer. The 2016 Peterbilt truck was hauling for Jackson Transportation Services, who, along with Defendant PACCAR Leasing Company, had the right and ability to control and implement safety features on the tractor-trailer, including side underride guards. These would have prevented the great majority of serious injuries sustained in this crash by Plaintiff.

 At all relevant times, Defendant Hyundai Motor America and/or Defendant Hyundai Translead were/was and are/is engaged in the business of manufacturing, fabricating, designing assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling, and advertising the trailer and/or each and every component part

2

thereof. Defendant(s) knew, or in the exercise of reasonable care, should have known the dangerous hazards that existed without the side underride guards. This trailer, upon information and belief, was sold and/or leased to PACCAR Leasing Company and/or Jackson Transportation Services in the last five years.

Importantly, Defendants were well aware that side underride guards dramatically decrease the number of fatalities and serious injuries sustained in trucking accidents. Further, many countries, including Canada and those in Europe, have required underride protections. This is significant, as at least three Defendants—PACCAR, Hyundai Motor and Hyundai Translead—have operations throughout Canada and/or Europe.

All Defendants knew or should have known that the trailer should have been equipped with side underride guards and should have insisted on such guards to ensure the public's safety.

## CAUSES OF ACTION

## NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

49 CFR 390.5 (2) states:

> *Employee* means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approve by the Congress of the United States who is acting within the course of such employment.

> *Employer* means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or an agency established under a compact between States approved by the Congress of the United States.

> *Motor carrier* means a for-hire motor carrier or a private motor carrier. The term includes a motor carrier's agents, officers and representatives as well as employees

3

**EXHIBIT D-#.28**

responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories. For purposes of subchapter B, this definition includes the terms *employer,* and *exempt motor carrier.*

All Defendants owed a duty to exercise ordinary care and to ensure a vehicle is safe for operation on the road. Defendants have knowledge that side underride guards dramatically decrease the number of fatalities in trucking accidents, and yet did nothing. Many countries, including Canada and those in Europe, have required underride protections. Again, this is significant, as least three Defendants—PACCAR, Hyundai Motor, and Hyundai Translead—have operations in Canada and/or Europe. Defendants are well aware of the importance of those protections, and the viability of installing underride guards onto this tractor-trailer in question, since many of their other tractor-trailers already have them.  Defendants knowingly and recklessly ignored the dangers, and instead chose to prioritize profits over safety.

## NEGLIGENCE PER SE

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

All Defendants violated several statutes and codes, including  49 C.F.R. 396.3 which sets out as follows:

> (1) Parts and accessories shall be in a safe and proper operating condition at all times. These include those specified in part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axes and attaching parts, wheels and rims, and steering systems.

## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, AGENCY

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

Defendants' employees and workers are agents of Defendants. As such, Defendants are responsible for their conduct, due to the relationship that existed, among other acts and omissions of negligence

4

**EXHIBIT D-#.28**

**PRODUCTS LIABILITY, MANUFACTURING DEFECT, FAILURE TO WARN, DESIGN DEFECT, STRICT LIABILITY**

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

The defective and unreasonably dangerous conditions of the trailer rendered it unsafe, uncrashworthy and dangerous, and a legal cause of Plaintiff's injuries. Defendant Hyundai Motor America and/or Defendant Hyundai Translead designed, tested, assembled, manufactured, supplied, marketed, promoted, sold, distributed, and put into the stream of commerce the trailer in a defective and unreasonably dangerous condition and the other Defendants subsequently allowed it to operate on the road in that manner.

## DAMAGES

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

Plaintiff seeks damages for physical pain and suffering, mental anguish, physical impairment, disfigurement, medical expenses, loss of earning capacity and loss of household services, for the past and future. Further, Plaintiff is entitled to exemplary damages under CIV. PRAC. AND CODE § 71.009.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

## PRAYER

For these reasons, Plaintiff asks that the Court issue a citation for Defendant Hyundai Translead to appear and answer, and that Plaintiff be awarded a judgment against all Defendants for the following:

a)  All aforementioned damages;

b)  Damages in an amount greater than $1,000,000;

c)  All costs of court expended herein;

d)  Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

5

**EXHIBIT D-#.28**

e)   All other relief to which Plaintiff is justly entitled.

Plaintiff respectfully prays for judgment of, or in excess of, the above amounts and for such other and further relief both at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

*/s/ Andrew Dao*
Andrew Dao
State Bar No. 24082895
Kyle Patrick Malone
State Bar No. 24102128
2211 Norfolk St., Ste. 800
Houston, Texas 77098
(713) 655-1405
(713) 655-1587 (fax)
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

*AND*

**RAHGOZAR LAW FIRM, PLLC**

Pegah Rahgozar
State Bar No. 2405701
2825 Wilcrest Dr., Ste. 515
Houston, Texas 77042
(832) 205-5978
(346) 701-8225 (fax)
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hearby certify that a true and correct copy of this document has been duly served on all counsel of record in accordance with the Texas Rules of Civil Procedure on June 11, 2021.

*/s/ Kyle Patrick Malone*
Kyle Patrick Malone

6

**EXHIBIT D-#.28**

# EXHIBIT "B"

Case 4:21-cv-01022-O   Document 1-4   Filed 09/02/21   Page 92 of 171   PageID 112

Law Enforcement and/or DPS use

☐ FATAL  ☒ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

Total Num. Units 2   Total Num. Prsns. 2   Crash ID 17848534.1 /2020345511



### Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 2

| Field | Value |
|---|---|
| *Crash Date (MM/DD/YYYY) | 09 / 01 / 2020 |
| *Crash Time (24HRMM) | 1 8 5 8 |
| Case ID | 20SP069999 |
| Local Use | Dist 1 |

| *County Name | TARRANT | *City Name | SOUTHLAKE | ☐ Outside City Limit |

In your opinion, did this crash result in at least $1,000 damage to any one person's property?  ☒ Yes  ☐ No

Latitude (decimal degrees) 3 2 . 9 1 6 1 6 1
Longitude (decimal degrees) 0 9 7 . 1 5 0 0 1

## ROAD ON WHICH CRASH OCCURRED

| *1 Rdwy. Sys. | SH | *Hwy. Num. 114 | 2 Rdwy. Part 1 | Block Num. 2800 | 3 Street Prefix E | *Street Name Northwest | 4 Street Suffix HWY |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
☐ Toll Road/ Toll Lane
Speed Limit 65
Const. Zone ☐ Yes ☒ No
Workers Present ☐ Yes ☒ No
Street Desc. Main roadway

## INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

At Int. ☐ Yes ☒ No
1 Rdwy. Sys. FM
Hwy. Num. 1709
2 Rdwy. Part 1
Block Num. 3200
3 Street Prefix E
Street Name Southlake
4 Street Suffix BLVD

Distance from Int. or Ref. Marker 500
☒ FT ☐ MI
3 Dir. from Int. or Ref. Marker E
Reference Marker
Street Desc. Main roadway
RRX

## VEHICLE, DRIVER, & PERSONS

| Unit Num. 1 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. LVF2207 | VIN 1 9 U D E 2 F 7 7 G A 0 1 8 3 7 4 |

| Veh. Year 2 0 1 6 | 6. Veh. Color WHI | Veh. Make ACURA | Veh. Model ILX | 7 Body Style P4 | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type 1 | DL/ID State TX | DL/ID Num. 38767842 | 9 DL Class C | 10 CDL End. 96 | 11 DL Rest. 96 | DOB (MM/DD/YYYY) |

Address (Street, City, State, ZIP) 202 QUAIL RUN LN ARLINGTON, TX 76002

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | ALHERI, ASERDA | A | 25 | A | 2 | 1 | 1 | 5 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee  Owner/Lessee Name & Address ALHERI, ASERDA, 202 QUAIL RUN TRL ARLINGTON, TX 76002

Proof of Fin. Resp. ☒ Yes ☐ No
☐ Expired ☐ Exempt
26 Fin. Resp. Type 2
Fin. Resp. Name INS. CO. GEICO - GOVERNMENT EMPLOYEES
Fin. Resp. Num. 4529680979

Fin. Resp. Phone Num. (800) 841-3000
27 Vehicle Damage Rating 1  1 0 - L F Q - 4
27 Vehicle Damage Rating 2  2 - L F Q - 2
Vehicle Inventoried ☒ Yes ☐ No

Towed By Euless B&B Wrecker
Towed To 1201 W Euless Blvd., Euless, TX 76040

| Unit Num. 2 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. r446770 | VIN 1 X P B D 4 9 X 9 D 3 4 0 3 3 5 |

| Veh. Year 2 0 1 6 | 6. Veh. Color WHI | Veh. Make PETERBILT | Veh. Model 579 | 7 Body Style TR | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type 1 | DL/ID State TX | DL/ID Num. 19041651 | 9 DL Class A | 10 CDL End. 96 | 11 DL Rest. 96 | DOB (MM/DD/YYYY) 0 2 / 0 6 / 1 9 7 8 |

Address (Street, City, State, ZIP) 3300 CLAYMORE DR PLANO, TX

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | MERCADO, JUAN | N | 42 | H | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee  Owner/Lessee Name & Address PACCAR LEASING COMPANY, 10620 N STEMMONS FWY DALLAS, TX 75220

Proof of Fin. Resp. ☒ Yes ☐ No
☐ Expired ☐ Exempt
26 Fin. Resp. Type 2
Fin. Resp. Name INS. CO. CENTRAL MUTUAL/ALL AMERICAN
Fin. Resp. Num. CLP957423618

Fin. Resp. Phone Num. (888) 263-2924
27 Vehicle Damage Rating 1  4 - R D - 2
27 Vehicle Damage Rating 2
Vehicle Inventoried ☐ Yes ☐ No

Towed By NOT TOWED
Towed To DRIVEN AWAY

EXHIBIT D-#.28

Crash ID   20SP069999          Crash ID   11848534.172020345511

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 1 | 1 | Baylor, Scott & White, Grapevine | Southlake Medic 401 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

Unit Num. 2   [x] 10,001+ LBS.   [ ] TRANSPORTING HAZARDOUS MATERIAL   [ ] 9+ CAPACITY   CMV Disabling Damage? [ ] Yes [x] No   28 Veh. Oper. 1   29 Carrier ID Type 1   Carrier ID Num. 00301140

Carrier's Corp. Name JACKSON TRANSPORTATION SERVICES   Carrier's Primary Addr. 400 N CARROLL BLVD DENTON, TX 76099   30 Veh. Type 7

31 Bus Type 0   [x] RGVW [ ] GVWR 1 7 6 4 6   HazMat [ ] Yes Released [ ] No   32 HazMat Class Num.   HazMat ID Num.   32 HazMat Class Num.   HazMat ID Num.   33 Cargo Body Type 98

Unit Num.   [ ] RGVW [ ] GVWR   34 Trlr. Type   CMV Disabling Damage? [ ] Yes [ ] No   Unit Num.   [ ] RGVW [ ] GVWR   34 Trlr. Type   CMV Disabling Damage? [ ] Yes [ ] No

Sequence Of Events   35 Seq. 1 20   35 Seq. 2   35 Seq. 3   35 Seq. 4   Intermodal Shipping Container Permit [ ] Yes [x] No   Actual Gross Weight   Total Num. Axles

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 98 | | | | | 1 | 1 | 3 | 3 | 1 | 2 | 17 |

## NARRATIVE AND DIAGRAM

### Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)

In the 2800 block of East Hwy 114 east bound, Unit 1 lost control due to the roadway being wet and struck the guard rail. Unit 1 began to fishtail and struck Unit 2. Unit 1 was stuck partial under Unit 2 and had severe damage. Unit 1 driver was taken to Baylor Grapevine with unknown injuries. Unit 1 was towed away from the scene by B&B Wrecker. Unit 2 was able to be driven away with minor damage to the underneath part of the semi.

Field Diagram - Not to Scale

Copy from Custodial File

## INVESTIGATOR

Time Notified (24HR:MM) 1 6 5 9   How Notified Dispatched, n   Time Arrived (24HRMM) 1 7 0 1   Report Date (MM/DD/YYYY) 0 9 / 0 5 / 2 0 2 0

Invest. Comp. [x] Yes [ ] No   Investigator Name (Printed) Lockwood, n   ID Num. 1927

ORI Num. T X 2 2 0 3 2 0 0   *Agency SOUTHLAKE POLICE DEPARTMENT   Service/ Region/DA 0 1

**EXHIBIT D #.28**

017-323588-21

FILED
TARRANT COUNTY
7/21/2021 3:38 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17TH JUDICIAL DISTRICT** |

---

### NOTICE OF HEARING

---

**PLEASE TAKE NOTICE** that *Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado's Motion for Summary Judgment* has been set for hearing on **Wednesday, August 11, 2021 at 2:30 p.m.** The Hearing will be conducted via ZOOM before the 17TH Judicial District Court of Tarrant County, Texas. The Court will provide Zoom instructions at a later date.

**EXHIBIT D-#.29**

Respectfully submitted,

**SARGENT LAW, P.C.**

By:  */s/ Brett Timmons*
        **DAVID L. SARGENT**
        State Bar No. 17648700
        david.sargent@sargentlawtx.com
        **BRETT D. TIMMONS**
        State Bar No. 24013637
        brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANT PACCAR FINANCIAL CORP.; JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 21st day of July 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record via ECF.

        */s/ Brett D. Timmons*
        **BRETT D. TIMMONS**

**EXHIBIT D-#.29**

017-323588-21

FILED
TARRANT COUNTY
7/21/2021 3:55 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17TH JUDICIAL DISTRICT** |

---

## FIRST AMENDED NOTICE OF HEARING

---

**PLEASE TAKE NOTICE** that *Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado's Motion for Summary Judgment* has been set for hearing on **Wednesday, August 11, 2021 at 2:30 p.m.** The Hearing will be conducted via ZOOM and will be heard by Visiting Judge R.H. Wallace before the 17TH Judicial District Court of Tarrant County, Texas. The Court will provide Zoom instructions at a later date.

2111068
0185/00982
**EXHIBIT D-#.30**

Respectfully submitted,

**SARGENT LAW, P.C.**


By: *_/s/ Brett Timmons_*_____
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    **BRETT D. TIMMONS**
    State Bar No. 24013637
    brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANT
PACCAR FINANCIAL CORP.; JACKSON
TRANSPORTATION SERVICES, INC. AND
JUAN MERCADO**


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 21st day of July 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record via ECF.


                    *_/s/ Brett D. Timmons_*_____
                    **BRETT D. TIMMONS**

017-323588-21

FILED
TARRANT COUNTY
8/4/2021 2:58 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | TARRANT COUNTY, TEXAS |
| PACCAR FINANCIAL CORP. D/B/A, | § | |
| PACCAR LEASING COMPANY, | § | |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA, AND JUAN MERCADO, | § | |
|     Defendants. | § | 17TH JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND IN THE ALTERNATIVE, VERIFIED MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE:

Plaintiff Aserda Alherbi files this Response to Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc., and Juan Mercado's ("Defendants") Motion for Summary Judgment, and in the alternative, Plaintiff's Verified Motion for Continuance, and in support thereof would respectfully show the Court the following:

## SUMMARY OF ARGUMENT

1.      Defendants' Motion for Summary Judgment should be denied for the following reasons:

- Strict liability is not limited to only manufacturers, but also to lessors and service providers such as PACCAR and Jackson Transportation;

- Defendants have not proven that there is no duty to utilize side underride guards, thus they fail to meet their own summary judgment burden; and

- Adjudicating Defendants' Motion for Summary Judgment is premature because discovery has barely started and one of the defendants has not even appeared yet.

**EXHIBIT D-#.31**

## **EXHIBITS**

2.      Plaintiff attaches the following documents in support of her Response to Defendants' Motion for Summary Judgment and Verified Motion for Continuance:

- Affidavit of Ajay Ketkar;

- Exhibit A – Plaintiff's First Amended Petition;

- Exhibit B – Plaintiff's Discovery Requests to PACCAR Financial Corp.;

- Exhibit C – Crash Report;

- Exhibit D – "About Us" section of PACCAR's website;

- Exhibit E – "About Us" section of Jackson Transportation's website; and

- Exhibit F – "Our Services" section of Jackson Transportation's website.

## **ARGUMENT & AUTHORITIES**

3.      Defendants' Motion for Summary Judgment can be boiled down to the following three arguments:

- Defendants claim they cannot be held responsible under a theory of strict liability because that theory only applies to manufacturers or sellers, which Defendants are not;

- Defendants claim they do not have a duty to use side underride guards because they did not manufacture the trailer; and

- Defendant Juan Mercado claims he had no duty to place the underride side guards on the trailer.

4.      Defendants support these arguments by citing to a handful of cases. The problem with Defendants' motion is that they overstate the holdings of those cases. Defendants' mischaracterization of the holdings means that they have failed to meet their summary judgment burden.

2

**EXHIBIT D-#.31**

**I.**      **If There Are Facts That Support the Imposition of a Duty on Defendants, Summary Judgment Should Be Denied.**

5.      In a Motion for Traditional Summary Judgment, the burden is on the movant to both (1) demonstrate that there is no genuine issue of material fact, and (2) the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). This burden must be met by the movant before the burden shifts to the non-movant. *Amedisys, Inc., v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). When the burden shifts to the non-movant, the non-movant only has to raise a fact issue. *Amedisys, Inc.*, 437 S.W.3d at 511. A fact issue exists when reasonable and fair-minded jurors could differ in their conclusions after looking at all of the evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

6.      Defendants moved for summary judgment, arguing they have no legal duty to Plaintiffs. While the existence of a legal duty is a question of law, the question itself is answered by the particular facts of the case. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *see also Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985). If one version of the facts would support the imposition of a duty, summary judgment is improper. *Mitchell v. Missouri-Kansas, Texas R.R. Co.,* 786 S.W.2d 659, 662 (Tex. 1990) (overruled on other grounds, *Union Pacific Railroad Co. v. Williams*, 85 S.W.3d 547, 550 (Tex. 2005)). "Thus, in a summary judgment proceeding, if the nonmovant's version of the facts would support the imposition of a legal duty, summary judgment for the defendant based on a claim of no duty is inappropriate." *Helbing v. Hunt*, 402 S.W.3d 699, 702 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (quoting *Sanders v. Herold*, 217 S.W.3d 11, 15 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The court takes as true all evidence in favor of the non-movant, indulging every reasonable inference and resolving any doubt in favor of the non-movant. *Am. Tobacco Co., Inc. v. Grinnel*, 951 S.W.2d 420, 425 (Tex. 1997).

**EXHIBIT D-#.31**

## II.   The Texas Supreme Court Does Not Limit Strict Liability Only to Manufacturers or Sellers of Products.

7.      Defendants primarily use two cases, *New Texas v. Gomez* and *FFE Trans. Serv. v. Fulgham*, to support their Motion. *New Texas v. Gomez*, 249 S.W.3d 400 (Tex. 2008); *see also FFE Trans. Serv. v. Fulgham*, 154 S.W.3d 84 (Tex. 2004). They argue *New Texas* holds that strict liability only applies to manufacturers and sellers of defective products, not those that "play only an incidental role in a product's placement" into the stream of commerce.[1] Defendants continue by arguing *FFE Trans. Serv*. prohibits a finding of liability for end users of a product, and then places themselves in the position of end users.[2] Defendants' conveniently ignore crucial parts of the Supreme Court's analysis, because it cuts against their position.

### A.   Lessors and Service Providers Can Be Held Responsible Under a Products Liability Theory.

8.      In *New Texas*, the Supreme Court began by discussing its adoption and application of § 402A of the Second Third Restatement of Torts. *New Texas*, 249 S.W.3d at 402-03. The Supreme Court adopted § 402A in 1967. *New Texas*, 249 S.W.3d at 403; *see also McKisson v. Sales Affiliates*, 416 S.W.2d 787, 789 (1967). The Second Restatement of Torts, § 402A reads as follows:

> ### § 402A Special Liability of Seller of Product for Physical Harm to User or Consumer
>
> **(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if**
>> **a)  the seller is engaged in the business of selling such a product, and**
>> **b)  it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.**
>
> **(2) The rule stated in Subsection (1) applies although**
>> **a)  the seller has exercised all possible care in the preparation and sale of his product, and**
>> **b)  the user or consumer has not bought the product from or entered into any contractual relation with the seller.**

---

[1] See Defendants' Motion for Summary Judgment, P. 4.
[2] *Id*. P. 6.

4

9.      In *New Texas*, the Court chronicled how it has extended the application of Section 402A beyond only those whose business is "selling" a product. *New Texas*, 249 S.W.3d at 403. The Court analyzed that the basis of its expansion of Section 402A is based on fulfilling the purpose of applying strict liability: (1) compensating the injured party, (2) spreading potential losses, and (3) deterring future injuries. *New Texas*, 249, S.W.3d at 404. The Court specifically mentioned *Rourke v. Garza*, a case where it applied strict liability to lessors. *Id.*; *see also Rourke v. Garza*, 530 S.W.2d 794, 800 (Tex. 1975), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007).

10.     In *Rourke*, a welder filed suit against a scaffolding-supplier for its defective scaffolding equipment. *Rourke*, 530 S.W.2d at 797. After the welder obtained a judgment based upon a theory of strict liability, the scaffolding supplier appealed. *Rourke*, 530 S.W.2d at 798.

11.     On appeal, the scaffolding-supplier argued the theory of strict liability was not applicable since it was a lessor of the defective equipment, not a seller. *Rourke*, 530 S.W.2d at 800. The Supreme Court's rejection of this argument was unequivocal:

> "We can see no sound basis for this distinction. Where one is engaged in the business of introducing products into the channels of commerce, her will be subject to strict liability for physical harm caused by such products if they are unreasonably dangerous to the user or consumer where he sells or leases his products." *Id.*

12.     Just a few weeks ago, the Supreme Court reaffirmed its holding in *Rourke* when it stated that entities that retain title to but share the use of defective products as part of a commercial such as lessors, can be sellers. *Amazon.com v. McMillan*, No. 20-0979, 2021 WL 2605885, at *4 (Tex. June 25, 2021).

13.     Importantly, in addition to lessors, Texas law holds that service providers can also be "sellers." *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893, 899 (Tex. 2010). Whether a service

**EXHIBIT D-#.31**

provider is a seller "depends upon the specific facts at issue." *Centerpoint Builders GP, LLC v. Trussway, Ltd.*, 496 S.W.3d 33, 40 (Tex. 2016).

14.     The entire premise to Defendants' argument is based on a misinterpretation of Texas jurisprudence. For over forty-five years, Texas law has held lessors can be held liable for introducing dangerous products into the channels of commerce. Thus, if Defendants are lessors or service providers, they can be held strictly liable.

### III.    Section 402A Applies to PACCAR and Jackson Transportation.

#### A.    PACCAR is a Lessor That Placed the Dangerous Trailer into the Stream of Commerce.

15.     Defendant PACCAR is the owner of the trailer at issue in this suit. This is clearly indicated by the crash report[3]:



16.     Further, PACCAR's status as lessor of the trailer is corroborated by its own admission within its Motion for Summary Judgment[4]:

---

[3] Exhibit C, P. 1.
[4] Defendants' Motion for Summary Judgment, P. 5.

6

**EXHIBIT D-#.31**

> In this case all of Defendants are not in the business of manufacturing, designing, or marketing the trailer at issue. PACCAR merely owns the trailer; Jackson Transportation merely leases the trailer from PACCAR, and Juan Mercado was the driver pulling the trailer on the day of the accident. Therefore, strict liability would not apply to the Defendants.

17.     Plaintiff can bring a products liability claim against lessors of a dangerous product, and there is proof that PACCAR was a lessor of the trailer. Defendant PACCAR failed to meet its summary judgment burden.

**B. The Holding of *New Texas* is Inapplicable to This Case Because PACCAR and Jackson Transportation Are Not Auctioneers.**

18.     In an attempt to disprove the application of strict liability, Defendants cite *New Texas*. The problem with Defendants' argument is that in *New Texas*, the Texas Supreme Court determined the existence of a duty based on facts specific to that case. Those facts are not present here.

19.     In *New Texas*, a man died in a vehicle rollover accident. The man's family sued a car manufacturer, a tire manufacturer, the dealership that sold the vehicle, and the auctioneer that facilitated the sale of the car to the dealership, all under a theory of strict liability. *New Texas*, 249 S.W.3d at 402.

20.     In determining whether the auctioneer could be held strictly liable, the Supreme Court analyzed Section 402A of the Third Restatement of Torts. *New Texas*, 249 S.W.3d at 402-06. The Supreme Court noted that Third Restatement of Torts, adopted in 1998, expressly excluded auctioneers. *New Texas*, 249 S.W.3d at 404.

21.     The primary basis for the Court's holding that an auctioneer could not be liable for the defect that caused the rollover was the express language of Section 402A of the Third Restatement of Torts, not because the imposition of a duty would be unreasonable. *New Texas*, 249

**EXHIBIT D-#.31**

S.W.3d at 404-05. Additionally, *New Texas* recognized that the Third Restatement expanded the application of strict liability to those that engage in the business of "selling" or "distributing" products, defining those terms as business that either "transfers ownership" or "provides the product." *New Texas*, 249 S.W.3d at 404.

22.    In this case, Defendants are not auctioneers. As already demonstrated, PACCAR is a lessor that can be held liable. Defendants PACCAR and JTS are in the business of leasing trailers and providing use of trailers for their own economic benefit. They admit this on their websites[5]:

> PACCAR Parts operates a network of parts distribution centers offering aftermarket support to Kenworth, Peterbilt and DAF dealers and customers around the world. Aftermarket support includes customer call centers operating 24 hours a day throughout the year and technologically advanced systems to enhance inventory control and expedite order processing.
>
> PACCAR Financial Services provides finance, lease and insurance services to dealers and customers in 24 countries including a portfolio of more than 180,000 trucks and trailers and total assets in excess of $13 billion. The group includes PACCAR Leasing, a major full-service truck leasing company in North America, with a fleet of 38,000 vehicles.

> ## Overview
> Jackson Transportation, Inc was started in 2000 and has been serving customers in the Dallas Fort Worth area and throughout the United States with an excellent track record. Jackson Transportation is a family-owned and operated business with a committed team, which delivers exceptional service for clients both big and small, every time.
>
> ## Our Equipment
> Our well maintained fleet consist of (12) Late Model Tractors, (18) 53' Air Ride Trailers, (8) 24' Logistics Straight Trucks with Lift Gates, (3) 53' Lift Gate Trailers and a Cargo Van. *All of our trailers are equipped with vertical logistics post or etrack systems.
>
> Additional Equipment is provided upon request such as: Straps, Blankets, Decking, Decking Bars and Ramps.

23.    Defendants PACCAR and JTS are not mere "end users." They are in the business using trailers that are unsafe in order to make a profit.

---

[5] Exhibits D, E, and F.

**EXHIBIT D-#.31**

**IV.     Defendants Have Failed to Prove There is No Duty as a Matter of Law.**

24.     Defendants argue that there is no law requiring them to install or use side underride guards, and that Plaintiff cannot point to a case applying such a duty. This argument is both false and misconstrues the way the law regarding existence of a duty functions.

**A.  Defendants Have a Duty to Plaintiff to Prevent Foreseeable Risk.**

25.     Defendants contend that Plaintiff must present a case that holds that they have a duty to use trailers with side underride guards. Again, Defendants mischaracterize the law.

26.     Duties can arise out of common-law. Plaintiff does not have to prove a party has a specific duty to take a specific action or do a specific thing. Texas jurisprudence has long held that every person has a general duty exercise reasonable case to avoid foreseeable injury to others. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 312 (Tex. 1987) (*superseded by statute on other grounds*). In *El Chico*, the Supreme Court recognized that the common law is not frozen, but evolves with the times as society changes, and it is the job of the courts to recognize this evolution. *El Chico*, 732 S.W.2d at 310-11.

27.     While the existence of a legal duty is a question of law, the question itself is answered by the particular facts of the case. *Walker*, 924 S.W.2d at 377; *see also Redinger*, 689 S.W.2d at 418. In deciding whether there is a common-law duty, courts apply the risk-utility test. *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 736 (Tex. 1998). The factors the courts use when applying the risk-utility test are the (1) risk, (2) foreseeability, and (3) likelihood of injury balanced against the (4) social utility of the actor's conduct, the (5) magnitude of the burden of guarding against injury, and (6) the consequences of placing the burden on the defendant. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 405 (Tex. 2009).

28.     At this time, the application of the risk-utility test is problematic, because the Court

**EXHIBIT D-#.31**

does not have facts or evidence concerning any of the factors. The reason for the lack of evidence is because discovery in this case is far from complete, and is, in fact, in its infancy. As explained in Plaintiff's Motion for Continuance section below, Defendants' Motion for Summary Judgment is premature. Plaintiff has already served discovery requests upon Defendant concerning the facts that would be weighed in the risk-utility test.

29.     However, even without application of the risk-utility test, Defendants certainly have a duty to exercise reasonable care and prevent foreseeable injury, meaning Defendants' failed to prove they have no duty as a matter of law.

**B.  The Holding of *New Texas* and *FFE Transportation* are Inapplicable.**

30.     In an attempt to disprove the existence of a duty, Defendants again cite to *New Texas*. And just like already mentioned, the problem with Defendants' argument is that in *New Texas*, the Texas Supreme Court determined the existence of a duty based on facts specific to that case that are not present here.

31.     In determining whether the auctioneer could be found negligent, the Supreme Court applied the risk-utility test. *New Texas*, 249 S.W.3d at 406. The Court analyzed the facts and determined that an auctioneer does not have a duty because (1) requiring an auctioneer to discover and repair vehicle defects would require them to go into a side business separate from their normal operations, (2) the auctioneer does not sell to the public, but only to licensed dealerships, and (3) the auctioneer has no control over the product. *New Texas*, 249 S.W.3d at 406-07.

32.     None of these facts are present here. Defendants are not auctioneers that merely facilitated the sale of the trailer. As already proven, PACCAR and JTS are in the business of leasing trailers and providing use of trailers for their own economic benefit.

33.     The trailer that caused Plaintiff's injuries was in the control of entities whose

**EXHIBIT D-#.31**

primary business was leasing and renting them so that they would be used on Texas roadways. Defendants' ability to control, inspect, repair, and modify the trailers means they are in a position to prevent the injuries that Plaintiff sustained, and thus they have a duty to prevent the foreseeable risk on injury their defective trailers have caused.

### V.   Defendants JTS Can Be Held Vicariously Liable for the Negligence of Defendant Mercado.

34.   Defendants contend Mercado did not have any duty to install or use trailers with side underride guards.

35.   First, whether or not Mercado had a duty to install or use trailers with side underride guards can be determined only after discovery is conducted. As already discussed, discovery is in its infancy and granting summary judgment at this time would be premature.

36.   Second, failure to utilize side underride guards is not the only way in which Plaintiff alleges Defendant Mercado is liable. In Plaintiff's Amended Petition, she clearly states "All Defendants owed a duty to exercise ordinary care and to ensure a vehicle is *safe for operation* on the road."[6] A driver of a motor vehicle, especially a tractor-trailer, always has a duty to operate the vehicle safely. Moreover, if discovery reveals further issues with the vehicle and its operation in addition to the lack of side underride guards that caused Plaintiff's injuries, Defendants Mercado and JTS can be, and should be, held liable.

### VERIFIED MOTION FOR CONTINUANCE

37.   Plaintiff firmly believes that Defendants' Motion for Summary Judgment is meritless and should be denied. Should the Court disagree, Plaintiff, in the alternative, would request the Court continue the hearing on Defendants' Motion for Summary Judgment because the

---

[6] Plaintiff's First Amended Petition, P. 4 (emphasis added).

11

**EXHIBIT D-#.31**

Motion is extremely premature. Discovery is in the very early stages in this case, and one of the other defendants has not even appeared.

**A.  Defendants Have Yet to Serve Initial Disclosures.**

38.     On February 23, 2021 Plaintiff filed suit against Defendants. Plaintiff also filed suit Hyundai Motor America.

39.     On March 8, 2021 Defendants JTS and Mercado filed their Original Answer.

40.     On March 26, 2021 Defendant PACCAR filed its Original Answer.

41.     Pursuant to Texas Rule of Civil Procedure 194, Defendants had until April 25, 2021. TEX. R. CIV. P. 194.2(a). Defendants failed to serve their disclosures by that time.

42.     On April 29, 2021 Hyundai Motor America ("HMA") filed its Original Answer. After conferencing with HMA's counsel, Plaintiff learned that HMA was not the proper party, but rather the proper party was Hyundai Translead ("HT"). Plaintiff served her First Amended Petition, which swapped out HMA with HT, on June 11, 2021.[7]

43.     On July 29, 2021, Plaintiff served discovery requests on PACCAR.[8] To date, Defendants still have not provided disclosures pursuant to Rule 194.

**B.  Discovery is Needed in Order to Properly Adjudicate Whether Defendants Have a Duty to Plaintiff.**

44.     Defendants moved for summary arguing they have no legal duty to use trailers with side underride guards. Since the existence of a duty is contingent upon the facts, Plaintiff requires discovery on a spectrum of issues including (1) Defendants' knowledge of side underride guards, (2) Defendants' role in selling or leasing trailers, (3) the cost of side underride guards, (4) the effectiveness of side underride guards, (5) the feasibility of side underride guards, and (6) whether

---

[7] Exhibit A.
[8] Exhibits B and C.

**EXHIBIT D-#.31**

trailers with side underride guards are a reasonable alternative design. All of these issues are addressed in Plaintiff's discovery requests to Defendants.[9]

45.     This Court should continue any summary judgment hearing until discovery is complete. This continuance is not sought for delay only, but so that justice maybe done.

## CONCLUSION

46.     Defendants have not presented a single case where a court held a party has no duty to prevent foreseeable risk in the course of taking an act or omission. This means they have failed to meet their summary judgment burden and their motion should be denied.

47.     To the extent they have met their burden, the facts presented by Plaintiff, which does not include the facts that will be discovered by the completion of discovery, support the imposition of a duty upon Defendants. The existence of a fact question regarding duty is another reason summary judgment should be denied.

48.     Finally, in the event the Court has determined Defendants met their burden and Plaintiff's failed to demonstrate a question of fact, this Court should continue the hearing on Defendants' Motion for Summary Judgment until discovery is complete.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: */s/ Andrew Dao*
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Ajay Ketkar
State Bar No. 24102801
aketkar@dalyblack.com
2211 Norfolk St., Ste. 800
Houston, TX 77098
ecfs@dalyblack.com (service)

---

[9] *Id.*

13

**EXHIBIT D-#.31**

AND


**RAHGOZAR LAW FIRM, PLLC**

*/s/ Pegah Rahgozar*
Pegah Rahgozar
Rahgozar Law Firm, PLLC
State Bar No. 24085701
2825 Wilcrest Dr., Ste. 515
Houston, TX 77042
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that I served this instrument on all parties of record in accordance with Rule 21a on the 4th day of August, 2021.


*/s/ Andrew Dao*
_____
Andrew Dao

14

**EXHIBIT D-#.31**

017-323588-21

# EXHIBIT A

017-323588-21

Case 4:21-cv-01022-O   Document 1-4   Filed 09/02/21   Page 113 of 171   PageID 339

FILED
TARRANT COUNTY
6/11/2021 3:41 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A, | § | TARRANT COUNTY, |
| PACCAR LEASING COMPANY, | § | TEXAS |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA and JUAN MERCADO, | § | |
| *Defendants*. | | 17TH JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Aserda Alherbi files her First Amended Petition against Defendants PACCAR Financial Corp. d/b/a PACCAR Leasing Company, Hyundai Motor America, Jackson Transportation Services, Inc., Hyundai Translead and Juan Mercado (collectively, "Defendants"), and for cause of action would respectfully show unto the Court the following:

### DISCOVERY-CONTROL PLAN

Discovery is to be conducted under Level 2 of Texas Rules of Civil Procedure 190.3.

### PARTIES

Plaintiff Aserda Alherbi is an individual residing in Texas.

Defendant PACCAR Financial Corp. d/b/a PACCAR Leasing Corporation is a corporation doing business in Texas. Defendant has been served with a citation and has entered an appearance.

Defendant Jackson Transportation Services, Inc. is a corporation doing business in Texas. Defendant has been served with a citation and has entered an appearance.

Defendant Hyundai Motor America is a company doing business in Texas. Defendant has been served with a citation and has entered an appearance.

**EXHIBIT D-#.31**

Defendant Juan Mercado is an individual who was driving the truck made the subject of this lawsuit. Defendant has been served with a citation and has entered an appearance.

Defendant Hyundai Translead is a corporation doing business in Texas. Defendant may be served with process through its registered agent: Robert Hawkins at 5750 Rufe Snow Drive #130, Fort Worth, Texas 76180.

## JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.  Plaintiff seeks damages in an amount greater than $1,000,000. Further, at least one Defendant maintains a principal office or residence in this state. This case is not removable. Venue is proper in this county pursuant to Texas Civil Practice & Remedies Code § 15.002.

## FACTS

On or about September 1, 2020, on East Hwy 114, Plaintiff Alherbi's car contacted with— and went underneath—the side of a 2016 Peterbilt 18-wheeler driven by Defendant Juan Mercado. Defendant PACCAR Leasing Company and/or Jackson Transportation Services, Inc. owned and/or leased the tractor and trailer. Defendant Hyundai Motor America and/or Defendant Hyundai Translead manufactured the trailer. The 2016 Peterbilt truck was hauling for Jackson Transportation Services, who, along with Defendant PACCAR Leasing Company, had the right and ability to control and implement safety features on the tractor-trailer, including side underride guards. These would have prevented the great majority of serious injuries sustained in this crash by Plaintiff.

 At all relevant times, Defendant Hyundai Motor America and/or Defendant Hyundai Translead were/was and are/is engaged in the business of manufacturing, fabricating, designing assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling, and advertising the trailer and/or each and every component part

2

**EXHIBIT D-#.31**

thereof. Defendant(s) knew, or in the exercise of reasonable care, should have known the dangerous hazards that existed without the side underride guards. This trailer, upon information and belief, was sold and/or leased to PACCAR Leasing Company and/or Jackson Transportation Services in the last five years.

Importantly, Defendants were well aware that side underride guards dramatically decrease the number of fatalities and serious injuries sustained in trucking accidents. Further, many countries, including Canada and those in Europe, have required underride protections. This is significant, as at least three Defendants—PACCAR, Hyundai Motor and Hyundai Translead—have operations throughout Canada and/or Europe.

All Defendants knew or should have known that the trailer should have been equipped with side underride guards and should have insisted on such guards to ensure the public's safety.

## CAUSES OF ACTION

## NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

49 CFR 390.5 (2) states:

> *Employee* means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approve by the Congress of the United States who is acting within the course of such employment.

> *Employer* means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or an agency established under a compact between States approved by the Congress of the United States.

> *Motor carrier* means a for-hire motor carrier or a private motor carrier. The term includes a motor carrier's agents, officers and representatives as well as employees

**EXHIBIT D-#.31**

responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories. For purposes of subchapter B, this definition includes the terms *employer,* and *exempt motor carrier*.

All Defendants owed a duty to exercise ordinary care and to ensure a vehicle is safe for operation on the road. Defendants have knowledge that side underride guards dramatically decrease the number of fatalities in trucking accidents, and yet did nothing. Many countries, including Canada and those in Europe, have required underride protections. Again, this is significant, as least three Defendants—PACCAR, Hyundai Motor, and Hyundai Translead—have operations in Canada and/or Europe. Defendants are well aware of the importance of those protections, and the viability of installing underride guards onto this tractor-trailer in question, since many of their other tractor-trailers already have them.  Defendants knowingly and recklessly ignored the dangers, and instead chose to prioritize profits over safety.

## NEGLIGENCE PER SE

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

All Defendants violated several statutes and codes, including  49 C.F.R. 396.3 which sets out as follows:

> (1) Parts and accessories shall be in a safe and proper operating condition at all times. These include those specified in part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axes and attaching parts, wheels and rims, and steering systems.

## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, AGENCY

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

Defendants' employees and workers are agents of Defendants. As such, Defendants are responsible for their conduct, due to the relationship that existed, among other acts and omissions of negligence

4

**EXHIBIT D-#.31**

**PRODUCTS LIABILITY, MANUFACTURING DEFECT, FAILURE TO WARN, DESIGN DEFECT, STRICT LIABILITY**

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

The defective and unreasonably dangerous conditions of the trailer rendered it unsafe, uncrashworthy and dangerous, and a legal cause of Plaintiff's injuries. Defendant Hyundai Motor America and/or Defendant Hyundai Translead designed, tested, assembled, manufactured, supplied, marketed, promoted, sold, distributed, and put into the stream of commerce the trailer in a defective and unreasonably dangerous condition and the other Defendants subsequently allowed it to operate on the road in that manner.

## DAMAGES

Plaintiff incorporates the foregoing factual allegations as if incorporated below.

Plaintiff seeks damages for physical pain and suffering, mental anguish, physical impairment, disfigurement, medical expenses, loss of earning capacity and loss of household services, for the past and future. Further, Plaintiff is entitled to exemplary damages under CIV. PRAC. AND CODE § 71.009.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

## PRAYER

For these reasons, Plaintiff asks that the Court issue a citation for Defendant Hyundai Translead to appear and answer, and that Plaintiff be awarded a judgment against all Defendants for the following:

a) All aforementioned damages;

b) Damages in an amount greater than $1,000,000;

c) All costs of court expended herein;

d) Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

5

**EXHIBIT D-#.31**

e)   All other relief to which Plaintiff is justly entitled.

Plaintiff respectfully prays for judgment of, or in excess of, the above amounts and for such other and further relief both at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

*/s/ Andrew Dao*
Andrew Dao
State Bar No. 24082895
Kyle Patrick Malone
State Bar No. 24102128
2211 Norfolk St., Ste. 800
Houston, Texas 77098
(713) 655-1405
(713) 655-1587 (fax)
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

*AND*

**RAHGOZAR LAW FIRM, PLLC**

Pegah Rahgozar
State Bar No. 2405701
2825 Wilcrest Dr., Ste. 515
Houston, Texas 77042
(832) 205-5978
(346) 701-8225 (fax)
prahgozar@rahgozarlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hearby certify that a true and correct copy of this document has been duly served on all counsel of record in accordance with the Texas Rules of Civil Procedure on June 11, 2021.

*/s/ Kyle Patrick Malone*
Kyle Patrick Malone

6

**EXHIBIT D-#.31**

017-323588-21

# EXHIBIT B

017-323588-21

CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI | § | IN THE DISTRICT COURT OF |
|     **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | TARRANT COUNTY, TEXAS |
| **PACCAR FINANCIAL CORP. D/B/A,** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA, AND JUAN MERCADO,** | § | |
|     **Defendants.** | § | 17th JUDICIAL DISTRICT |

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT PACCAR FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY

TO:    Defendant PACCAR Financial Corp. d/b/a PACCAR Leasing Company, through its attorney of record, Brett D. Timmons, SARGENT LAW, P.C., 1717 Main Street, Suite 4750, Dallas, Texas 75201..

Plaintiff Aserda Alherbi, hereby serves the attached Requests for Admission, Requests for Production, and Interrogatories upon Defendant PACCAR Financial Corp., as allowed by the Texas Rules of Civil Procedure. Pursuant to the Texas Rules of Civil Procedure, PACCAR Financial Corp. must respond, in writing, within thirty (30) days after service of these requests.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: */s/ Ajay Ketkar*
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Ajay Ketkar
State Bar No. 24102801
aketkar@dalyblack.com
2211 Norfolk St., Ste. 800
Houston, TX 77098
ecfs@dalyblack.com (service)

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT D-#.31**

## **CERTIFICATE OF SERVICE**

I hereby certify that I served this instrument on the following parties of record in accordance with Rule 21a on July 29, 2021.

*/s/ Ajay Ketkar*

_____

Ajay Ketkar

**EXHIBIT D-#.31**

## INSTRUCTIONS

1. Plaintiff hereby demands that Defendant amends or supplements Defendant's responses to the requests for admissions set forth herein when and to the extent required by Rule 193.5 of the Texas Rules of Civil Procedure.

2. To the extent a request seeks information, documents, or material that is responsive to a prior request, You are not required to "reproduce" the responsive information, but rather provide the Bates labels of the documents already produced.

3. These document requests apply to all documents in your possession, custody or control regardless of their location, and regardless of whether such documents are held by your representatives, agents, attorneys, accountants, family members, or any other person. In searching for any documents responsive to these requests, you should also search all devices or media capable of containing electronic or magnetic data including, without limitation, hard drives of all computers used by any person with knowledge of the facts relevant to this dispute, network servers, back-up and archival storage systems, home computers, laptop computers, voice mail systems, floppy disks, removable data cartridges, and any electronic mobile devices.

4. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

5. Electronic or magnetic data that is responsive to any of these document requests shall be produced in its native computer readable format with an identification of the specific computer or computer device from which it was taken and its associated software application and computer system. The data produced must contain an exact copy of the source, or other electronic or magnetic media or storage device containing the original data, and include not only active files, but all deleted, erased, or discarded copies, and prior versions or drafts of the data.

6. These Requests for Production specifically request electronically stored information and all meta-data associated with said electronically stored information.

7. In producing documents, you are requested to label them to correspond with the categories in the requests. Tex. R. Civ. P. 196.3(c).

8. If any document or tangible thing requested to be produced by these requests was, but no longer is, in your possession, custody or control, or if the document or tangible thing is no longer in existence, please state the reason for whether the document or thing is (1) missing or lost; (2) destroyed; (3) in the possession or control of others, and if so,

**EXHIBIT D-#.31**

please  identify  the  current custodian; or (4) disposed of, or otherwise unavailable.

9. For each document that is responsive to a request but that Defendant claims is privileged or otherwise not discoverable: (1) describe the nature or substance of the documents, information, communications, or tangible things not produced; (2) identify the author and recipient(s) of the documents or communications; (3) identify the date of the communication, (4) state where the document is currently located; and (5) identify the privilege or ground under which the document is being withheld.

10. If no responsive documents exist for a particular request, please so indicate by stating "none."

## DEFINITIONS

1. "Plaintiff" refers to Aserda Alherbi, the Plaintiff in the Current Suit.

2. "You," "your," "Defendant," and "PACCAR" refers to PACCAR Financial Corp. d/b/a PACCAR Leasing Company, a defendant in the Current Suit, its shareholders, board members, officers, insurers, agents, employees, and all other persons acting on behalf of PACCAR.

3. "Current Suit" means Cause No. 017-323588-21, *Aserda Alherbi v. PACCAR Financial Corp. et. al.*, In the 17th Judicial District, Tarrant County, Texas.

4. "Mercado" refers to Mr. Juan Mercado, who is a defendant in the Current Suit.

5. "Accident Files and Records", as used herein, is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in Rule 1001, Rules of Evidence, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents, letters to or from or records and reports required from Defendant by other organizations, state and/or Federal governmental agencies.

6. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this notice all responses that might otherwise be construed outside its scope. The terms "any" and "all" as used herein shall mean "each" and "every." The use of the term "including" shall be construed to mean "without limitation;"

7. "Background check" means the process of researching, discovering, looking up, or otherwise seeking out an individual's criminal record (including but not limited to citations for violations of the law, arrests, indictments, convictions, Driving Record, education records, credit history, credit report, or medical record."

**EXHIBIT D-#.31**

8. The term "co-driver" as used herein means any person(s) driving or accompanying driver in motor carrier equipment owned or operated by any of the Defendants, and any person(s) working for or with driver in the capacity and/or position of a co-driver.

9. The term "CFR" as used herein means the "Code of Federal Regulations", Title 49 - Transportation, U.S. Department of Transportation, Chapter 3, Federal Motor Carrier Safety Administration, Subchapter B - Parts 382 through 397 titled the "Federal Motor Carrier Safety Regulations" which were in effect on the date(s) of the accident(s) in question.

10. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise);

11. "Complete and clearly readable copies" means copies that are not reduced in size, unless the document being copied exceeds the size of normally available copy paper, and is a complete copy of the document clearly readable to the average person. Plaintiff requests that each document that is reproduced by copy methods to satisfy this request, be produced on one page (one document per page), separate and apart from all other documents produced. If the copies reproduced to satisfy any request herein are not clearly readable, Plaintiff requests the originals be produced for purposes of viewing and copying by Plaintiff. The originals will be timely returned to the producing defendant.

12. "Concerning" means related to, referring to, describing, evidencing, or constituting.

13. "Consume" means to eat, drink, ingest, use, or otherwise put into the human body.

14. "Defendant's vehicle" refers to the vehicle Mercado was driving at the time of the Incident. This definition is not meant to be an assertion of ownership, but only for purposes of identification.

15. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by You, that constitute or contain matters relevant to the subject matter of the action.

16. "Driving Record" means any group, series, or compilation of documents that contains information including but not limited to Your full name and address, date of birth, description of personal appearance and/or physical characteristics, driver's license number, type of driver's license, class of driver's license, and restrictions on Your license, endorsements, status of driver's license, issuance and expiration dates, number of points on license, number of citations for traffic violations, description of each violation,

**EXHIBIT D-#.31**

and date of each violation.

17. "Electronic mobile device" refers to any electronic device that does not require an external power supply to function. This definition includes but is not limited to cellular phones, laptops, tablets, smartphones, smartwatch, personal digital assistant, handheld video game consoles, digital media players, digital cameras, navigation devices, or any combination of the previously listed devices.

18. "FMCSR" means the Federal Motor Carrier Safety Regulations.

19. "Identify" or "describe" when referring to a person, means you must state the following:
    a. the full name;
    b. the present or last known residential address and residential telephone number;
    c. the present or last known office address and office telephone number;
    d. the present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
    e. in the case of an entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee;

20. "Incident" or "Occurrence in Question" refers to the collision made the basis of this lawsuit, which is described more fully in Plaintiff's Live Petition.

21. "Lobbyist" refers to a person or entity that acts to lawfully influence the actions, policies, or decisions of government officials.

22. The term "maintenance files and records" as used herein means documents required to be maintained and preserved pursuant to 49 CFR 396. This includes, but is not limited to, all tractor and trailer daily vehicle inspection reports, annual inspections, work or repair orders, equipment parts or accessory lists, accounting records, bills, or notes of repairs or maintenance, maintenance files and records, and any other relevant documents.

23. The term "operational or trip related documents" as used herein means records generated by the driver or co-driver of the tractor and trailer in question during the time period requested.

24. "Person" means natural person, corporations, partnerships, sole proprietorships, associations or any other kinds of entity and/or agents, servants, employers and/or employees.

25. "Possession, custody, or control" of any item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item;

**EXHIBIT D-#.31**

26. "Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, negative or any other recording of any non-verbal communication in tangible form;

27. "Plaintiff's Live Petition" refers to the most recent petition Plaintiff has filed in the Current Suit at the time these discovery requests are served on Defendant.

28. "Record(s)" refers to documents, charts, tables, graphs or other similar compilations of engineering or statistical date in graphic, digital analog, or other format.

29. "Relating to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way involving.

30. "Request(s)" means any formal request for "document(s)" or "information."

31. "Side underride guard" or "side guard" means barriers attached to the sides of a trailer to prevent pedestrians or vehicles from going underneath the trailer.

32. The term "tractor" or "truck tractor" as used herein means a motor vehicle used primarily for pulling other vehicles such as trailers and not constructed to carry a load other than a part of the weight of the vehicle connected.

33. The term "trailer" as used herein means a vehicle designed for carrying persons or property on its own structure and being pulled by a motor vehicle such as a tractor  or truck tractor and is constructed so that none of its weight rests on any other vehicle.

34. The term "truck driver" or "driver" as used herein means any person employed, or contracted for or with, by any of the Defendants named in this lawsuit, including persons known as co-drivers, independent contractors, owner operators, or trip lessors and includes persons provided to Defendant, as drivers by other organizations who perform driving services for or on behalf of Defendant.

35. Whenever a singular form of a word is used, it should also be construed to encompass the plural; whenever the plural form is used, it should also be construed to encompass the singular.

**EXHIBIT D-#.31**

## <u>PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT PACCAR</u>
## <u>FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY</u>

Admit or deny each of the following:

1.  At the time of the Incident, You owned the trailer involved in the Incident.

2.  At the time of the Incident, You were a lessor of the trailer involved in the Incident.

3.  At the time of the Incident, Defendant's vehicle was equipped with a device which recorded data regarding the operation, movement, or braking of the vehicle, including the speed of the vehicle.

4.  You, or one or more of your agents, investigated the Incident.

5.  You, individually or through your agents, have possession of photographs of Defendant's vehicle from before the incident.

6.  The vehicle that was being driven by Mercado that was involved in the Incident made the basis of this suit was repaired subsequent to the incident.

7.  The trailer that was being hauled by Mercado has side underride guards installed on it after the Incident.

8.  You, individually or through your agents, have possession of photographs of Defendant's vehicle from after the Incident.

9.  You, individually or through your agents, have possession of estimates or repair records related to the repair of or damage to Defendant's vehicle for the damage sustained as a result of the Incident.

10. You, individually or through your agents, have possession of photographs of the car Plaintiff was driving at the time of the Incident.

11. You have an excess, secondary, or umbrella policy of insurance that is applicable to, or provides coverage for, the Incident.

12. You have a supplemental insurance policy that is applicable to, or provides coverage for, the Incident.

13. You, or any adjuster handling the claim made the basis of this suit on behalf of Defendant's insurance carrier has possession of at least one "witness statement," as that phrase is defined in Rule 192.3(h) of the Texas Rules of Civil Procedure, of Defendant.

**EXHIBIT D-#.31**

14. You, or any adjuster handling the claim made the basis of this suit on behalf of Defendant's insurance carrier has possession of at least one photograph, copy of media coverage, film, videotape, moving picture, audiotape, electronic image or recording which depicts, includes, or contains any underlying fact related to any claim, defense, or damages in this suit.

15. You, or any adjuster handling the claim made the basis of this suit on behalf of your insurance carrier has possession of at least one letter, item of correspondence, note, facsimile, contract, agreement, memorandum, or any other writing sent by or to Plaintiff, or by or to You, related to the incident.

16. You, or any adjuster handling the claim made the basis of this suit on behalf of your insurance carrier has possession of at least one document sent by or to You, related to the cause, circumstances, or effects of the incident.

17. Mercado was employed by You on September 1, 2020.

18. Mercado was acting in the course of his employment by You at the time of the Incident.

19. Mercado was acting in the scope of his employment by You at the time of the Incident.

20. Mercado was on a mission on behalf of You at the time of Incident.

21. You gave Mercado permission to operate the tractor-trailer on the day of the Incident.

22. At the time of the Incident, Mercado had Your permission to operate the tractor-trailer.

23. You have researched, analyzed, evaluated, studied, examined, or investigated the effectiveness of side underride guards in preventing pedestrians or vehicles from going underneath a trailer.

24. You have researched, analyzed, evaluated, studied, examined, or investigated the effectiveness of side underride guards in mitigating the chances of pedestrians or vehicles from going underneath a trailer.

25. You have hired another person or entity to research, analyze, evaluate, study, examine, or investigate the effectiveness of side underride guards in preventing pedestrians or vehicles from going underneath a trailer.

26. You have hired another person or entity to research, analyze, evaluate, study, examine, or investigate the effectiveness of side underride guards mitigating the chances of pedestrians or vehicles from going underneath a trailer.

27. You have researched, analyzed, evaluated, studied, examined, or investigated the cost of

purchasing trailers with side underride guards.

28. You have hired another person or entity to research, analyze, evaluate, study, examine, or investigate the cost of purchasing trailers with side underride guards.

29. You have researched, analyzed, evaluated, studied, examined, or investigated the cost of equipping trailers with side guards that do not have side underride guards.

30. You have hired another person or entity to research, analyze, evaluate, study, examine, or investigate the cost of equipping trailers with side guards that do not have side underride guards.

31. You have hired lobbyists in regards to government efforts to pass laws that would legally require the use, or installation of, side underride guards on trailers.

**EXHIBIT D-#.31**

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PACCAR FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY</u>

1. State the name, address, telephone number, and driver's license number (including the issuing state) and title of the person(s) answering these interrogatories and the name, address, telephone numbers and title of any person assisting in the answering of these interrogatories. If multiple persons are answering these interrogatories, please identify which individuals are answering a particular interrogatory.

2. Please identify the following regarding the trailer:
   a. The manufacturer;
   b. The manufacture date;
   c. The model name, model type, or model number;
   d. The date you acquired it;
   e. Whether you purchased it or leased it; and
   f. Whether it was new or used when you acquired it.

3. Please identify what was the freight being transported at the time of the Incident.

4. Please identify by name, address and job title the persons who investigated the factual events of this Incident on behalf of Defendant. In so answering, please identify the date the investigation began, the name and job title of those who participated in the investigation on behalf of Defendant; and the factual findings that were revealed/compiled as a result of this investigation.

5. Did You and/or your representatives, agents or employees make any determination after the Incident as to whether the Incident made the basis of this lawsuit was preventable or non-preventable? If the answer is anything other than an unequivocal "no," please identify the persons who participated in this decision making process and enumerate their findings (preventable or non-preventable).

6. Please describe your relationship with Jackson Transportation Services, Inc., including but not limited to providing the following information:
   a. When you first started leasing/selling them trailers; and
   b. How many times you have leased/sold them trailers.

7. Please identify and describe all oral agreements or contracts You had with Jackson Transportation Services, Inc. that were in effect at the time of the Incident.

8. If the trailer involved in the Incident has been involved in a motor vehicle collision before, please identify:
   a. The date of the collision;
   b. The location of the collision;
   c. The circumstances of the collision.

**EXHIBIT D-#.31**

9. Identify every single lawsuit that has been filed against you in the last ten years where it is alleged, in whole or in part, that You are liable for personal injuries as a result of the absence of side underride guards on a trailer. In identifying each lawsuit, please include the following information:
   a. The case styling;
   b. The state;
   c. The venue;
   d. Disposition of the claim against You; and
   e. The amount of the monetary damages assessed against you at trial, if any, prior to reductions due to any contributory negligence of other parties, or reductions as a result of trial and/or appellate court rulings.

**EXHIBIT D-#.31**

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO PACCAR FINANCIAL CORP. D/B/A PACCAR LEASING COMPANY

1. Produce all of Your policies and procedures concerning accident investigation or reporting that were in effect on the date of the Incident.

2. Produce all bills of lading concerning the freight being transported in the trailer involved in the Incident, at the time of the Incident.

3. Produce all contracts, agreements, and/or memoranda between You and all other individuals and/or entities that concern the freight being transported at the time of the Incident.

4. Produce Your accident register maintained as required in 49 CFR 390.15(b) including the motor vehicle collision with Plaintiff and all motor vehicle collisions that have occurred in the three (3) years prior to the date of the Incident.

5. All contracts or agreements between You and any individual or entity that concerns vehicular maintenance or repair services for the trailer involved in the Incident.

6. All contracts and/or agreements between You and Jackson Transportation Services, Inc. concerning the purchase, sale, leasing, and/or renting of trailers.

7. All contracts and/or agreements between You and Jackson Transportation Services, Inc. concerning the trailer involved in the Incident.

8. Please produce all lease agreements, employment agreements, independent contractor agreements, or any other agreements between Mercado and You.

9. Please produce all contracts, agreements, and/or memorandums of understanding between You and Jackson Transportation Services, Inc. that were in effect on the day the Incident occurred.

10. Produce all documents related to the purchase of the trailer involved in this Incident.

11. Please produce all vehicle registration documents, licenses, license tags, title documents, lease agreements, or rental agreements relating to the trailer Mercado was towing at the time of the Incident.

12. Please produce all leases and contracts related to use and/or ownership of the trailer involved in this Incident that were in effect on the day of the Incident.

**EXHIBIT D-#.31**

13. Please produce complete and clearly readable copies of all maintenance files and records (see Definition "22") from at least one (1) year prior to the Incident regarding the trailer involved in the Incident inclusive of any inspections, repairs or maintenance.

14. Please produce all documents concerning all inspections performed on the trailer involved in this Incident.

15. Produce any and all maintenance records, repair records, invoices, checks, payments or billing records which reflect or manifest any maintenance, inspection, improvement, testing or repair of the trailer involved in the Incident.

16. Please produce the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including, but not limited to, records relating to the repairs, maintenance, and costs for the trailer involved in the collision with Plaintiff.

17. Please produce all correspondence related to the Incident, regardless of who sent them, or who received them. This request does not include correspondence that is only between You and your attorney(s).

18. Please produce any and all maps, lists, memoranda, or documents which set forth, describe, or define the route or trip Mercado was on, on the day of the incident.

19. Please produce any and all incident, accident, or injury reports related to the incident that was prepared by You, or by any employee, owner, or agent of You.

20. Please produce any and all incident, accident or injury reports related to the incident that was prepared by any federal, state, county, or municipal agency.

21. Please produce any photographs taken of the vehicle operated by Mercado at the scene of the collision.

22. Produce any photograph, media coverage, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts, includes or contains the image of the scene of the Incident or its aftermath.

23. Please produce any photograph, media coverage, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts, includes or contains the image of the Incident or its aftermath.

24. Please produce any photograph, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts or contains the image of the tractor or trailer (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

25. Please produce any photograph, media coverage, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts or contains the image of any property damage resulting from the incident (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

26. Please produce a copy of any traffic citation issued that is related to the Incident.

27. Please produce any and all e-mail sent by, or to, Defendant (including its employees or agents), Jackson Transportation Services, Inc. (including its employees or agents), Plaintiff, or Mercado that concern the incident. (You may exclude from your response hereto any e-mail sent between only Defendant and any attorney representing Defendant).

28. Please produce all voice mail messages related to the Incident that were created and not privileged.

29. Please produce all call slips and telephone messages related to the incident and not privileged.

30. Please produce every "witness statement," as that phrase is defined in (Rule 192.3(h) of the Texas Rules of Civil Procedure), of any person who was involved in the incident.

31. Please produce every "witness statement," as that phrase is defined in (Rule 192.3(h) of the Texas Rules of Civil Procedure), of any person who perceived all or any part of the incident, or who came to the scene thereof within three hours after the incident.

32. Please produce any and all estimates, appraisals, invoices, drawings, diagrams, photographs, videotapes, or checks related to any property damage which occurred as a result of the incident to any building, vehicle or object other than the tractor, or the trailer.

33. Please produce any and all estimates, appraisals, invoices, drawings, diagrams, photographs, videotapes, or checks related to any property damage to the trailer which occurred as a result of the Incident.

34. Produce any release for any claim of property damage, personal injury, or death that stems from the Incident made the basis of this lawsuit.

35. Please produce any checks, drafts, or other forms of payment related to any claim for property damage, personal injury, or death that stems from the Incident made the basis of this lawsuit.

36. Produce any device with which Defendant's vehicle and/or trailer was equipped that recorded data regarding the operation, movement, speed, or braking of the vehicle and/or trailer involved in the Incident.

**EXHIBIT D-#.31**

37. Produce all information or data obtained from any device with which Defendant's vehicle and/or trailer was equipped that recorded data regarding the operation, movement, speed, or braking of Defendant's vehicle and/or trailer involved in this Incident. This request is limited to data from the date of the Incident.

38. Please produce copies of all photographs, slides, motion pictures, videotapes, surveillance reports or other information relevant to surveillance of Plaintiff's activities from the date of the collision involving Plaintiff to the present.

39. All documents that you relied on to respond to Plaintiff's Interrogatories (you may exclude from your response any item which you have produced in response to any previous request herein).

40. Please produce any and all indemnity or insurance agreements under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy any judgment herein.

41. Please produce any and all insurance contracts, including but not limited to the declaration page, which provide secondary or excess coverage to Mercado or to You for any risk related to or stemming from the Incident; this request specifically includes, but is not limited to, any motor vehicle insurance policy issued to You at the time of the Incident, if not produced in response to any previous request.

42. Please produce a copy of each primary, umbrella, and excess insurance policy, or agreement, including the declarations page, for You which was in effect at any time from the date that treatment first began until notice was given and received that this lawsuit had been filed which may make the respective insurance companies liable to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

43. Please produce any and all documents reflecting payments to any person or legal entity arising out of claims made against you arising out of the Incident made the basis of this suit, whether paid by you or any person or entity (including insurance) on your behalf.

44. Please produce all documents concerning any bills, attorney's fees, court costs, expenses, expert fees, formal or informal, that reduces the amount of liability insurance available to cover Plaintiff.

45. Please produce any reservation of rights letter pertaining to the claim which forms the basis of this lawsuit.

46. Produce all documents concerning any and all research, investigation, or study You

**EXHIBIT D-#.31**

performed concerning the effect of side underride guards on the prevention, mitigation, or reduction of injury or death.

47. Produce all documents concerning any and all research, investigation, or study You performed into the cost of purchasing trailers equipped with side underride guards.

48. Produce all documents concerning any and all research, investigation, or study You performed into the cost of leasing trailers equipped with side underride guards.

49. Produce all documents concerning any and all research, investigation, or study You performed into the cost of selling trailers equipped with side underride guards.

50. Produce all documents concerning any and all research, investigation, or study You hired another person or entity to perform regarding the cost of purchasing trailers equipped with side underride guards.

51. Produce all documents concerning any and all research, investigation, or study You hired another person or entity to perform regarding the cost of leasing trailers equipped with side underride guards.

52. Produce all documents concerning any and all research, investigation, or study You hired another person or entity to perform regarding the cost of selling trailers equipped with side underride guards.

53. Produce all documents concerning any and all research, investigation, or study You performed into the cost of equipping trailers with after-market side underride guards.

54. Produce all documents concerning any and all research, investigation, or study You hired another person or entity to perform regarding the cost of equipping trailers with after-market side underride guards.

55. Produce all documents concerning any communications between You and any lobbyist related to side underride guards in the last twenty-five years.

56. Produce all documents concerning payments to any lobbyist related to side underride guards in the last twenty-five years.

57. Produce all documents concerning any communications between You and any member(s) of the Texas House of Representatives related to side underride guards.

58. Produce all documents concerning any communications between You and any committee(s) of the Texas House of Representatives related to side underride guards.

59. Produce all documents concerning any communications between You and any

**EXHIBIT D-#.31**

committee(s) of the Texas State Senate related to side underride guards.

60. Produce all documents concerning any communications between You and any member(s) of the United States House of Representatives related to side underride guards.

61. Produce all documents concerning any communications between You and any committee(s) of the United States House of Representatives related to side underride guards.

62. Produce all documents concerning any communications between You and any subcommittee(s) of the United States House of Representatives related to side underride guards.

63. Produce all documents concerning any communications between You and any member(s) of the United States Senate related to side underride guards.

64. Produce all documents concerning any communications between You and any committee(s) of the United States Senate related to side underride guards.

65. Produce all documents concerning any communications between You and any subcommittee(s) of the United States Senate related to side underride guards.

66. Produce all documents concerning any communications between You and the United States Department of Transportation related to side underride guards.

**EXHIBIT D-#.31**

017-323588-21

# EXHIBIT C

Case 4:21-cv-03222-O   Document 1-4   Filed 09/02/21   Page 139 of 171   PageID 159

| ☐ FATAL | ☐ CMV | ☐ SCHOOL BUS | ☐ RAILROAD | ☐ MAB | ☐ SUPPLEMENT | ☐ ACTIVE SCHOOL ZONE | Total Num. Units | 2 | Total Num. Prsns. | 2 | TxDOT Crash ID | 17848534.1 /2020345511 |

## Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)

**Texas Department of Transportation**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714.  Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 2

| *Crash Date (MM/DD/YYYY) | 09 / 01 / 2020 | *Crash Time (24HRMM) | 1 8 5 8 | Case ID | 20SP069999 | Local Use | Dist 1 |

### IDENTIFICATION & LOCATION

| *County Name | TARRANT | *City Name | SOUTHLAKE | ☐ Outside City Limit |

| In your opinion, did this crash result in at least $1,000 damage to any one person's property? | ☒ Yes ☐ No | Latitude (decimal degrees) | 3 2 . 9 6 1 6 5 | Longitude — (decimal degrees) | 0 9 7 . 1 5 0 2 2 |

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. | SH | *Hwy. Num. | 114 | 2 Rdwy. Part | 1 | Block Num. | 2800 | 3 Street Prefix | E | * Street Name | Northwest | 4 Street Suffix | HWY |

| ☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit | 65 | Const. Zone | ☐ Yes ☒ No | Workers Present | ☐ Yes ☒ No | Street Desc. | Main roadway |

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | ☐ Yes ☒ No | 1 Rdwy. Sys. | FM | Hwy. Num. | 1709 | 2. Rdwy. Part | 1 | Block Num. | 3200 | 3 Street Prefix | E | Street Name | Southlake | 4 Street Suffix | BLVD |

| Distance from Int. or Ref. Marker | 500 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref. Marker | E | Reference Marker | | Street Desc. | Main roadway | RRX Num. | |

### VEHICLE, DRIVER, & PERSONS

| Unit Num. | 1 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | TX | LP Num. | LVF2207 | VIN | 1 9 U D E 2 F 7 7 G A 0 1 7 3 4 |

| Veh. Year | 2 0 1 6 | 6. Veh. Color | WHI | Veh. Make | ACURA | Veh. Model | ILX | 7 Body Style | P4 | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | 38767842 | 9 DL Class | C | 10 CDL End. | 96 | 11 DL Rest. | 96 | DOB (MM/DD/YYYY) | 1 2 / 1 2 / 1 9 9 4 |

| Address (Street, City, State, ZIP) | 202 QUAIL RUN LN ARLINGTON, TX 76002 |

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | ALHERI, ASERDA | A | 25 | A | 2 | 1 | 1 | 5 | 97 | N | 96 | | 96 | 97 | 97 |
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address | ALHERI, ASERDA, 202 QUAIL RUN TRL ARLINGTON, TX 76002 |

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | GEICO - GOVERNMENT EMPLOYEES INS. CO. | Fin. Resp. Num. | 4529680979 |

| Fin. Resp. Phone Num. | (800) 841-3000 | 27 Vehicle Damage Rating 1 | 1 1 0 - L F Q - 4 | 27 Vehicle Damage Rating 2 | 2 - L F Q - 2 | Vehicle Inventoried | ☐ Yes ☒ No |

| Towed By | Euless B&B Wrecker | Towed To | 1201 W Euless Blvd., Euless, TX 76040 |

---

| Unit Num. | 2 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | TX | LP Num. | r446770 | VIN | 1 X P B D P 9 X 9 G D 3 5 3 5 |

| Veh. Year | 2 0 1 6 | 6. Veh. Color | WHI | Veh. Make | PETERBILT | Veh. Model | 579 | 7 Body Style | TR | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | 19041651 | 9 DL Class | A | 10 CDL End. | 96 | 11 DL Rest. | 96 | DOB (MM/DD/YYYY) | 0 2 / 0 6 / 1 9 7 8 |

| Address (Street, City, State, ZIP) | 3300 CLAYMORE DR PLANO, TX |

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | MERCADO, JUAN | N | 42 | H | 1 | 1 | 1 | 97 | 97 | N | 96 | | 96 | 97 | 97 |
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address | PACCAR LEASING COMPANY, 10620 N STEMMONS FWY DALLAS, TX 75220 |

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | CENTRAL MUTUAL/ALL AMERICAN INS. CO. | Fin. Resp. Num. | CLP957423618 |

| Fin. Resp. Phone Num. | (888) 263-2924 | 27 Vehicle Damage Rating 1 | 4 - R D - 2 | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried | ☐ Yes ☒ No |

| Towed By | NOT TOWED | Towed To | DRIVEN AWAY | SHEET B-4.21 |

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

Case ID 20SP069999

Case 4:21-cv-01022-O Document 1-4 Filed 140 of 171 PageID 160

TxDOT Crash ID 17848534.1/2020345511

Page 2 of 2

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 1 | 1 | Baylor, Scott & White, Grapevine | Southlake Medic 401 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

| Unit Num. 2 | ☒ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☒ No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 00301140 |

Carrier's Corp. Name JACKSON TRANSPORTATION SERVICES
Carrier's Primary Addr. 400 N CARROLL BLVD DENTON, TX 76099
30 Veh. Type 7

| 31 Bus Type 0 | ☒ RGVW ☐ GVWR 1 7 6 4 6 | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 98 |

| Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |

| Sequence Of Events | 35 Seq. 1 20 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☐ No | Actual Gross Weight | Total Num. Axles |

## FACTORS & CONDITIONS

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 98 | | | | 1 | 1 | 3 | 3 | 1 | 2 | 17 |

## NARRATIVE AND DIAGRAM

### Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

In the 2800 block of East Hwy 114 east bound, Unit 1 lost control due to the roadway being wet and struck the guard rail. Unit 1 began to fishtail and struck Unit 2. Unit 1 was stuck partial under Unit 2 and had severe damage. Unit 1 driver was taken to Baylor Grapevine with unknown injuries. Unit 1 was towed away from the scene by B&B Wrecker. Unit 2 was able to be driven away with minor damage to the underneath part of the semi.

Field Diagram - Not to Scale



## INVESTIGATOR

| Time Notified (24HR:MM) 1 6 5 9 | How Notified Dispatched | Time Arrived (24HR:MM) 1 7 0 1 | Report Date (MM/DD/YYYY) 0 9 / 0 5 / 2 0 2 0 |
|---|---|---|---|

| Invest. Comp. ☒ Yes ☐ No | Investigator Name (Printed) Lockwood, n | | ID Num. 1927 |

| ORI Num. T X 2 2 0 3 2 0 0 | *Agency SOUTHLAKE POLICE DEPARTMENT | Service/ Region/DA 0 1 |

017-323588-21

# EXHIBIT D

HOME    /    ABOUT US    /    GET TO KNOW PACCAR

# Get to Know PACCAR

PACCAR is a global technology leader in the design, manufacture and customer support of premium light-, medium- and heavy-duty trucks under the Kenworth, Peterbilt and DAF nameplates. PACCAR also designs and manufactures advanced diesel engines, provides financial services, information technology, and distributes truck parts related to its principal business.



Kenworth Truck Company builds premium commercial vehicles for sale in the U.S., Canada, Mexico and Australia and for export throughout the world. Peterbilt Motors also designs, manufactures and distributes premium commercial vehicles in the US and Canada. DAF Trucks manufactures trucks in the Netherlands, Belgium, Brasil and the United Kingdom for sale throughout Western and Eastern Europe, and export to Asia, Africa, North and South America.

PACCAR delivers its products and services to customers worldwide through an extensive dealer network of 2,200 locations. PACCAR Global sells the company's products in more than 100 countries and is expanding its dealer network in Asia and throughout the world. Approximately half of PACCAR's revenues and profits are generated outside the United States.



PACCAR Parts operates a network of parts distribution centers offering aftermarket support to Kenworth, Peterbilt and DAF dealers and customers around the world. Aftermarket support includes customer call centers operating 24 hours a day throughout the year and technologically advanced systems to enhance inventory control and expedite order processing.

PACCAR Financial Services provides finance, lease and insurance services to dealers and customers in 24 countries including a portfolio of more than 180,000 trucks and trailers and total assets in excess of $13 billion. The group includes PACCAR Leasing, a major full-service truck leasing company in North America, with a fleet of 38,000 vehicles.

**EXHIBIT D-#.31**

Environmental responsibility is one of PACCAR's core values. The company regularly develops new programs to help protect and preserve the environment and PACCAR has established ambitious goals to further reduce emissions and enhance fuel efficiency in its truck models.

PACCAR is headquartered in Bellevue, Washington, USA. The company and its employees' charitable contributions demonstrate a strong commitment to the communities in which we work and live. The PACCAR Foundation grants millions of dollars each year for education, social services and the arts.









2021 PACCAR Inc. All rights reserved.     Privacy Statement     Terms of Use     Site Map

EXHIBIT D-#.31

017-323588-21

# EXHIBIT E

**Driver Application**

**Phone: (817) 310-0485**
**Fax: (866) 643-7115**

HOME       ABOUT JACKSON TRANSPORTATION       OUR SERVICES       CONTACT US

# About Jackson Transportation



Home

About Jackson

Our Services

Driver Application

Contact Us

CONTACT US TODAY AND
GET STARTED

If you'd like to know more or
get in touch with **Jackson
Transportation** for your
logistics needs.

**Phone: (817) 310-0485**
**Fax: (866) 643-7115**

**Physical Address:**
803 Port America Place
Suite 300
Grapevine, Texas 76051

**Remit To Address:**
P.O. Box 3154
Grapevine, Texas 76099

## Overview

Jackson Transportation, Inc was started in 2000 and has been serving customers in the Dallas Fort Worth area and throughout the United States with an excellent track record. Jackson Transportation is a family-owned and operated business with a committed team, which delivers exceptional service for clients both big and small, every time.

After working in the transporation industry for many years Kurtis, Kody, and Klint Jackson started Jackson Transporation and have not looked back. Over the years we've developed strong strategic alliances with other transportation professionals to get the job done, no matter how complex and far-reaching.

## Why Choose Jackson Transportation

Jackson Transportation is managed by first hand by the owners and our services show in the appearance of our trucks and warehouse facilities, and in our peoples' abilities and positive attitudes. It's part of our belief in building long-term business relationships. Because we know that our good name depends on the service we deliver.

## Our Drivers

Our drivers clearly represent your company's image. Each dependable and courteous courier has been trained to the highest standard in the industry to expedite all deliveries in an efficient and professional manner; all employees wear the company uniform and badge with a picture I.D.

## Our Equipment

Our well maintained fleet consist of (12) Late Model Tractors, (18) 53' Air Ride Trailers, (8) 24' Logistics Straight Trucks with Lift Gates, (3) 53' Lift Gate Trailers and a Cargo Van. *All of our trailers are equipped with vertical logistics post or etrack systems.

Additional Equipment is provided upon request such as: Straps, Blankets, Decking, Decking Bars and Ramps.

## Get started today and contact Jackson Transportation, Inc

**EXHIBIT D-#.31**

**Jackson Transportation**
803 Port America Place
Suite 300
Grapevine, Texas 76051
Phone: (817) 310-0485

Driver Application   Our Services   About Jackson   Contact Us   Terms & Conditions   Privacy

**EXHIBIT D-#.31**

017-323588-21

# EXHIBIT F

EXHIBIT D-#.31

<u>**Driver Application**</u>

**Phone: (817) 310-0485**
**Fax: (866) 643-7115**

HOME     ABOUT JACKSON TRANSPORTATION     OUR SERVICES     CONTACT US

# Our Services



Home

About Jackson

Our Services

Driver Application

Contact Us

CONTACT US TODAY AND GET STARTED

If you'd like to know more or get in touch with **Jackson Transportation** for your logistics needs.

**Phone: (817) 310-0485**
**Fax: (866) 643-7115**

**Physical Address:**
803 Port America Place
Suite 300
Grapevine, Texas 76051

**Remit To Address:**
P.O. Box 3154
Grapevine, Texas 76099

## Overview

24 hours per day, 7 days per week, Jackson Transportation provides its valuable customers with reliable, expedited pickup and delivery service to points throughout the Dallas Fort Worth area. The Jackson Transportation fleet of modern equipment includes bobtail vans with power liftgates, standard and air-ride trailers up to 53' in length, and other specialized needs. Our completely radio dispatched fleet is ready when you are.

## DFW Airport Cartage Services

Jackson Transportation provides an instrumental line haul service to airlines, logistics and freight forwarders through out the DFW Airport. We transfer and recover all types of shipments for many freight forwarders and logistic companies. Our fleet of trailers and bobtails servicing the Dallas Fort Worth Airport are equipped with lift gate systems to accommodate for these types of movements.

## Dedicated Truckloads

Maintaining and operating your own fleet, driving personnel, insurances and operating authority add up to be very costly and resource intensive. Using our dedicated route service is an effective way of saving time, reducing cost on personnel and improving productivity. We will customize an effective transportation solution for your business by providing your company with dedicated drivers that become an extension of your company's daily operations. As your logistics partner we will maintain a seamless delivery system that will insure an uninterrupted supply of your products.

## Full Truckload Service

As a full service provider of truckloads locally and nationwide, we provide all customers with safe and reliable time definite transport of all types of shipments from palletize freight , floor loaded freight, loaded airline containers and pad wrap services. With a fleet of equipment including air ride vans and logistics trailers we offer a wide range of services to accommodate to any type of transportation need. We offer personalized service, 24 hours a day 365 days a year and our customer service is standing by ready to assist you.

## Secure Warehousing

Jackson Transportation offers secure, state-of-the-art warehousing and warehousing services. With its modern facilities located within minutes from Dallas Fort Worth International airport, your products may be stored and serviced in a secure environment and convenient location. Whether your warehousing needs include short term or long term storage, pick and pack services, merchandise inspection areas, world-wide distribution or high security, Jackson Transportation warehouse and distribution services have you covered.

**EXHIBIT D-#.31**

## Get started today and contact Jackson Transportation, Inc

**Jackson Transportation**                    Driver Application   Our Services   About Jackson   Contact Us   Terms & Conditions   Privacy
803 Port America Place
Suite 300
Grapevine, Texas 76051
Phone: (817) 310-0485

**EXHIBIT D-#.31**

017-323588-21

FILED
TARRANT COUNTY
8/6/2021 4:32 PM
THOMAS A. WILDER
DISTRICT CLERK

**<u>CAUSE NO. 017-323588-21</u>**

| | | |
|---|---|---|
| ASERDA ALHERBI | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 17th District Court |
| | § | |
| PACCAR FINANCIAL CORP. D/B/A PACCAR | § | TARRANT COUNTY, TX |
| LEASING COMPANY, ET AL | § | |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |

**RETURN OF SERVICE**

**ON Wednesday, August 4, 2021 AT 10:51 AM**
2 COPIES: CITATION, PLAINTIFF'S FIRST AMENDED PETITION, CHECK TO TEXAS SECRETARY OF STATE FOR $55.00.   for service on HYUNDAI TRANSLEAD C/O TEXAS SECRETARY OF STATE came to hand.

**ON Friday, August 6, 2021 AT 4:05 PM, I, ADRIANA ADAM, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** HYUNDAI TRANSLEAD C/O TEXAS SECRETARY OF STATE, by delivering to Web Jerome, 1019 BRAZOS STREET, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is ADRIANA ADAM. My address is 4201 Monterey Oaks Blv Apt. 2208. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 17714, expires 10/31/2021). My e-mail address is info@easy-serve.com. My date of birth is 3/30/1992. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Friday, August 6, 2021.

/S/ ADRIANA ADAM

Alherbi / Hyundai

Doc ID: 283441_3

**EXHIBIT D-#.32**

## THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 017-323588-21*

ASERDA ALHERBI

VS.

PACCAR FINANCIAL CORP., ET AL

TO: HYUNDAI TRANSLEAD

B/S REG AGENT-ROBERT HAWKINS 5750 RUFE SNOW DRIVE # 130 FORT WORTH, TX 76180

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S FIRST AMENDED PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 17th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

ASERDA ALHERBI

Filed in said Court on June 11th, 2021 Against
PACCAR FINANCIAL CORP, D/B/A PACCAR LEASING CORPORATION, JACKSON TRANSPORTATION SERVICES INC, HYUNDAI MOTOR AMERICA,
JUAN MERCADO, HYUNDAI TRANSLEAD
For suit, said suit being numbered 017-323588-21 the nature of which demand is as shown on said
PLAINTIFF'S FIRST AMENDED PETITION  a copy of which accompanies this citation.

ANDREW DAO
Attorney for ASERDA ALHERBI Phone No. (713)655-1405
Address      2211 NORFOLK ST STE 800 HOUSTON, TX 77098

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 15th day of June, 2021.

By _____
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 06/15/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *01732358821000067*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S FIRST AMENDED PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

**EXHIBIT D-#.32**

017-323588-21

FILED
TARRANT COUNTY
8/9/2021 2:52 PM
THOMAS A. WILDER
DISTRICT CLERK

Case 4:21-cv-01022-O   Document 1-4   Filed 09/02/21   Page 152 of 171   PageID 172

CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. D/B/A** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA AND JUAN MERCADO** | § | |
| *Defendants.* | § | **17TH JUDICIAL DISTRICT** |

---

## DEFENDANTS PACCAR FINANCIAL CORP., JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO'S REPLY IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado and file this their Reply in Support of Defendants' Motion for Summary Judgment ("Motion") pursuant to Texas Rules of Civil Procedure 166a(c), and in support thereof, would respectfully show the Court as follows:

### I.    SUMMARY OF THE ARGUMENT

Defendants are entitled to summary judgment pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure because the evidence in this matter establishes as a matter of law that Plaintiffs cannot establish that the Defendants owed a duty to the Plaintiff.  Specifically, the Plaintiff has alleged that Defendants did not ensure that equipment in the form of side guards were not installed on a commercial trailer which were necessary to order to ensure the trailer was not unreasonably dangerous.  However, the Texas Supreme Court has held on at least two occasions their theory of strict liability and negligence are invalid against businesses that play "only an incidental role in a product's placement," in commerce. *New Texas v. Gomez,* 249 S.W.3d 400, 404 (Tex. 2008).  The

Court stated expressly that "while many businesses may be able to pay compensation, consumers normally expect a product's manufacturer to be the one who stands behind it." *Id.* Plaintiff has failed to establish the foundation of said duty under Texas law, while ignoring direct precedent to the contrary of her position.

## II.   ARGUMENTS & AUTHORITIES

To combat Defendants' Motion, Plaintiffs are required to furnish a reasonable basis for the conclusion, by reasonable minds, as to the existence of the disputed fact. *Nat'l Union Fire Ins. v. Dominguez*, 873 S.W.2d 373, 376 (Tex. 1994). Plaintiffs' failure to do so entitles Defendants to summary judgment on the challenged claims. *Id.* Plaintiffs have failed to produce competent summary judgment evidence to raise a genuine issue of material fact, therefore summary judgment should be granted. *See Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009) (holding a court must grant the motion unless the non-movant produces more than a scintilla of probative summary judgment evidence raising a genuine issue of material fact). To prevail on a traditional motion for summary judgment, the movant must establish that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); and *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993). When the movant negates at least one of the essential elements of a cause of action they are entitled to summary judgment as to that cause of action. *Randall's Food Markets*, 891 S.W.2d at 644; (*citing Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex. 1993); and *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970)).

### A.   *New Texas v. Gomez* Expressly Limits the Duty to Those in the Position of a Seller

Plaintiff alleges in her Response that the Supreme Court in *New Texas* expanded Section 402A of the Restatement to businesses beyond the role of selling a product. *See* Plaintiff's

Response at 5.  However, the Court in *New Texas* expressly limits the scope of the duty to businesses "that are in the same position as one who sells the product."  *New Texas v. Gomez,* 249 S.W.3d 400, 403-404 (Tex. 2008).  The Court went on to site itself in *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 89 (Tex. 2004) in a footnote expressly stating that 402A was inapplicable to trailers used by a trucking company supplied for its drivers.  *See id.* at 404 (footnote 20).  The Court explained that "businesses that play only an incidental role in a product's placement are rarely in a position to deter future injuries by changing a product's design or warnings."  *Id.* at 404.  Further, the Court held that by imposing the duty it would "spread risks, they must do so across far more products that the one that was defective.  And while many businesses may be able to pay compensation, consumers normally expect a product's manufacturer to be the one who stands behind it."  *Id.*

Plaintiff argues that the Supreme Court's holding the *New Texas* was limited to auctioneers because of an express exclusion in the Third Restatement of Torts.  *See* Plaintiff's Response at 7.  However, this misstates the extent to which the Court addressed the Court of Appeals' opinion and reasoned that imposition of a duty in that context would be unreasonable.  Plaintiff's argument in her response ignores the rest of the opinion in which the Court does exactly what the Plaintiff argues it did not.  The Court unequivocally cites to the Third Restatement that "persons assisting or providing services to product distributors, while indirectly facilitating the commercial distribution of products, are not subject to liability under the rules of this Restatement."  *Id.* (citing the Third Restatement).  The Court stated that the concepts involved where intended to "describe producers, not mere announcers like an auctioneer or an emcee at a trade show who 'introduces' a product to a crowd by has nothing to do with *making it.*"  *Id.* at 405 (emphasis added).  None of

the Defendants filing this motion are involved in the making, design, or manufacturing of the trailer at issue.

The Court then went to differentiate Texas Civil Practice and Remedies Code Section 82. In that Section retailers obtain indemnity from manufacturers. The Court held that the legislative intent of Chapter 82 was to "restrict liability for defective parties to those who *manufacture* them." *Id.* (emphasis added).

Plaintiff in this case attempts to differentiate *New Texas* as limited to auctioneers. The plaintiff in *New Texas* tried to expand the analysis by arguing that Defendant auctioneer owned the vehicle involved. The Court expressly acknowledged that the Defendant owned the title to the vehicle involved. However, it concluded that the Defendant was not in the business of selling automobiles, and therefore cannot be held strictly liable. *See id.* at 405-406. In this case neither, Jackson Transportation Services, Inc. or Juan Mercado are involved in selling, designing, manufacturing, or marketing the trailer involved in this case. There is no foundation for imposing a duty to the Plaintiff. PACCAR does lease the trailer, however as the Court determined in *New Texas*, the balancing act requires imposition of the duty on those that *make* the product, and even the legislative history indicates Texas' intent to limit liability for defective products to those who manufacture them. *See id.* at 405.

**B.** *FFE Transportation v. Fulgham* **Expressly Prohibits the Imposition of Duty to Jackson Transportation and Juan Mercado**

Plaintiff's Response ignores the Supreme Court's holding in *FFE Transportation v. Fulgham*, 154 S.W.3d 84 (Tex. 2004). The case involved a trucking company that was sued by the Plaintiff because a key part of the trailers connection to the tractor malfunctioned causing an accident. The Court expressly refused to apply any duty for strict liability to the trucking company because, unlike the past cases of *McKisson* and *Rourke,* there was not an anticipated sale of the

trailer, and the trucking company was not in the business of selling or leasing trailers.  *See FFE Transp. Servs. v. Fulgham*, 154 S.W.3d 84, 89 (Tex. 2004).  The Court held that the trucking was not in the business of selling any trailers to "ordinary users or consumers," but instead used its trailers solely for its own business purposes.  *See id.*  The Court expressly held that the trucking company was the ***end user*** and ***consumer*** of the trailer for the purposes of section 402A.  *See id.* Plaintiff's have argued that Jackson Transportation and Juan Mercado were in the primary business of leasing and renting trailers.  However, there is no evidence of them doing any such thing.  All of the evidence presented by the Plaintiff shows that Jackson Transportation and Juan Mercado were using the trailers to haul cargo and store cargo.  There is no fundamental difference between the trucking company in *FFE* and the Defendants Jackson Transportation and Juan Mercado in this case.

### C.      Plaintiffs have not Specified any Negligence Claim outside of the Failure to Use Side Guards

Plaintiff argues that Jackson Transportation and Juan Mercado should not be dismissed because she has alleged generalized negligence allegations against them.  This argument was expressly thwarted by Plaintiff's own pleading and response to Defendant's Special Exceptions less than one month ago.  Plaintiff's counsel argued to this Court that its pleading was clear that the only allegation of negligence against Jackson Transportation and Juan Mercado was the failure to use side guards.  Plaintiff is now asking this Court to ignore her argument at that time and broaden her pleading to include other potential "future issues with the vehicle."   Plaintiff's Response at 11.  This argument was the exact reason Defendant argued that Special Exceptions were required.  Plaintiff assured this Court and the parties that its allegations were expressly limited to those of products liability and thus there was no need for other "notice" to the Defendant otherwise.  Plaintiff's Response in this case not only lends credence to Defendant's earlier Special

Exceptions and should result in Plaintiff's pleading being struck outside of those allegations regarding products liability.

### D.   Continuance is Not Needed to Address No Duty Motion for Summary Judgment

A continuance of this motion is not necessary in regard to the determination of the existence of a duty on the part of the Defendants.  Both *New Texas* and *FFE* clearly demonstrate that Defendants were not the manufacturers, designers, or marketers of the trailer involved in this case. Plaintiff's own attached evidence through exhibits demonstrates that none of the Defendants involved in this motion acted in the capacity of the manufacturer of the trailer.  Therefore, discovery would provide no greater incite as to whether a duty was present.  Duty in products liability cases is determined by the capacity of the parties.  Otherwise, any number of potential defendants could be drawn and quartered through a discovery process in the hopes of making a futile case to overcome summary judgment.  Plaintiff can not establish a duty on the part of the Defendants and therefore, summary judgment should be granted on the same basis the Supreme Court held in both *New Texas* and *FFE.*

## III.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants PACCAR Financial Corp., Jackson Transportation Services, Inc. and Juan Mercado pray that their Motion for Summary Judgment be GRANTED; that Plaintiff's claims against Defendants be DISMISSED with prejudice in their entirety; and for any further relief, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**SARGENT LAW, P.C.**


By:   /s/ *Brett D. Timmons*
      **DAVID L. SARGENT**
      State Bar No. 17648700
      david.sargent@sargentlawtx.com
      **BRETT D. TIMMONS**
      State Bar No. 24013637
      brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201
Telephone: (214) 749-6000
Facsimile: (214) 749-6100

**ATTORNEYS FOR DEFENDANTS PACCAR FINANCIAL CORP., JACKSON TRANSPORTATION SERVICES, INC. AND JUAN MERCADO**


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of August 2021, a true and correct copy of the foregoing document was forwarded via E-service to all counsel of record.


      /s/ *Brett D. Timmons*
      **BRETT D. TIMMOMS**


2116373  v.1
0185/00982

FILED
TARRANT COUNTY
8/27/2021 2:16 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| **ASERDA ALHERBI** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **PACCAR FINANCIAL CORP. d/b/a** | § | |
| **PACCAR LEASING COMPANY,** | § | |
| **JACKSON TRANSPORTATION** | § | |
| **SERVICES, INC., HYUNDAI MOTOR** | § | |
| **AMERICA, AND JUAN MERCADO** | § | **17ᵀᴴ JUDICIAL DISTRICT** |

---

### DEFENDANT HYUNDAI TRANSLEAD'S

### SPECIAL APPEARANCE AND ORIGINAL ANSWER SUBJECT THERETO

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES HYUNDAI TRANSLEAD, Defendant in the above-styled and numbered cause, and files its Special Appearance under Texas Rule of Civil Procedure 120a and its Original Answer subject thereto and would show the Court as follows:

### I.      SPECIAL APPEARANCE

1.      This special appearance is made to the entire proceeding and is filed prior to any other plea, motion, or pleading by this Defendant.   All pleas, pleadings, and motions filed hereinafter by this Defendant are made subject to this Special Appearance.

### A.      PARTIES

2.      Plaintiff Aserda Alherbi is alleged to be an individual residing in Texas.

3.      Defendant Hyundai Translead is a corporation and resident of California.

### B.      FACTUAL BACKGROUND

4.      Plaintiff alleges via her First Amended Petition that on September 1, 2020, She was injured in a motor vehicle accident that occurred on East Hwy. 114, Tarrant County, Texas.  It is alleged that Plaintiff's car "contacted with – and went underneath – the side of a 2016 Peterbilt

18-wheel …". Plaintiff further alleges that the trailer should have had "side underride guards" and that these would have prevented the great majority of serious injury sustained in the crash by Plaintiff. *See* Plaintiff's First Amended Petition.

Plaintiff further alleges that the Defendant Hyundai Translead was and is engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling and advertising the trailer at issue.

## C.    ARGUMENT AND AUTHORITIES

5.    Texas courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant purposefully establishes sufficient contacts with Texas. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575–76 (Tex. 2007).

6.    When pleading a case against a nonresident defendant, a plaintiff must allege facts that, if true, would make the nonresident defendant subject to personal jurisdiction in Texas. *See Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 496 (Tex. 1988).

7.    The plaintiff has the initial burden to plead sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010).

8.    The exercise of personal jurisdiction must align with federal due process guarantees. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Moki Mac*, 221 S.W.3d at 574. Texas courts may only exercise jurisdiction over a nonresident defendant who has sufficient purposeful contacts with the forum such that the exercise of personal jurisdiction

comports with traditional notions of fair play and substantial justice. *Rudzewicz*, 471 U.S. at 474–76.

9.    Hyundai Translead is not subject to specific or general jurisdiction in Texas, and the Court should grant his Special Appearance and sign a final judgment dismissing Hyundai Translead from this suit.

**1.    No Specific Jurisdiction**

10.    Jurisdiction over a non-resident defendant is either specific or general. *BMC Software Belgium N.V. v. Marchland*, 83 S.W.3d 789, 795–96 (Tex. 2002). Specific personal jurisdiction is established "if the defendant has purposefully directed activities at the resident forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Rudzewicz*, 471 U.S. at 474–76. It is well-established that "[f]or a nonresident defendant's forum contacts to support an exercise of specific jurisdiction, there must be a *substantial connection between those contacts and the operative facts of the litigation*." *Moki Mac*, 221 S.W.3d at 585 (emphasis added).

11.    The exercise of jurisdiction must be predicated upon an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "When there is no such connection, specific jurisdiction is lacking regardless of the defendant's [unrelated] activities in the State." *Id.* (citing *Goodyear*, 564 U.S. at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.")).

12.     Plaintiffs have not alleged facts under which the Court would have specific personal jurisdiction over Hyundai Translead in this case.  This lawsuit does not arise out of and is not substantially connected with Hyundai Translead's contacts with the State of Texas.  As set forth in the Affidavit of Tae Hyun Jun, attached as Exhibit A and incorporated herein by reference, the trailer involved in the accident at issue was not designed or manufactured by Hyundai Translead in the State of Texas.  (See Exhibit A, ¶ 7)  Rather, Hyundai Translead designed the trailer in California and Mexico and manufactured the trailer in Tijuana, Baja California, Mexico.  (See Exhibit A, ¶ 8)  The core of Plaintiff's allegations is a product defect theory of involving design and/or manufacture, neither of which occurred in Texas  The fact an accident involving a vehicle occurred in Texas is not enough to allow a Texas court to exercise personal jurisdiction over the nonresident designer and/or manufacturer of the vehicle.  The contacts must be with the state itself, not with persons who reside there. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). Therefore, the Court does not have specific personal jurisdiction over Hyundai Translead in this case.

**2.      No General Jurisdiction**

13.     Because specific personal jurisdiction is lacking, Hyundai Translead can only be sued in Texas if it is subject to general or all-purpose jurisdiction here. *See Goodyear*, 131 S. Ct. at 2851 (explaining that when a court lacks specific personal jurisdiction, it is only subject to jurisdiction if general personal jurisdiction is established).  Plaintiffs cannot meet their burden to show that Hyundai Translead is subject to general personal jurisdiction in Texas.

14.     Absent "exceptional" circumstances that do not exist in this case, the U.S. Supreme Court has all but done away with general jurisdiction, other than for the forum in which an entity is organized or has its principal place of business. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 n. 19 (2014) (only in "exceptional" cases will a corporation's "operations in a forum other

than its formal place of incorporation or principal place of business" be "so substantial and of such a nature as to render the corporation at home in that State").

15.     Plaintiffs have not alleged any "exceptional" circumstances to support general personal jurisdiction over Hyundai Translead in Texas.

16.     This Court does not have general jurisdiction over Hyundai Translead. Hyundai Translead does not have such ubiquitous contacts with Texas sufficient so as to allow this Court to exert jurisdiction over Hyundai Translead and its property in a suit that does note relate to or arise from its purposeful contacts with Texas. In 2014, the U.S. Supreme Court narrowed the test for a general jurisdiction inquiry from whether the defendant's contacts with the forum state were continuous and systematic whether a defendant's affiliations were so continuous and systematic as to render it "at home" in the forum state. *Bauman*, 134 S. Ct. at 761–62 & n.20. A corporate defendant is considered "at home" where it is incorporated or where it has its principal place of business. *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

17.     A corporate defendant is subject to general jurisdiction in a forum other than its place of incorporation or its principal place of business only if its contacts with another forum are so substantial as to render it "at home" there. *Id.* Under this test, Hyundai Translead is not "at home" in Texas. The following facts defeat general jurisdiction. Hyundai Translead is incorporated in California and has its principal place of business in San Diego, California; it does not own real property or have corporate offices or officers in Texas; it does not specifically advertise or market to Texas customers; it does not maintain a bank account or any corporate records in Texas. (See Exhibit A, ¶¶ 1–5) Hyundai Translead does not have affiliations or contacts with Texas that are so continuous and systematic as to render it "at home" in Texas; thus, Texas does not have general jurisdiction over Hyundai Translead.

18.     For the reasons set forth above, this Court's assumption of jurisdiction over Hyundai Translead would offend traditional notions of fair play and substantial justice and would be inconsistent with both the U.S. and Texas constitutional requirements of due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1954); *Moki Mac*, 221 S.W.3d at 575–76. This Honorable Court should decline to exercise jurisdiction over Hyundai Translead, because it does not have sufficient contacts within Texas to give rise to general jurisdiction, and Plaintiff's claims do not arise from Hyundai Translead's activities within Texas so as to support specific jurisdiction. Being required to defend against Plaintiffs' claims in this forum would violate Hyundai Translead's due-process rights and would be contrary to longstanding Texas and federal jurisprudence.

19.     Defendant Hyundai Translead requests that this Honorable Court dismiss this case in its entirety against this Defendant for lack of personal jurisdiction pursuant to Texas Rule of Civil Procedure 120a.

## II.     HYUNDAI TRANSLEAD'S ORIGINAL ANSWER (SUBJECT TO ITS SPECIAL APPEARANCE)

Subject to its foregoing Special Appearance, Hyundai Translead, Defendant in the above-entitled and numbered cause, files this its Original Answer to the Plaintiff's pleadings on file herein, and for such Answer would respectfully show unto the Court as follows:

## GENERAL DENIAL (SUBJECT TO ITS SPECIAL APPEARANCE)

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant HYUNDAI TRANSLEAD prays that Plaintiff take nothing by her suit against it, that it go hence and recover costs on its behalf expended, and for such other and further relief, both at law, or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**PLUNKETT, GRIESENBECK & MIMARI, INC.**
1635 N. E. Loop 410, Suite 900
San Antonio, Texas 78209
Telephone: (210) 734-7092
Facsimile: (210) 734-0379
E-mail: CJCilfone@pg-law.com
E-mail: nmimari@pg-law.com
E-mail: rmcdaniel@pg-law.com

**CHARLIE J. CILFONE, P.E.**
State Bar No. 04251200
**NIK A. MIMARI**
State Bar No. 24013169
**RYAN S. MCDANIEL**
State Bar No. 24104879

***Attorneys for Defendant Hyundai Translead***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in accordance with the Texas Rules of Civil Procedure on the __27__ day of August 2021, as follows:

***COUNSEL FOR PLAINTIFF:***
Andrew Dao
Kyle Patrick Malone
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
adao@dalyblack.com
kmalone@dalyblack.com
ecfs@dalyblack.com (service)

Pegah Rahgozar
RAHGOZAR LAW FIRM, PLLC
2825 Wilcrest Dr., Suite 515
Houston, Texas 77042
prahgozar@rahgozarlaw.com

**_COUNSEL FOR DEFENDANT PACCAR FINANCIAL CORP D/B/A PACCAR LEASING COMPANY:_**
David L. Sargent
Brett D. Timmons
SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
David.sargent@sargentlawtx.com
Brett.timmons@sargentlawtx.com

**_COUNSEL FOR DEFENDANT JACKSON TRANSPORTATION SERVICES, INC.:_**
David L. Sargent
SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
David.sargent@sargentlawtx.com

**_COUNSEL FOR DEFENDANT JUAN MERCADO:_**
David L. Sargent
SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
David.sargent@sargentlawtx.com

_____
**CHARLIE J. CILFONE**

# Exhibit "A"

CAUSE NO. 017-323588-21

| | | |
|---|---|---|
| ASERDA ALHERBI | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PACCAR FINANCIAL CORP. d/b/a | § | |
| PACCAR LEASING COMPANY, | § | |
| JACKSON TRANSPORTATION | § | |
| SERVICES, INC., HYUNDAI MOTOR | § | |
| AMERICA, AND JUAN MERCADO | § | 17TH JUDICIAL DISTRICT |

## AFFIDAVIT OF TAE HYUN JUN

BEFORE ME, the undersigned authority, on this day personally appeared Tae Hyun Jun, the undersigned Affiant, who swore on oath that the following facts are true and correct and within her personal knowledge.

"My name is Tae Hyun Jun. I am a Senior Director of Human Resources of Hyundai Translead, located in San Diego, California, and based upon this position I have personal knowledge of the facts stated herein. I am over the age of eighteen (18) years and am fully competent to testify herein.

1. Hyundai Translead is organized under the laws of the State of California, with its principal place of business in San Diego, California.

2. Hyundai Translead does not own real property in the State of Texas, does not have corporate offices in the State of Texas, and does not have any corporate officers in the State of Texas.

3. Hyundai Translead does not specifically advertise or market its products specifically to customers in the State of Texas.

4. Hyundai Translead does not maintain a bank account in the State of Texas.

5. Hyundai Translead does not maintain any corporate records in the State of Texas.

6. The trailer allegedly involved in the accident has been identified as VIN No: 3H3V532C3FT658071.

7. The trailer allegedly involved in the accident was not designed or manufactured within the State of Texas.

8. The trailer allegedly involved in the accident was designed in the State of California and Country of Mexico and manufactured (calendar year 2014) in Tijuana, Baja California, Mexico.

9.  The trailer allegedly involved in the accident was not originally sold to any party to this litigation by Hyundai Translead. The original sale transaction occurred in the State of California.

10. Hyundai Motor America is not involved in the design, manufacture or sale of Hyundai Translead trailers.

11. I have read *Defendant Hyundai Translead's Special Appearance & Original Answer*, and the facts that are within my personal knowledge set forth in the Special Appearance are true and correct.

**Further Affiant sayeth not.**

**Tae Hyun Jun**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this cert6ificdate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF _San Diego_

Subscribed and sworn to (or affirmed) before me on this _26_ day of _July_ , 2021, by _Tae Hyun Jun_ , proved to me on the basis of sat6isfactory evidence to be the person who appeared before me.

Notary Public

(Seal)



PETER GIEBLEWICZ
Commission No. 2291136
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires June 2, 2023

Affidavit of Tae Hyun Jun
5802-347 / #667878

Page 2

**EXHIBIT D-#.34**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Charlie Cilfone
Bar No. 04251200
cjcilfone@pg-law.com
Envelope ID: 56735708
Status as of 8/27/2021 2:34 PM CST

Associated Case Party: ASERDAALHERBI

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard D.Daly | | ecfs@dalyblack.com | 8/27/2021 2:16:21 PM | SENT |
| Andrew Dao | | adao@dalyblack.com | 8/27/2021 2:16:21 PM | SENT |
| Ajay Ketkar | | aketkar@dalyblack.com | 8/27/2021 2:16:21 PM | SENT |
| Pegah Rahgozar | | prahgozar@rahgozarlaw.com | 8/27/2021 2:16:21 PM | SENT |

Associated Case Party: THEPACCAR FINANCIAL CORP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Sargent | | david.sargent@sargentlawtx.com | 8/27/2021 2:16:21 PM | SENT |

Associated Case Party: THEPACCAR LEASING COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Sargent | | david.sargent@sargentlawtx.com | 8/27/2021 2:16:21 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elsa Killebrew | | elsa.killebrew@sargentlawtx.com | 8/27/2021 2:16:21 PM | SENT |
| Brett Timmons | | brett.timmons@sargentlawtx.com | 8/27/2021 2:16:21 PM | SENT |
| Debbie Yeager | | debbie.yeager@sargentlawtx.com | 8/27/2021 2:16:21 PM | SENT |

Associated Case Party: THEJACKSON TRANSPORTATION SERVICES INC

| Name |
|------|

**EXHIBIT D-#.34**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Charlie Cilfone
Bar No. 04251200
cjcilfone@pg-law.com
Envelope ID: 56735708
Status as of 8/27/2021 2:34 PM CST

Associated Case Party: THEJACKSON TRANSPORTATION SERVICES INC

| David Sargent | | david.sargent@sargentlawtx.com | 8/27/2021 2:16:21 PM | SENT |

Associated Case Party: THEHYUNDAI MOTOR AMERICA

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Grace Apolinar | | gapolinar@prichardyoungllp.com | 8/27/2021 2:16:21 PM | SENT |
| Kevin MYoung | | kyoung@prichardyoungllp.com | 8/27/2021 2:16:21 PM | SENT |

Associated Case Party: JUANMERCADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| David Sargent | | david.sargent@sargentlawtx.com | 8/27/2021 2:16:21 PM | SENT |

Associated Case Party: THEHYUNDAI TRANSLEAD

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Charlie J.Cilfone | | CJCilfone@pg-law.com | 8/27/2021 2:16:21 PM | SENT |
| Nik Mimari | | nmimari@pg-law.com | 8/27/2021 2:16:21 PM | SENT |
| Ryan McDaniel | | rmcdaniel@pg-law.com | 8/27/2021 2:16:21 PM | SENT |
| Gregg Punger | | gpunger@pg-law.com | 8/27/2021 2:16:21 PM | SENT |
| Linda Cortez | | lcortez@pg-law.com | 8/27/2021 2:16:21 PM | SENT |

**EXHIBIT D-#.34**